Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for*
*Plaintiff and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RECKSTIN FAMILY TRUST, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> C3.AI, INC., THOMAS M. SIEBEL, DAVID BARTER, PATRICIA A. HOUSE, RICHARD LEVIN, MICHAEL G. MCCAFFERY, NEHAL RAJ, CONDOLEEZZA RICE, S. SHANKAR SASTRY, BRUCE SEWELL, LORENZO SIMONELLI, and STEPHEN M. WARD JR., <br><br> Defendants. | No. 4:22-cv-01413-HSG <br><br> **OPPOSITION OF YINING CAI TO COMPETING LEAD PLAINTIFF MOTIONS** <br><br> <u>CLASS ACTION</u> <br><br> Judge: Haywood S. Gilliam, Jr. <br> Hearing: November 3, 2022 <br> Time: 2:00 p.m. <br> Ctrm: 2 – 4th Floor (Oakland) |

Yining Cai ("Movant" or "Ms. Cai") respectfully submits this memorandum in opposition to the competing lead plaintiff motions.[1]

**I.      INTRODUCTION**

---

[1] On May 10, 2022, movant Sravan Potu filed a notice of non-opposition to competing lead plaintiff motions. (Dkt. No. 45). Also on May 10, 2022, movant Hu Family filed a non-opposition to competing motions for lead plaintiff (Dkt. No. 47). On May 17, 2022, movant Fadi Karnaby filed a non-opposition to competing motions for lead plaintiff. (Dkt. No. 48). Also on May 17, 2022, movants Dennis Martinez and Christie Sweeney filed a non-opposition to competing motions for lead plaintiff. (Dkt. No. 50).

1

OPPOSITION OF YINING CAI TO COMPETING LEAD PLAINTIFF MOTIONS — 4:22-cv-01413-HSG

Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") courts are to appoint as lead plaintiff the person or group of persons with "the greatest financial stake in the outcome of the case, so long as [s]he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); *In re Cendant Corp. Litig.*, 264 F.3d 201, 268-69 (3d Cir. 2001); 15 U.S.C. §78u-4(a)(3)(B).

Movant has triggered the PSLRA's "most adequate plaintiff" presumption. First, Movant has the largest financial interest in this litigation.

| Movant | Losses |
|---|---|
| 1. Yining Cai | 1. $3,233,364.87 |
| 2. Mark Samarghandi | 2. $1,234,611.90 |
| 3. Hossein Y. Afshari | 3. $1,157,577 |
| 4. Leonard Janos | 4. $899,154.47 |

Second, as set forth in Movant's opening papers, Movant has made a *prima facie* showing of adequacy and typicality under Rule 23. *See, also, Cendant,* 264 F.3d at 264 (investors "with large losses will, more often than not, satisfy the typicality and adequacy requirements.").

Finally, the presumption that Movant is the "most adequate plaintiff' — *i.e.* the presumptive lead plaintiff — "may be rebutted only upon proof." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Because competing movants can offer no proof to rebut the presumption in favor of Movant, the Court should grant Movant's motion in its entirety and deny the competing Lead Plaintiff Motions.

## ARGUMENT
## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The Ninth Circuit has explained that the PSLRA provides a "clear path that the district court must follow in selecting the lead plaintiff." *Cavanaugh*, 306 F.3d at 729. After determining that notice of the action is appropriate and timely, the district court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information [s]he has provided in [her] pleadings and declarations, whether [s]he satisfies the

requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.*, at 730 (emphasis in original). Importantly, "a straightforward application of the statutory scheme … provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case." *Id.*, at 732. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [s]he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *Id.*

Utilizing this simple process confirms that Movant is the presumptive lead plaintiff and the Court should grant Movant's motion.

Movant has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Movant has the largest losses of any movants before the Court. Therefore, Movant has the largest financial interest.

Once the Court "determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements." *Cavanaugh*, 306 F.3d at 730, 732 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff."); *Cendant*, 264 F.3d at 263 ("The initial inquiry (i.e., the determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23) should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.").

Like all purported class members, Movant alleges that Defendants violated the Securities Exchange Act of 1934 by publicly disseminating false and misleading statements about C3.ai's business. Movant purchased C3.ai stock at artificially inflated prices and was damaged thereby. These claims are also premised on the same legal and remedial theories and are based on the same types of misstatements and omissions as the class' claims. Thus, Movant satisfies the typicality requirement. *See generally Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999). Movant has demonstrated her adequacy as class representative by submitting a sworn certification affirming to her willingness to serve as, and carry out the responsibilities of, class representative. Movant's background further supports her

3

adequacy. Movant graduated from the University of Nottingham. Movant lives in Shanghai and works at a university. Movant has been investing for 5 years. (Dkt. No. 7, at 7). Based on her financial interest in the litigation and satisfaction of the Rule 23 requirements at this stage, Movant has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Importantly, "once the statutory presumption has attached, it cannot be rebutted through relative comparison." *Ferrari v. Gisch*, 225 F.R.D. 599, 610 (C.D. Cal. 2004); *Cavanaugh*, 306 F.3d at 732 (explaining that courts are not to "engage[] in a freewheeling comparison of the parties competing for lead plaintiff"). Indeed, that "the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient. Rather, the statute provides that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23." *Cavanaugh*, 306 F.3d at 729 n.2 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

## III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of lead plaintiff.").

Here, Movant selected The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel. As demonstrated in its opening papers (Dkt. No. 7, at 7-8), Rosen Law has the resources and expertise to litigate this action efficiently and aggressively. As such, the Court should grant Movant's selection of Rosen Law as Lead Counsel.

## IV.   COMPETING MOTIONS SHOULD BE DENIED

The competing motions should be denied as Movant has the greatest financial interest in the litigation and should therefore be appointed lead plaintiff without further analyses.

In no way is Movant conceding or acknowledging that the competing movants are adequate or that their claims are typical within the meaning of Rule 23. Movant reserves her

4

right to address the competing movants' adequacy or typicality, should the Court reach those motions through the iterative process under *Cavanaugh*.

## V.    CONCLUSION

For the foregoing reasons, Movant respectfully request that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the class; (2) approving Rosen Law as Lead Counsel; and (3) denying the competing Lead Plaintiff Motions.

Dated:   May 17, 2022                 Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

 /s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for*
*Plaintiff and the Class*

5

OPPOSITION OF YINING CAI TO COMPETING LEAD PLAINTIFF MOTIONS — 4:22-cv-01413-HSG

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On May 17, 2022, I electronically filed the following **OPPOSITION OF YINING CAI TO COMPETING LEAD PLAINTIFF MOTIONS** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on May 17, 2022.

/s/ Laurence M. Rosen
Laurence M. Rosen

OPPOSITION OF YINING CAI TO COMPETING LEAD PLAINTIFF MOTIONS — 4:22-cv-01413-HSG