Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
Wesley A. Wong (314652)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
wesleyw@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*Mark Samarghandi*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RECKSTIN FAMILY TRUST, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>C3.AI, INC., THOMAS M. SIEBEL, DAVID BARTER, PATRICIA A. HOUSE, RICHARD LEVIN, MICHAEL G. MCCAFFERY, NEHAL RAJ, CONDOLEEZZA RICE, S. SHANKAR SASTRY, BRUCE SEWELL, LORENZO SIMONELLI, and STEPHEN M. WARD JR.,<br><br>Defendants. | No. 4:22-cv-01413-HSG<br><br>CLASS ACTION<br><br>**MARK SAMARGHANDI'S REPLY IN SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date: Thursday, Aug. 18, 2022<br>Time: 2:00 p.m.<br>Courtroom: 2, 4th Floor<br>Judge:  Haywood S. Gilliam, Jr.<br><br>ORAL ARGUMENT REQUESTED |

011089-11/1895100 V1

Mr. Samarghandi respectfully submits this reply memorandum in further support of his motion for appointment as lead plaintiff and approval of lead counsel, and in reply to the opposition memoranda filed by competing movant Yining Cai ("Ms. Cai"). *See* ECF No. 51.[1]

## I.   INTRODUCTION

Competing movants Sravan Potu (ECF No. 45), David and Li Zhong Hu (ECF No. 47), Fadi Karnaby (ECF No. 48), Hossein Y. Afshari (ECF No. 49), Dennis Martinez and Christie Sweeney (ECF No. 50), and Leonard Janos (ECF No. 53) have each filed notices of non-opposition to the competing motions, acknowledging that they do not have the "largest financial interest" in this litigation.  As such, only the motions of Mr. Samarghandi and Ms. Cai remain in dispute.

Ms. Cai opposes Mr. Samarghandi's motion on the singular ground that, in light of a purported assignment of claims from her father Yingjie Cai, she has larger, gross financial losses in the action than Mr. Samarghandi. ECF No. 51 at 2. But as discussed at length in Mr. Samarghandi's opposition, Cai's argument is directly at odds with the Supreme Court's ruling in *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005), and district courts' subsequent application of *Dura* at the lead plaintiff stage when assessing movants' financial interest. ECF No. 52 at 2-4 (collecting cases). In particular, Ms. Cai's claimed loss of $3,233,364.87 artificially inflates her true financial interest, as this figure includes over $2 million in losses resulting from stock sales that Ms. Cai and assignor Yingjie Cai made in June 2021—well before the sole alleged disclosure of the Defendants' fraud on February 16, 2022. *See* ECF No. 1 at ¶¶ 8, 67; ECF No. 8-3; ECF No. 52-2.

Under *Dura*, losses on such transactions are not recoverable because they were not caused by the Defendants' misrepresentation. When properly excluding these economic losses—an approach consistent with the general practice of this District— Ms. Cai's potentially recoverable LIFO losses total only $1,160,203.50. *See* ECF No. 52-2. By contrast, Mr. Samarghandi incurred 100% of his $1,234,611.90 in claimed losses in connection with long-term investments in C3.ai common stock held

---

[1] The defined terms in Mr. Samarghandi's Opposition brief (ECF No. 52) shall have the same meaning herein.

through the alleged disclosure. As such, 100% of his claimed losses are causally connected to the fraud, ECF No. 30-3, resulting in Mr. Samarghandi having the largest financial interest in this litigation.

Accordingly, Ms. Cai's opposition lacks merit and Mr. Samarghandi's should be granted in its entirety.

## II.   ARGUMENT

### A.   Ms. Cai's financial interest is smaller than Mr. Samarghandi's

In both her initial motion and opposition, Ms. Cai claims to have a total economic loss of $3,233,364.87 ($1,022,117.34 in individual losses plus $2,211,247.53 in losses purportedly assigned from Yining Cai's father, Yingjie Cai). *See* ECF No. 13-5; Cai Opp. at 51 at 2. However, as Mr. Samarghandi points out in his opposition memorandum, this figure artificially inflates Ms. Cai's true financial interest.   ECF No. 52 at 2-6. Specifically, this figure includes $2,073,161.37 in losses resulting from stock sales that both Ms. Cai and Yingjie Cai made in mid- June 2021, well before any disclosure of the Defendants' fraud. *See* ECF No. 8-3; ECF No. 52-2. "Losses" from these transactions are not recoverable, and therefore should be excluded by the Court in its financial interest assessment. *See, e.g., Eichenholtz v. Verifone Holdings, Inc.*, 2008 WL 3925289, at \*4 (N.D. Cal. Aug. 22, 2008) ("[T]he court finds no reason to include losses in its calculations that would later be considered uncompensable" recognizing "it is difficult, if not impossible, to demonstrate loss causation for shares bought and sold before the disclosure of the misstatements or omissions."); *Foster v. Maxwell Techs., Inc.*, 2013 WL 5780424, at \*3 (S.D. Cal. Oct. 24, 2013) ("This Court focuses on the amount of potential recovery in the relief sought by the class.").

