Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for*
*Plaintiff and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RECKSTIN FAMILY TRUST, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> C3.AI, INC., THOMAS M. SIEBEL, DAVID BARTER, PATRICIA A. HOUSE, RICHARD LEVIN, MICHAEL G. MCCAFFERY, NEHAL RAJ, CONDOLEEZZA RICE, S. SHANKAR SASTRY, BRUCE SEWELL, LORENZO SIMONELLI, and STEPHEN M. WARD JR., <br><br> Defendants. | No. 4:22-cv-01413-HSG <br><br> **REPLY MEMORANDUM OF YINING CAI IN FURTHER SUPPORT OF HER LEAD PLAINTIFF MOTION** <br><br> CLASS ACTION <br><br> Judge: Haywood S. Gilliam, Jr. <br> Hearing: November 3, 2022 <br> Time: 2:00 p.m. <br> Ctrm: 2 – 4th Floor (Oakland) |

Yining Cai ("Movant" or "Ms. Cai") respectfully submits this reply memorandum in further support of her lead plaintiff motion. (Dkt. No. 7).[1]

---

[1] On May 10, 2022, movant Sravan Potu filed a notice of non-opposition to competing lead plaintiff motions. (Dkt. No. 45). Also on May 10, 2022, movant Hu Family filed a non-opposition to competing motions for lead plaintiff (Dkt. No. 47). On May 17, 2022, movant Fadi Karnaby filed a non-opposition to competing motions for lead plaintiff. (Dkt. No. 48). Movant Hossein Y. Afshari filed a non-opposition on May 17, 2022 as well. (Dkt. No. 49). Also on May 17, 2022, movants Dennis Martinez and Christie Sweeney filed a non-opposition to competing motions for lead plaintiff. (Dkt. No. 50).

1

REPLY MEMORANDUM OF YINING CAI IN FURTHER SUPPORT OF HER LEAD PLAINTIFF MOTION — 4:22-cv-01413-HSG

## I.    PRELIMINARY STATEMENT

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff" is the movant with the "largest financial interest" in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). While the PSLRA does not define "financial interest," the majority of courts in this Judicial District, the Ninth Circuit, and nationwide have equated financial interest with monetary loss incurred as a result of the alleged fraud.  See, e.g., *Doherty v. Pivotal Software, Inc.*, 2019 WL 5864581, at \*5 (N.D. Cal. Nov. 8, 2019); *Kinney v. Capstone Turbine Corp.*, 2016 WL 5341948, at \*2-3 (C.D. Cal. Feb. 29, 2016) (Gee, J.) (considering losses of movants in determining largest financial interest); *Ferreira v. Funko, Inc.*, 2020 WL 3246328, at \*5 (C.D. Cal. June 11, 2020); *Brown v. China Integrated Energy, Inc.*, 2:11-cv-02559 MMM (PLAx), Dkt. No. 43, at \*12-14 (C.D. Cal. Aug. 29, 2011); *In re Bally Total Fitness Sec. Litig.*, Nos. 04 C 3530 et al., 2005 WL 627960, at \*4-5 (N.D. Ill. Mar. 15, 2005).

In calculating loss, courts in this Judicial District and the Ninth Circuit tend to favor the last-in, first-out approach ("LIFO") over the first-in, first-out approach ("FIFO"). *Bodri v. Gopro, Inc.*, 2016 WL 1718217, at \*3 (N.D. Cal. 2016) ("While the Ninth Circuit has declined to endorse a particular method to determine which party has the greatest financial stake, ***the weight of authority puts the most emphasis on the competing movants' estimated losses, using a 'last in, first out ('LIFO') methodology.'***") (Cleaned up) (Emphasis added); *see also*, *In re Wrap Technologies, Inc. Securities Exchange Act Litigation*, 2021 WL 71433, at \*2 (C.D. Cal. 2021) ("While some courts have weighed all of the Olsten-Lax factors equally, ***courts in the Ninth Circuit*** have tended to give the final factor the most emphasis and ***tend to use a last in, first out ('LIFO') methodology.***") (Cleaned up) (Emphasis added); *In re Lendingclub Securities Litigation.*, 282 F.Supp.3d 1171, 1180-81 (N.D. Cal. 2017) ("In the [] context of calculating estimated losses under the PSLRA, however, ***the majority of courts in our district have preferred the LIFO method.***") (Emphasis added).

