UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RECKSTIN FAMILY TRUST, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>C3.AI, INC., et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-01413-HSG<br><br>**ORDER GRANTING SAMARGHANDI'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND LEAD COUNSEL, DENYING THE REMAINING MOTIONS FOR LEAD PLAINTIFF**<br><br>Re: Dkt. Nos. 30, 11, 18, 25, 26, 35, 39 |

Plaintiffs Mark Samarghandi (Dkt. No. 30), Yining Cai (Dkt. No. 7), Leonard Janos (Dkt. No. 11), Hossein Afshari (Dkt. No. 18), Fadi Karnaby (Dkt. No. 25), Dennis Martinez and Christie Sweeney (Dkt. No. 26), David Hu and Li Zhong Hu (Dkt. No. 35), and Sravan Potu (Dkt. No. 39) each filed competing motions for appointment of lead plaintiff and lead counsel. Cai has since withdrawn her motion (Dkt. No. 56), and non-opposition notices have been filed by the following parties, leaving Samarghandi as the sole movant: Potu (Dkt. No. 45), Hu and Zhong Hu (Dkt. No. 47), Karnaby (Dkt. No. 48), Afshari (Dkt. No. 49), Martinez and Sweeney (Dkt. No. 50), and Janos (Dkt. No. 53). *See also* Dkt. No. 57. Samarghandi requests that the Court appoint him as Lead Plaintiff and approve his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel. Dkt No. 30.

Having carefully considered the relevant filings and authorities, the Court **GRANTS** Samarghandi's Motion to Appoint Mark Samarghandi as Lead Plaintiff and Approve His Selection of Lead Counsel (Dkt. No. 30) and **DENIES** the remaining unwithdrawn motions (Dkt. Nos. 11, 18, 25, 26, 35, 39).[1]

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

## I. APPOINTMENT OF LEAD PLAINTIFF

The Private Securities Litigation Reform Act ("PSLRA") "instructs district courts to select as lead plaintiff the one 'most capable of adequately representing the interests of class members.'" *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)). "The 'most capable' plaintiff—and hence the lead plaintiff—is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *Id*. The Ninth Circuit interprets the PSLRA as establishing "a simple three-step process for identifying the lead plaintiff pursuant to these criteria." *Id*. The Court must: (1) determine whether appropriate notice was published; (2) determine which plaintiff has the largest financial stake and whether this plaintiff satisfies the typicality and adequacy requirements; and (3) provide the other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing of typicality and adequacy. *Id.* at 729–32.

### A. Notice Requirement

Step One consists of meeting the PSLRA's notice requirement. *Id*. at 729. "The first plaintiff to file an action covered by the [PSLRA] must post this notice 'in a widely circulated national business-oriented publication or wire service.'" *Id*. (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)). The notice must be published within 20 days of the complaint's filing. 15 U.S.C. § 78u-4(a)(3)(A)(i). The notice must also alert putative class members "(I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *Id*.

Here, notice was published in *Globe Newswire* on March 4, 2022, the same day that the complaint was filed. *See* Dkt. No. 1; Dkt. No. 30-3 ("Gilmore Decl."), Ex. C. This complied with the PSLRA's 20-day filing deadline, and *Globe Newswire* is a "widely circulated [inter]national business-oriented news reporting service," as required. *Cavanaugh*, 306 F.3d at 729 (quotation omitted). The notice specifically announced the filing of the action against Defendant, described the asserted claim under the Securities Act, described the class and advised putative class members that they had sixty days from the date of the notice to file a motion to seek appointment

2

as Lead Plaintiff in the lawsuit. *See* Gilmore Decl., Ex. C. Accordingly, Step One's requirements are met.

### B. Largest Financial Stake in the Litigation

Step Two consists of identifying the presumptive lead plaintiff. *See Cavanaugh*, 306 F.3d at 729–30. There is a rebuttable presumption that the "most adequate plaintiff" is the one who "(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i); (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Thus, once the filing requirement of subsection (a)(3)(B)(iii)(I)(aa) is met, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730. Samarghandi alleges that he suffered losses of $1,234,611.90 based on his purchases of the Company's securities during the Class Period. *See* Dkt. No. 30-3, Gilmore Decl., Ex. B. Eight of the parties that filed motions to appoint a lead plaintiff have since filed statements acknowledging that they do not have the largest financial stake: Potu (Dkt. No. 45 at 1), Hu and Zhong Hu (Dkt. No. 47 at 1), Karnaby (Dkt. No. 48 at 1), Afshari (Dkt. No. 49 at 1), Martinez and Sweeney (Dkt. No. 50 at 1), and Janos (Dkt. No. 53 at 2). Cai has since withdrawn her motion, recognizing that she also does not have the largest stake. Dkt. No. 56 at 1. Movant thus has the largest known financial interest as defined by the PSLRA.

### C. Movant's Typicality and Adequacy

Next, a presumptive lead plaintiff has the burden of setting forth a prima facie case that he can satisfy the class representative requirements of Rule 23(a), typicality and adequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730. Samarghandi represents that he is unaware of any conflicts between his claims and those asserted on behalf of the putative class, or of any unique defenses, that would render him atypical or unable to adequately protect the interest of the class. Dkt. No. 30 at 6. The Court agrees that Samarghandi's claimed injuries, stemming from the purchase of Defendant's securities during the Class Period in reliance upon purported false and misleading statements, are typical of the claims alleged. Further, the Court does not find

3

1  Samarghandi susceptible to any apparent unique defenses that would make him inadequate to
2  represent the class in this action: his interest is clearly aligned with that of the proposed Class
3  because his claim is identical to those of all Class members who purchased the Company's
4  securities.  Moreover, there is no evidence of antagonism between Movant's interest and that of
5  proposed Class members.  Accordingly, the typicality and adequacy requirements are met.

## II. APPOINTMENT OF LEAD COUNSEL

Samarghandi has moved for approval of his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as lead counsel.  Dkt Nos. 30, 57; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").  The Court defers to Samarghandi's choice of lead counsel because his choice is not "so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on [his] willingness or ability to perform the functions of lead plaintiff." *Cavanaugh*, 306 F.3d at 733; *see also id*. at 739 n.11 (noting that "Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class").  Hagens Berman has extensive experience as counsel in securities class actions.  *See* Dkt. No. 30-5, Ex. D (firm resume).  The Court thus approves Samarghandi's selection of counsel.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Samarghandi's motion.  Dkt. No. 30.  All pending unwithdrawn motions are **DENIED**.  *See* Dkt. Nos. 11, 18, 25, 26, 35, 39.  Samarghandi is appointed as Lead Plaintiff for the putative class.  Hagens Berman is further approved as lead counsel for the putative class.

The Court further **SETS** a telephonic case management conference on January 17, 2023, at 2:00 p.m.  All counsel shall use the following dial-in information to access the call:

Dial-In:  888-808-6929;

Passcode:  6064255

//

//

//

For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.  The Court **DIRECTS** the parties to meet and confer and submit a joint case management statement by January 10, 2023.

**IT IS SO ORDERED.**

Dated: 12/12/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge