Harry A. Olivar, Jr. (Cal. Bar No. 143089)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
harryolivar@quinnemanuel.com

Michael B. Carlinsky (admitted *pro hac vice*)
David Myre (Cal. Bar No. 304600)
Jesse Bernstein (admitted *pro hac vice*)
Jacob J. Waldman (admitted *pro hac vice*)
Leigha Empson (admitted *pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
51 Madison Ave., 22nd Floor
New York, NY 10010
(212) 849-7000
michaelcarlinsky@quinnemanuel.com
davidmyre@quinnemanuel.com
jessebernstein@quinnemanuel.com
jacobwaldman@quinnemanuel.com
leighaempson@quinnemanuel.com

*Attorneys for the C3 Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RECKSTIN FAMILY TRUST,<br><br>          Plaintiff,<br><br>      vs.<br><br>C3.AI, INC., et al.,<br><br>          Defendants. | Case No. 4:22-cv-01413-HSG<br><br>**THE C3 DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS**<br><br>Judge:  Hon. Haywood S. Gilliam, Jr.<br>Courtroom:  2, 4th Floor<br>Hearing Date:  August 17, 2023<br>Hearing Time:  2:00 p.m. |

Defendants C3.ai, Inc. ("C3"), Thomas M. Siebel, Edward Y. Abbo, David Barter, and Lorenzo Simonelli (the "Individual Defendants" and together with C3, the "C3 Defendants") respectfully request that the Court take judicial notice of the exhibits identified below in support of the C3 Defendants' concurrently filed Motion to Dismiss and any other motions to dismiss that may be filed by the other Defendants. All exhibits are attached to the Declaration of Harry A. Olivar, Jr. filed concurrently herewith.

The Court should take judicial notice of and consider the contents of Exhibits A through R described below because each may be properly considered by the Court, and each provides the Court with important context to assess whether Plaintiffs have adequately alleged a securities fraud claim. In resolving a Rule 12(b)(6) motion to dismiss in a securities fraud action, "courts must consider the complaint in its entirety," including (1) "documents incorporated into the complaint by reference," and (2) "matters of which a court may take judicial notice." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *see also Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017). As detailed below, these exhibits either have been incorporated by reference into Plaintiffs' Amended Complaint (the "Complaint") or are otherwise proper subjects of judicial notice under Federal Rule of Evidence 201. Consideration of these documents is appropriate on a motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court may "consider certain materials— documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment"); *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1230 (C.D. Cal. 2015) (at motion to dismiss phase, "[t]he court is 'not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint' or proper subjects of judicial notice") (quoting *Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998)). "The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

***Documents Incorporated by Reference:*** The Court may consider the contents of Exhibits B through D, K through M, and P through R because each of these documents is incorporated by

reference in the Complaint. The Court may "consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

The Complaint relies on the contents of these exhibits, and Plaintiffs reference these documents extensively throughout the Complaint. Plaintiffs' Securities Act claims necessarily rest upon the Prospectus and Registration Statement (Exs. B and C) and what Plaintiffs allege are misstatements therein. *E.g.*, Compl. ¶¶ 1, 2, 5, 71, 74-78. Plaintiffs also expressly rely on C3's 2021 Form 10-K (Ex. D), which Plaintiffs allege contains one of the purported misstatements giving rise to their Exchange Act claim and is cited by Plaintiffs in support of their scienter allegations. Compl. ¶¶ 140-41, 204. Plaintiffs also rely heavily on the stock sales of the Individual Defendants to support their Section 20A claim and scienter allegations (*e.g.*, *id.* at ¶¶ 157-69, 185-88, 209-210, 216, 223), which are set forth on publicly available Forms 4 (Exs. K through M) filed with the SEC. *See In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (considering Forms 4 on a motion to dismiss). Finally, Plaintiffs' Complaint cites to certain analyst reports (Exs. P through R) to support their loss causation allegations. Compl. ¶¶ 196-98. The above documents are relied on by Plaintiffs, are central to Plaintiffs' claims, and their authenticity is not in question.

The contents of the above Exhibits, which are incorporated by reference into the Complaint, can properly be considered in resolving Defendants' motions to dismiss. *See, e.g.*, *Ritchie*, 342 F.3d at 908 ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2017 WL 3727318, at *9 (N.D. Cal. Aug. 30, 2017) (press releases and SEC filing referenced in the complaint "are proper subjects of judicial notice"); *Norfolk Cnty. Ret. Sys. v. Solazyme, Inc.*, 2016 WL 7475555, at *1 n.1 (N.D. Cal. Dec. 29, 2016) (considering documents incorporated by reference in complaint); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("[A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned.").

***Documents Filed with the SEC:*** The Court may also take judicial notice of the contents of Exhibits A through O, because, or for the additional reason that, they are documents filed with the SEC. These Exhibits consist of Forms 8-K (Exs. A and F through H), Forms 10-K (Exs. D and E), Forms 4 (Exs. K through M), Forms 144 (Exs. N and O) and C3's Prospectus (Ex. B), Registration Statement (Ex. C) and Proxy Statements (Exs. I and J).

