1  SIMONA G. STRAUSS (Bar No. 203062)
   sstrauss@stblaw.com
2  SIMPSON THACHER & BARTLETT LLP
   2475 Hanover Street
3  Palo Alto, California  94304
   Telephone:    (650) 251-5000
4  Facsimile:     (650) 251-5002

5  JONATHAN K. YOUNGWOOD (*pro hac vice* pending)
   jyoungwood@stblaw.com
6  SIMPSON THACHER & BARTLETT LLP
   425 Lexington Avenue
7  New York, New York  10017
   Telephone:    (212) 455-2000
8  Facsimile:     (212) 455-2502

9  *Attorneys for Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, BofA Securities, Inc., Deutsche Bank Securities, Inc., Canaccord Genuity LLC, JMP Securities LLC, KeyBanc Capital Markets Inc., Needham & Company, LLC, Piper Sandler & Co., and Wedbush Securities Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| THE RECKSTIN FAMILY TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>C3.AI, INC., et al.,<br><br>Defendants. | Case No. 4:22-cv-01413-HSG<br><br>**UNDERWRITER DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); JOINDER TO C3 DEFENDANTS' MOTION TO DISMISS**<br><br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Courtroom: 2, 4th Floor<br>Hearing Date: August 17, 2023<br>Hearing Time: 2:00 pm |

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on August 17, 2023, at 2:00 p.m. before the Honorable Haywood S. Gilliam, Jr. in Courtroom 2, 4th Floor, United States Courthouse, 1301 Clay Street, Oakland, California, Defendants Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, BofA Securities, Inc., Deutsche Bank Securities, Inc., Canaccord Genuity LLC, JMP Securities LLC, KeyBanc Capital Markets Inc., Needham & Company, LLC, Piper Sandler & Co., and Wedbush Securities Inc. (collectively, the "Underwriter Defendants") will move this Court for an order dismissing the claim brought against them in Plaintiffs' Amended Complaint, ECF No. 71 ("Complaint"). This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) and is based upon the following Memorandum and Joinder, the arguments of counsel, and any additional material as may be submitted to the Court before decision.

The sole claim against the Underwriter Defendants should be dismissed with prejudice because it not only fails to state a claim upon which relief can be granted but also is time barred.

# ISSUES TO BE DECIDED

1. Does the Complaint fail to state a claim under Section 11 of the Securities Act of 1933 ("Section 11") because it does not identify any false or misleading statements in the Registration Statement filed in connection with the initial public offering ("IPO") of the securities of C3.ai, Inc. ("C3") (the "Registration Statement")?

2. Is the Section 11 claim against the Underwriter Defendants barred by the applicable one-year statute of limitations because the claim was not filed until more than one year after a reasonably diligent investor should have discovered the allegedly misleading statements in the Registration Statement?

# MEMORANDUM OF POINTS AND AUTHORITIES

The operative complaint in this action is long and somewhat convoluted. Plaintiffs challenge at least 18 statements, only three of which are in the C3 IPO Registration Statement filed on or about December 7, 2020, with the remaining 15 made over the course of the following year. *See* App. A to C3 Defs.' Mot. to Dismiss. Despite the length of the Complaint and its allegations

of fraudulent conduct and undisclosed corporate restructurings, the one claim against the Underwriter Defendants is simple. That claim, for violation of Section 11, should be dismissed for two independent reasons.

First, the Complaint fails to state a Section 11 claim because it does not allege that any statements in the Registration Statement were false or misleading. In short, Plaintiffs allege that C3 misled investors in its description of its strategic partnership with Baker Hughes. Fatal to Plaintiffs' claim is that C3's statements, in addition to being true, were not misleading.

Second, the Section 11 claim is time barred because it was brought more than one year after the disclosure that Plaintiffs contend revealed the misleading nature of the challenged statements.

## RELEVANT FACTUAL BACKGROUND

C3 makes and sells artificial intelligence software to enterprises in various market segments. Compl. ¶ 4. C3 has strategic partnerships with a number of different companies. Among its strategic partners is FIS in the financial services market, Raytheon to serve the U.S. defense and intelligence communities, and Baker Hughes in the oil and gas market. *Id*. ¶ 58.

The Underwriter Defendants underwrote the C3 IPO, which closed on December 9, 2020. Compl. ¶¶ 5, 36. As is typical in public offerings, all nine underwriters were prominently identified in the Registration Statement and the Prospectus. *See, e.g.*, Ex. B to C3 Defs.' RJN (cover of prospectus).

The operative complaint, which Plaintiffs filed on February 15, 2023, was the first time a claim related to the C3 IPO was filed against the Underwriter Defendants.[1] Based on the allegation that "the Registration Statement misrepresented and omitted material facts concerning C3's partnership with Baker Hughes," Compl. ¶ 10, Plaintiffs brought a Section 11 claim against, *inter alia*, the Underwriter Defendants. The Complaint alleges that the truth was revealed on December 1, 2021 when C3's CEO "revealed that C3 did not have access to Baker Hughes' enormous 12,000-person salesforce nor its deep expertise." *Id*. ¶¶ 15, 16.

---

[1] The Underwriter Defendants were served on March 16, 2023, over one month later.

# ARGUMENT

## I. Plaintiffs Fail To State A Section 11 Claim

To state a Section 11 claim, Plaintiffs must allege that the Registration Statement "contained an untrue statement of material fact or omitted to state a material fact . . . necessary to make the statements therein not misleading." 15 U.S.C. § 77k(a). Here, Plaintiffs do not claim that the Registration Statement contained any *false* statements, but rather that it contained "statements that would be misleading to a reasonable investor" by virtue of omissions. Compl. ¶ 73. However, an actionable omission "must affirmatively create an impression of a state of affairs that differs in a material way from the one that actually exists." *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002). As set forth in Sections I.A and I.B of the C3 Defendants' Motion to Dismiss, Plaintiffs' pleading falls far short of that bar.

## II. Plaintiffs' Section 11 Claim Against The Underwriter Defendants Is Time Barred

Section 11 claims must be brought "within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence." 15 U.S.C. § 77m. The Complaint alleges that the truth with respect to C3's strategic partnership with Baker Hughes was "revealed" on December 1, 2021, Compl. ¶¶ 15-16, well over one year before Plaintiffs sued the Underwriter Defendants. Accordingly, the Section 11 claim against the Underwriter Defendants should be dismissed as time barred. *See Welgus v. TriNet Grp., Inc.*, No. 15-CV-03625-BLF, 2017 WL 6466264, at *29-30 (N.D. Cal. Dec. 18, 2017) (dismissing Section 11 claims against underwriter defendants as time barred because "reasonably diligent" investors would have been on notice based on disclosures), *aff'd*, 765 F. App'x 239 (9th Cir. 2019).

## CONCLUSION

For the foregoing reasons, the Section 11 claim against the Underwriter Defendants should be dismissed with prejudice.

# JOINDER

The Underwriter Defendants respectfully join in Sections I.A and I.B of the C3 Defendants' Motion to Dismiss and in the C3 Defendants' Request for Judicial Notice with respect to Exhibit B.

DATED: May 1, 2023

SIMPSON THACHER & BARTLETT LLP

By: */s/ Simona G. Strauss*
SIMONA G. STRAUSS (SBN 203062)

*Attorneys for the Underwriter Defendants*