Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Ave., Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman (pro hac vice)
Catherine Y.N. Gannon (pro hac vice)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
catherineg@hbsslaw.com

*Lead Counsel and Counsel for*
*Lead Plaintiff Mark Samarghandi*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RECKSTIN FAMILY TRUST, et al., individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>       v.<br><br>C3.AI, INC., et al.,<br><br>                              Defendants. | No. 4:22-cv-01413-HSG<br><br>CLASS ACTION<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**<br><br>Judge: Haywood S. Gilliam, Jr.<br>Courtroom: 2, 4th Floor<br>Date: August 17, 2023<br>Time: 2:00 p.m. |

## I.    INTRODUCTION

Plaintiffs respectfully request that the Court take judicial notice of the documents identified below pursuant to Federal Rule of Evidence 201. These documents are submitted in support of Plaintiffs' Omnibus Opposition to Defendants' Motions to Dismiss and are attached to the Declaration of Reed R. Kathrein (filed concurrently with Plaintiffs' opposition).

1.    **Exhibit 1** is a true and correct copy of the Joint Venture Agreement between C3.ai and Baker Hughes, a GE company, LLC, dated June 6, 2019. This agreement was attached as Exhibit 10.10 to C3.ai's Registration Statement filed with the SEC on November 13, 2020. The joint venture agreement is discussed throughout the operative complaint. *See* Compl. (ECF No. 71) ¶¶ 63, 150, 221.

2.    **Exhibit 2** is a true and correct copy of the Third Amendment to [the] Joint Venture Agreement between C3.ai and Baker Hughes, LLC, effective May 1, 2022. This amendment was attached as Exhibit 10.4 to C3.ai's quarterly report filed with the SEC on December 2, 2021. The joint venture agreement is discussed throughout the operative complaint. *See* Compl. ¶¶ 63, 150, 221.

3.    **Exhibit 3** is a true and correct copy of the CNBC article titled "Billionaire Tom Siebel faces tumult at C3.ai as investor lawsuit, short sellers question metrics," dated June 2, 2023, by Yasmin Khorram and Paige Tortorelli. The article is available at https://www.cnbc.com/2023/06/02/billionaire-tom-siebel-faces-controversy-at-ai-software-vendor-c3ai-.html.

4.    **Exhibit 4** is a true and correct copy of a video segment from the CNBC business show, "Last Call," concerning C3.ai. The video is available at https://www.cnbc.com/2023/06/02/billionaire-tom-siebel-faces-controversy-at-ai-software-vendor-c3ai-.html.

5.    **Exhibit 5** is a true and correct excerpt of C3.ai's Quarterly Report for the quarterly period ended October 31, 2021, filed with the SEC on Form 10-Q on December 2, 2021.

6.    Any highlighting applied within Exhibits 1-5 has been added by Plaintiffs for the Court's ease of reference.

## II.    LEGAL STANDARD

Judicial notice is proper where a fact is "not subject to reasonable dispute," i.e., when it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may take judicial notice "at any stage of the proceeding," including a motion to dismiss. Fed. R. Evid. 201(d); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). On a motion to dismiss, a court may also consider documents that are incorporated by reference in the complaint. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). Matters of public record, such as filings made with regulatory entities, fall within these rules. *Metzler Inv. GmbH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2018) (affirming judicial notice of publicly available financial documents and SEC filings); *see also In re Impac Mortg. Holdings, Inc. Sec. Litig.*, 554 F. Supp. 2d 1083, 1088 (C.D. Cal. 2008).

## III.    PLAINTIFFS' EXHIBITS ARE APPROPRIATE FOR JUDICIAL NOTICE

Exhibits 1 and 2 are contracts filed by Defendant C3.ai with the SEC. These are publicly available documents whose contents are not subject to reasonable dispute. *See* Fed. R. Evid. 201(b). Courts routinely take judicial notice of SEC filings. *See, e.g.*, *Metzler*, 540 F.3d at 1064 n.7. Furthermore, these documents are referenced and relied upon in the SAC. *See* Compl. ¶¶ 63, 150, 221. The Court may accordingly consider Exhibits 1 and 2 in ruling on the motion to dismiss.

Exhibits 3 and 4 are media reports concerning C3.ai based on an interview with Defendant Thomas Seibel and accounts from individuals who worked for Defendant Baker Hughes. Therein, Defendants Seibel and C3.ai made public statements reaffirming that their claims regarding the size of Baker Hughes' salesforce were true and accurate representations of fact. Defendants made these statements after they filed the instant motion to dismiss arguing that their salesforce representations were puffery. Plaintiffs cite Exhibits 3 and 4 to draw the Court's attention to Defendants' contradictory

positions. Therefore, Plaintiffs seek notice not for the truth of Defendants' statements, but for the fact they were made and the context they provide. *See United States v. Kiewit Pacific Co.*, 2013 WL 5770514, at *5 (N.D. Cal. Oct. 24, 2013) ("[M]edia reports are judicially noticeable documents provided they are not considered by the Court for the truth of their content, but rather for the fact that the reports were made.")

Exhibit 5 is an excerpt from C3.ai's 3Q21 Quarterly Report on file with the SEC. Therein, C3.ai represented that nearly 30% of its overall revenues during the Class Period came from Baker Hughes. Exhibit 5 is an excerpt from a publicly available document. Neither Plaintiffs nor Defendants reasonably dispute the information about revenues cited therein. And Plaintiffs seek notice of Exhibit 5 to show, among other things, the context behind Defendants' statements regarding Baker Hughes. Exhibit 5 is thus judicially noticeable.

For all of the foregoing reasons, Plaintiffs respectfully request that the Court, in consideration of Plaintiffs' Omnibus Opposition to Defendants' Motions to Dismiss, take judicial notice of Exhibits 1 through 5.

Dated: June 30, 2023                                    Respectfully Submitted,

By: */s/ Reed R. Kathrein*
Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman (pro hac vice)
Catherine Y.N. Gannon (pro hac vice)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
catherineg@hbsslaw.com

*Lead Counsel and Counsel for*
*Lead Plaintiff Mark Samarghandi*

Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
**THE ROSEN LAW FIRM, P.A.**
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
lrosen@rosenlegal.com

Jonathan Stern (pro hac vice application forthcoming)
**THE ROSEN LAW FIRM, P.A.**
275 Madison Ave., 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
jstern@rosenlegal.com

*Counsel for Additional Plaintiffs Sharon L.*
*Zavalanski, David Linder, and Elizabeth Wensel*