Harry A. Olivar, Jr. (Cal. Bar No. 143089)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
harryolivar@quinnemanuel.com

Michael B. Carlinsky (admitted *pro hac vice*)
David Myre (Cal. Bar No. 304600)
Jesse Bernstein (admitted *pro hac vice*)
Jacob J. Waldman (admitted *pro hac vice*)
Leigha Empson (admitted *pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
51 Madison Ave., 22nd Floor
New York, NY 10010
(212) 849-7000
michaelcarlinsky@quinnemanuel.com
davidmyre@quinnemanuel.com
jessebernstein@quinnemanuel.com
jacobwaldman@quinnemanuel.com
leighaempson@quinnemanuel.com

*Attorneys for the C3 Defendants*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| THE RECKSTIN FAMILY TRUST,<br><br>          Plaintiff,<br><br>     vs.<br><br>C3.AI, INC., et al.,<br><br>          Defendants. | Case No. 4:22-cv-01413-HSG<br><br>**C3 DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTIONS TO DISMISS**<br><br>Judge:  Hon. Haywood S. Gilliam, Jr.<br>Courtroom:  2, 4th Floor<br>Hearing Date:  November 2, 2023<br>Hearing Time:  2:00 p.m. |

Defendants C3.ai, Inc. ("C3"), Thomas M. Siebel, Edward Y. Abbo, David Barter, and Lorenzo Simonelli (together, the "C3 Defendants") respectfully submit this Opposition to Plaintiffs' Request for Judicial Notice (ECF No. 119-7, "Plaintiffs' RJN") filed with Plaintiffs' Opposition to Defendants' Motions to Dismiss (ECF No. 119, "Opp.").

Plaintiffs ask the Court to consider a contract that is not incorporated by reference anywhere in the Complaint (Ex. 1) and two news articles released not just after the events in question, but after Defendants filed their Motions to Dismiss (Exs. 3, 4).[1]  The Court should not accept Plaintiffs' attempts to improve on their Complaint by augmenting their allegations with outside material.

At the motion to dismiss stage, a court may consider material outside the complaint only if the documents are attached to the complaint, incorporated by reference, or subject to judicial notice. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Under the "incorporation by reference" doctrine, a court may consider a document outside the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  *Id.*  "Whether a document is 'central' to a complaint turns on whether the complaint 'necessarily relies' on that document." *Ecological Rights Foundation v. Pacific Gas and Elec. Co.*, 713 F.3d 502, 511 (9th Cir. 2013). Judicial notice may also be proper if, for example, a party seeks "judicial notice of adjudicative facts that are 'not subject to reasonable dispute.'"  *Ritchie*, 342 F.3d at 908-09 (quoting Fed. R. Evid. 201(b)).

Plaintiffs' requests for judicial notice are not proper for the reasons set forth below.

***Original C3-Baker Hughes Joint Venture Agreement (Ex. 1):***  Plaintiffs cite the contents of the Joint Venture Agreement between Baker Hughes and C3 (the "JVA") to support their scienter allegations (Opp. 27).  Plaintiffs argue the Court may consider the contents of the contract because it was purportedly incorporated by reference in the Complaint and because it is subject to judicial notice.  Plaintiffs' RJN at 2.  Both arguments are unpersuasive.

*First*, Plaintiffs misrepresent the Complaint in arguing that the JVA was "referenced and relied upon" in it.  The paragraphs cited by Plaintiffs refer generally to the Baker Hughes partnership

---

[1]  The C3 Defendants do not oppose the Request for judicial notice of Exhibits 2 or 5.

without reference to the Joint Venture Agreement specifically (¶¶ 63, 221),[2] and Plaintiffs never rely on the terms of the original Joint Venture Agreement. Plaintiffs' allegations about the general relationship between Baker Hughes and C3 are not sufficient to incorporate the JVA by reference, particularly when its terms are not essential to Plaintiffs' claims. *See, e.g.*, *Zaragoza v. Apple Inc.*, 2019 WL 1171161, at *10 (N.D. Cal. March 13, 2019) (contract not incorporated by reference when it was not relied on in complaint); *Ritchie*, 342 F.3d at 908 (declining to consider document that was actually mentioned but not referenced extensively or essential to plaintiff's claim).