As such, even considering the assignment, Ms. Cai's potentially recoverable loss is $1,160,203.50 ($280,602.50 in individual recoverable losses, plus $879,601.00 in recoverable losses assigned by Yingjie Cai). ECF No. 52-2. With Ms. Cai's financial interest corrected, Mr. Samarghandi has the largest financial interest:

REPLY ISO MOT. FOR APPOINTMENT OF LEAD PLAINTIFF AND COUNSEL - 2
Case No.: 4:22-cv-01413-HSG

| Movant | Potential Recoverable Loss |
|---|---|
| **Mr. Samarghandi** | $1,234,611.90* |
| **Ms. Cai** | $1,160,203.50* |
| **\* Adjusted for losses potentially recoverable under *Dura*.** | |

That this action also involves claims under Section 11 of the Securities Act of 1933 is of no moment. The principle of *Dura* applies equally in the Section 11 context since "[t]he affirmative defense of negative causation prevents recovery for losses that the defendant proves are not attributable to the alleged misrepresentation or omission in the registration statement." *Hildes v. Arthur Andersen LLP*, 734 F.3d 854, 860 (9th Cir. 2013) (citing 15 U.S.C. § 77k(e) (codifying Section 11)); *see also*, *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1262 (N.D. Cal. 2000) ("[T]he Section 11 defendants have an absolute 'negative causation' defense pursuant to Section 11(e) for any [] shareholders who disposed of their shares prior to the corrective disclosure."). Consequently, in determining competing applicants' respective financial interests at the lead plaintiff stage in cases involving both Section 10b and Section 11 claims, district courts apply *Dura* to both sets of losses. *See Hoang v. ContextLogic, Inc.*, 2022 WL 1539533, at *6 (N.D. Cal. May 16, 2022); *Evellard v. LendingClub Corp.*, 2016 WL 9108914, at *3 (N.D. Cal. Aug. 15, 2016) (recognizing in a case with Section 10b and Section 11 claims that "the proper test for losses for purposes of identifying the plaintiff with the largest financial interest is a test based on the *Dura* decision"); *Steppacher v. Alfi, Inc.*, 2022 WL 1115049, at *2, *4-6 (S.D. Fla. Apr. 13, 2022) (same).

Finally, any attempt by Ms. Cai on reply to manufacture a new corrective disclosure event or offer an alternative loss causation theory not alleged in the operative complaint would fail. Ms. Cai's opening brief adopts the Complaint's allegations, including that there was only one alleged corrective disclosure event occurring on February 16, 2022, when Spruce Point Capital Management issued a report and strong sell research opinion regarding C3.ai. *See* ECF No. 7 at 3. In her opposition, Ms. Cai reiterates that her claims "are also premised on the same legal and remedial theories and are based on the same types of misstatements and omissions as the class's claims." ECF No. 51 at 3.

REPLY ISO MOT. FOR APPOINTMENT OF LEAD PLAINTIFF AND COUNSEL - 3
Case No.: 4:22-cv-01413-HSG

Accordingly, Ms. Cai is bound by this position. *See, e.g., City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.,* 2021 WL 396343, at *5 (S.D.N.Y. Feb. 4, 2021) ("Alleging an additional partial disclosure in subsequent briefings in order to increase the amount of recoverable losses for the purposes of the lead plaintiff analysis is the kind of gamesmanship that is inconsistent with the purposes of PSLRA."); *Africa v. Jianpu Tech. Inc.*, 2021 WL 1999467, at *2 (S.D.N.Y. May 19, 2021) (rejecting late allegations of a partial corrective disclosure).

**B.    The presumption that Mr. Samarghandi is the most adequate plaintiff has not been rebutted**

Since Mr. Samarghandi also filed a timely motion and made a preliminary showing of his typicality and adequacy under Rule 23 of the Federal Rules of Civil Procedure, Mr. Samarghandi is the presumptively most adequate plaintiff.

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). No proof, let alone facts, has been presented that suggests Mr. Samarghandi would be inadequate or subject to unique defenses. *See Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status.").

To the contrary, Mr. Samarghandi has proffered evidence demonstrating that he is more than capable of "fairly and adequately protect[ing] the interests of the class." Fed. R. Civ. P. 23(a)(4). Mr. Samarghandi, the Chief Financial Officer of a Houston-based used car dealership (ECF No. 30-6), has a substantial financial stake in the litigation as well as the incentive and ability to vigorously represent the Class's claims. Further, Mr. Samarghandi's interests are perfectly aligned with those of other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Mr. Samarghandi and the Class. Accordingly, Mr. Samarghandi should be appointed lead plaintiff.

REPLY ISO MOT. FOR APPOINTMENT OF LEAD PLAINTIFF AND COUNSEL - 4
Case No.: 4:22-cv-01413-HSG

**C.      Mr. Samarghandi's choice of counsel should be approved**

Similarly, no competing movant has challenged Mr. Samarghandi's selection of counsel.  Nor could they.  Mr. Samarghandi has selected Hagens Berman as lead counsel for the class. The firm has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. ECF No. 30-5 at 31-33. Accordingly, the Court should approve Mr. Samarghandi's selection of counsel

### III.      CONCLUSION

For the reasons discussed above, as well as in his opening and opposition briefs, Mr. Samarghandi respectfully requests that this Court: (1) appoint him to serve as lead plaintiff in this action; (2) approve his selection of Hagens Berman as lead counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: May 24, 2022                    HAGENS BERMAN SOBOL SHAPIRO LLP

By:    */s/ Lucas E. Gilmore*
           LUCAS E. GILMORE

Reed R. Gilmore (139304)
Lucas E. Gilmore (250893)
Wesley A. Wong (314652)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
wesleyw@hbsslaw.com

Steve W. Berman (*pro hac vice forthcoming*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff Mark Samarghandi and [Proposed] Lead Counsel*

REPLY ISO MOT. FOR APPOINTMENT OF LEAD PLAINTIFF AND COUNSEL - 5
Case No.: 4:22-cv-01413-HSG