Competing movant Mark Samarghandi ("Mr. Samarghandi"), in calculating Ms. Cai's recoverable loss, applies a FIFO methodology. Dkt. No. 52-2. In so doing, he alleges Ms. Cai's

2

recoverable loss is smaller than his own. But when applying the circuit-preferred LIFO methodology, Ms. Cai's recoverable loss of $3,330,186.30 outstrips Mr. Samarghandi's. *See*, Declaration of Laurence M. Rosen ("Rosen Decl."), Ex. 1, attached hereto.

Additionally, three of the four relevant *Lax/Olsten* factors indicate Ms. Cai has the greater financial interest. As such, Ms. Cai has the largest financial interest and should be appointed lead plaintiff.

## ARGUMENT

### II.    COURTS IN THE NINTH CIRCUIT PREFER LIFO METHODOLOGY

#### A.  Mr. Samarghandi Uses LIFO to Calculate His Losses

Courts in the Ninth Circuit prefer to use the LIFO methodology in calculating financial interest at this stage in securities class actions. Mr. Samarghandi, in his opposition, ***concedes*** that his losses are calculated on a LIFO basis. *See*, Dkt. No. 52, at 1 ("Mr. Samarghandi's financial interest, as measured by his potentially recoverable ***last in, first out ("LIFO") loss*** is $1,234,611.90. See ECF No. 30-3."). Courts in the Ninth Circuit have clearly demonstrated a preference for LIFO methodology. *See*, *Bodri*, 2016 WL 1718217, at *3; *In re Wrap Technologies, Inc.*, 2021 WL 71433, at *2; *In re Lendingclub*, 282 F.Supp.3d at 1180-81; *Nicolow v. Hewlett Packard Co*., No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) ("[t]he weight of authority puts the most emphasis on the competing movants' estimated losses, using a [LIFO] methodology"). In applying a LIFO methodology to his loss calculation, Mr. Samarghandi has acknowledged this preference for LIFO.

#### B.  Mr. Samarghandi Actually Uses FIFO to Calculate Ms. Cai's Losses

In the same opposition brief, Mr. Samarghandi calculates Ms. Cai's recoverable *Dura* losses[2] on a FIFO basis. *See*, Dkt. No. 52-2 (matching class-period sales to earliest purchased securities). In so doing, Mr. Samarghandi is asking the court to apply two inconsistent methods of loss calculation, contrary to his own argument. *See*, Dkt. No. 52, at 2 ("The Ninth Circuit

---

[2] Mr. Samarghandi argues, and Ms. Cai agrees, that the Supreme Court's ruling in *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005) limits recovery to exclude losses on sales made prior to any corrective disclosures. Ms. Cai disagrees, however, with Mr. Samarghandi's use of the FIFO methodology while calling it LIFO.

3

has not provided clear guidance on what metric district courts should use in determining which potential plaintiff has the largest financial interest in a case, noting only that '*the court may select accounting methods that are both rational and consistently applied.*'") (Internal quotation marks omitted) (Emphasis added).

Instead, Ms. Cai respectfully requests that the court consistently apply the LIFO methodology to calculate her recoverable *Dura* losses, matching her class period sales to the last-purchased securities instead of the first-purchased securities. Under a LIFO basis, Ms. Cai suffered a recoverable *Dura* loss of $3,330,186.30. *See*, Rosen Decl., Ex. 1.

Even in *Perlmutter v. Intuitive Surgical, Inc.*, 2011 WL 566814 (N.D. Cal. 2011), which Mr. Samarghandi cites in support of his opposition, the court recognized that both FIFO and LIFO were used in the Ninth Circuit, but that LIFO would be given greater deference. *Perlmutter*, 2011 WL 566814 at *10 ("As a result, the Court will consider the movants' losses as calculated by both [LIFO and FIFO] methods. However, *the Court finds the arguments in favor of LIFO more persuasive and will place more weight on the losses calculated using that method.*") (Emphasis added.)

Mr. Samarghandi attempts to obfuscate his use of FIFO methodology by calling it LIFO in his opposition brief. Dkt. No. 52, at 1 ("Yining Cai's potentially recoverable LIFO losses total only $1,160,203.50. See Gilmore Opp. Decl., Ex. A."). Yet, Mr. Samarghandi's methodology of matching class period sales to first-purchased securities is definitionally FIFO. As such, Mr. Samarghandi's calculation of Ms. Cai's losses should be disregarded.

## III.    THE LAX/OLSTEN FACTORS FAVOR APPOINTING MS. CAI

Mr. Samarghandi acknowledged in his opposition brief that, "[i]n their discretion, courts frequently weigh the four factors that were first introduced in *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997) and *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) to determine which movant has the largest financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." Dkt. No. 52, at 2-3. However, he fails to

4

REPLY MEMORANDUM OF YINING CAI IN FURTHER SUPPORT OF HER LEAD PLAINTIFF MOTION — 4:22-cv-01413-HSG

actually compare his and Ms. Cai's *Lax/Olsten* factors. Ms. Cai provides the comparison below:

| Movant | Total Shares Purchased | Net Shares Purchased | Total Net Funds Expended | Approximate Losses Suffered (LIFO) |
|---|---|---|---|---|
| Ms. Cai | **60,420** | 30,420 | **$5,729,115.60** | **$3,330,186.30** |
| Mr. Samarghandi | 35,000 | **35,000** | $1,959,362.84 | $1,234,611.90 |

Courts in the Ninth Circuit tend to give the last factor the most weight and use a LIFO basis in calculating the approximate losses. *In re Wrap Technologies, Inc.*, 2021 WL 71433 at *2 ("In this circuit, no case law requires the Court to give equal weight to the first three Olsten-Lax factors. While some courts have weighed all of the *Olsten-Lax* factors equally, "***[c]ourts in the Ninth Circuit have tended to give the final factor the most emphasis and tend to use a last in, first out ('LIFO') methodology.***") (Emphasis added).

Three of the four *Lax/Olsten* factors, including the most heavily weighted fourth factor, cut in favor of appointing Ms. Cai as lead plaintiff. She purchased more shares, expended greater net funds, and suffered greater approximate losses on a LIFO basis. Therefore, Ms. Cai has the greatest financial interest in this litigation.

## IV.   MS. CAI HAS THE LARGEST FINANCIAL INTEREST AND SHOULD BE APPOINTED LEAD PLAINTIFF

Under a LIFO basis, Ms. Cai's recoverable *Dura* loss of $3,330,186.30 far outstrips Mr. Samarghandi's reported loss of $1,234,611.90. Three of the four *Lax/Olsten* factors indicate Ms. Cai has the largest financial interest. Mr. Samarghandi's loss is greater than Ms. Cai's only under a FIFO basis, and only barely at that. Mr. Samarghandi's reported loss is only marginally greater than Ms. Cai's FIFO loss of $1,160,203.50. By almost every other relevant metric, Ms. Cai has the greater financial interest.

Ms. Cai has the largest financial interest in this case. She has *prima facie* fulfilled the requirements of Rule 23. Ms. Cai has a degree from the University of Nottingham. Ms. Cai lives in Shanghai and works at a university. Ms. Cai has been investing for 5 years. Ms. Cai's claims are typical of the members of the Class. No competing movant has rebutted this

REPLY MEMORANDUM OF YINING CAI IN FURTHER SUPPORT OF HER LEAD PLAINTIFF MOTION — 4:22-cv-01413-HSG

presumption with the requisite *proof*. Ms. Cai has, therefore, is adequate and typical and should be appointed lead plaintiff.

## V.     CONCLUSION

For the foregoing reasons, Movant respectfully request that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the class; (2) approving Rosen Law as Lead Counsel; and (3) denying the competing Lead Plaintiff Motions.

Dated:   May 24, 2022                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

 /s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for*
*Plaintiff and the Class*

REPLY MEMORANDUM OF YINING CAI IN FURTHER SUPPORT OF HER LEAD PLAINTIFF MOTION — 4:22-cv-01413-HSG

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On May 24, 2022, I electronically filed the following **REPLY MEMORANDUM OF YINING CAI IN FURTHER SUPPORT OF HER LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on May 24, 2022.

/s/ Laurence M. Rosen
Laurence M. Rosen

7

REPLY MEMORANDUM OF YINING CAI IN FURTHER SUPPORT OF HER LEAD PLAINTIFF MOTION — 4:22-cv-01413-HSG