Courts routinely take judicial notice of these types of SEC filings and consider their contents on motions to dismiss. *See, e.g.*, *Norfolk Cnty*, 2016 WL 7475555, at *1 n.1 (taking judicial notice of SEC filings); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicial notice of SEC filings is "proper"); *In re Rackable Sys., Inc. Sec. Litig.*, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010) ("SEC filings may be judicially noticed."); *In re Yahoo!*, 2017 WL 3727318, at *10 ("SEC filings and documents on government websites are proper subjects of judicial notice."); *In re Ditech Commc'ns Corp. Sec. Litig.*, 2006 WL 2319784, at *5 (N.D. Cal. Aug. 10, 2006) (press releases and SEC filings "are the types of documents of which this Court properly may take judicial notice"); *Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at *4 (N.D. Cal. Nov. 16, 2020) (considering Forms 4 for the purpose of evaluating stock sales and scienter allegations even where Forms 4 are not explicitly cited in complaint); *Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1043 (N.D. Cal. 2019) (taking judicial notice of proxy statement); *In re Solarcity Corp.*, 274 F. Supp. 3d at 988 (judicial notice of Form 4 and proxy statements for the purpose of evaluating stock holdings was proper because they "are relevant for the purpose of evaluating scienter"); *Robeco Cap. Growth Funds SICAV - Robeco Glob. Consumer Trends v. Peloton Interactive, Inc.*, 2023 WL 2711342, at *14 (S.D.N.Y. Mar. 30, 2023) (relying on judicially noticed quarterly earnings disclosures to contradict plaintiff's allegations of falsity).

***Analyst Reports:*** In addition to being incorporated by reference as described above, the analyst reports cited in the C3 Defendants' motion to dismiss (Exs. P-R) are proper subjects of judicial notice. Courts routinely take judicial notice of analyst reports to demonstrate the information available to the market. *See In re Rackable Sys.*, 2010 WL 3447857, at *3 (taking judicial notice of analyst reports); *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011) ("courts routinely take judicial notice of analyst reports"); *Yaron v.*

*Intersect ENT, Inc.*, 2020 WL 6750568, at *4 (N.D. Cal. June 19, 2020) (taking judicial notice of analyst reports).

For the foregoing reasons, the C3 Defendants respectfully request that their motion for judicial notice and consideration of Exhibits A through R be granted.

***Exhibits Incorporated by Reference and/or Subject to Judicial Notice*:**

| Ex. | Document | Basis for Consideration |
|---|---|---|
| A | C3 December 1, 2021 Form 8-K | Judicial Notice of SEC Filing |
| B | C3 December 8, 2020 Prospectus | Incorporated by Reference (*e.g.*, Compl. ¶¶ 71, 74-78); and Judicial Notice of SEC Filing |
| C | C3 December 7, 2020 Registration Statement | Incorporated by Reference (*e.g.*, Compl. ¶¶ 1, 2, 74, 75, 77); and Judicial Notice of SEC Filing |
| D | C3 June 25, 2021 Form 10-K | Incorporated by Reference (Compl. ¶¶ 140-41, 204); and Judicial Notice of SEC Filing |
| E | C3 June 22, 2022 Form 10-K | Judicial Notice of SEC Filing |
| F | C3 March 1, 2021 Form 8-K | Judicial Notice of SEC Filing |
| G | C3 June 2, 2021 Form 8-K | Judicial Notice of SEC Filing |
| H | C3 September 1, 2021 Form 8-K | Judicial Notice of SEC Filing |
| I | August 20, 2021 Proxy | Judicial Notice of SEC Filing |
| J | August 24, 2022 Proxy | Judicial Notice of SEC Filing |
| K | Baker Hughes April 8, 2021 Form 4 | Incorporated by Reference (*e.g.*, Compl. ¶ 157); and Judicial Notice of SEC Filing |
| L | Baker Hughes April 9, 2021 Form 4 | Incorporated by Reference (*e.g.*, Compl. ¶ 157); and Judicial Notice of SEC Filing |
| M | Baker Hughes April 23, 2021 Form 4 | Incorporated by Reference (*e.g.*, Compl. ¶ 157); and Judicial Notice of SEC Filing |
| N | Baker Hughes April 8, 2021 Form 144 | Judicial Notice of SEC Filing |
| O | Baker Hughes April 16, 2021 Form 144 | Judicial Notice of SEC Filing |
| P | December 2, 2021 Bank of America Analyst Report | Incorporated by Reference (Compl. ¶ 196); Judicial Notice of Analyst Report |
| Q | December 2, 2021 Deutsche Bank Analyst Report | Incorporated by Reference (Compl. ¶ 197); Judicial Notice of Analyst Report |
| R | December 2, 2021 J.P. Morgan Analyst Report | Incorporated by Reference (Compl. ¶ 198); Judicial Notice of Analyst Report |

DATED:  May 1, 2023

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ Harry A. Olivar, Jr.*
Harry A. Olivar, Jr. (Cal. Bar No. 143089)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
harryolivar@quinnemanuel.com

Michael B. Carlinsky (admitted *pro hac vice*)
David Myre (Cal. Bar No. 304600)
Jesse Bernstein (admitted *pro hac vice*)
Jacob J. Waldman (admitted *pro hac vice*)
Leigha Empson (admitted *pro hac vice*)
51 Madison Ave., 22nd Floor
New York, NY 10010
(212) 849-7000
michaelcarlinsky@quinnemanuel.com
davidmyre@quinnemanuel.com
jessebernstein@quinnemanuel.com
jacobwaldman@quinnemanuel.com
leighaempson@quinnemanuel.com

*Attorneys for the C3 Defendants*