*Second*, the fact that the JVA was filed with the SEC does not permit Plaintiffs to use its contents to supplement the Complaint's allegations. As explained above, the Complaint does not rely on the terms of the JVA. Plaintiffs' Opposition attempts to use the JVA to support the Complaint's scienter allegations, but absent from the Complaint is any allegation that Siebel signed the JVA or that the JVA's contents support scienter. It is well established that Plaintiffs cannot fall back on a request for judicial notice to supplement the allegations in the Complaint, even if the document invoked by Plaintiffs is a type generally subject to judicial notice. *D and D Greek Restaurant, Inc. v. Great Greek Franchising, LLC*, 2021 WL 4459063, at *3 (C.D. Cal. May 19, 2021) ("A plaintiff cannot utilize judicially noticed documents for the purpose of supplementing the allegations in a complaint.") (collecting cases); *see also Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1350 (C.D. Cal. 2014) (denying plaintiff's request for judicial notice submitted in opposition to a motion to dismiss on the basis that a plaintiff cannot use a request for judicial notice to amend the complaint); *Freeney v. Bank of Am. Corp.*, 2015 WL 4366439, at *17 (C.D. Cal. July 16, 2015) (declining to take judicial notice of documents submitted in support of a theory not pled in the complaint). The Court should decline to consider the contents of the JVA.

**June 2, 2023 News Reporting (Exs. 3-4):** Plaintiffs ask the Court to consider June 2, 2023 news reports—reports about this litigation published *after the Complaint was filed*—in support of their materiality arguments. This is wholly improper, as Plaintiffs cannot judicially notice articles from outside the class period (and about the very litigation they instigated) to bolster their allegations

---

[2] Plaintiffs also cite paragraph 150 of the Complaint, but that paragraph refers to the Third Amended Joint Venture Agreement, not the initial agreement of which Plaintiffs seek judicial notice.

of materiality during the class period. *In re Clearly Canadian Sec. Litig.*, 875 F. Supp. 1410, 1420 (N.D. Cal. 1995) ("[S]tatements made . . . after the purported class period are irrelevant to plaintiffs' fraud claims."). Further, as explained above, Plaintiffs' request for judicial notice should be denied where the doctrine is being invoked to put documents before the Court to bolster insufficient allegations in the Complaint.[3] *See, e.g.*, *Great Greek Franchising, LLC*, 2021 WL 4459063, at *3; *IXIA*, 50 F. Supp. 3d at 1350; *Freeney*, 2015 WL 4366439, at *17.

In any event, as set forth in the C3 Defendants' Reply in Support of their Motion to Dismiss, these statements cannot assist the Court's analysis of whether the purported misstatements made by the C3 Defendants during the class period would have been material to a reasonable investor at the time they were made. *In re Clearly Canadian*, 875 F. Supp. at 1420; *Irving Firemen's Relief & Ret. Fund v. Uber Tech.*, 2018 WL 4181954, at *4 (N.D. Cal. Aug. 31, 2018).

The C3 Defendants respectfully oppose Plaintiffs' request for judicial notice as to Exhibits 1, 3, and 4.

DATED:  August 23, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Harry A. Olivar, Jr.*
Harry A. Olivar, Jr. (Cal. Bar No. 143089)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
harryolivar@quinnemanuel.com

Michael B. Carlinsky (admitted *pro hac vice*)
David Myre (Cal. Bar No. 304600)
Jesse Bernstein (admitted *pro hac vice*)
Jacob J. Waldman (admitted *pro hac vice*)
Leigha Empson (admitted *pro hac vice*)
51 Madison Ave., 22nd Floor
New York, NY 10010
(212) 849-7000
michaelcarlinsky@quinnemanuel.com
davidmyre@quinnemanuel.com

---

[3] This distinguishes the situation at hand from Plaintiffs' authority, in which *defendants* sought judicial notice of certain articles relating to the false claims at issue in the complaint. *See United States v. Kiewit Pacific Co.*, 2013 WL 5770514, at *5 (N.D. Cal. Oct. 24, 2013).

C3 DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

jessebernstein@quinnemanuel.com
jacobwaldman@quinnemanuel.com
leighaempson@quinnemanuel.com

*Attorneys for the C3 Defendants*

C3 DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE