Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman (*pro hac vice*)
Catherine Y.N. Gannon (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
catherineg@hbsslaw.com

*Lead Counsel and Counsel for*
*Lead Plaintiff Mark Samarghandi*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RECKSTIN FAMILY TRUST, *et al.*, individually and on behalf of all others similarly situated,<br><br>                                        Plaintiff,<br><br>        v.<br><br>C3.AI, INC., et al.,<br><br>                                        Defendants. | No. 4:22-cv-01413-HSG<br><br>CLASS ACTION<br><br>**PLAINTIFFS' REPLY TO C3 DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTIONS TO DISMISS**<br><br>Judge: Haywood S. Gilliam, Jr.<br>Courtroom: 2, 4th Floor<br>Date: November 2, 2023<br>Time: 2:00 p.m. |

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO REQUEST
FOR JUDICIAL NOTICE ISO OPPOSITION TO MOTIONS TO DISMISS          NO. 4:22-CV-01413-HSG

## I.      INTRODUCTION

Plaintiffs respectfully submit this Reply to C3 Defendants' Opposition to Plaintiffs' Request for Judicial Notice (ECF No. 140) and, in further support of Plaintiffs' Request for Judicial Notice (ECF No. 119-7), request that the Court take judicial notice of the documents identified below pursuant to Federal Rule of Evidence 201.

**1.      Documents both referenced in the Complaint and in Defendants' own SEC filing are both incorporated by reference and subject to judicial notice.**

Exhibit 1 is the Joint Venture Agreement (JVA) between C3.ai and Baker Hughes referred to in the Complaint, the authenticity of which Defendants do not dispute. This JVA is attached as an exhibit to C3.ai's Registration Statement filed with the SEC on November 13, 2020, which is referenced extensively and is the first false statement in the Class Period. *See, e.g.*, Am. Class Action Compl., ECF No. 71 ("Compl.") ¶¶ 1, 2, 5-8, 10, *etc*. Paragraph 70 of the Complaint references the JVA even more explicitly, stating: "On November 13, 2020, C3 filed the Registration Statement on Form S-1 with the SEC in connection with the IPO, which, after several amendments, was declared effective by the SEC on December 8, 2020."

Defendants, however, argue that because Exhibit 1 is not separately and explicitly referred to in the Complaint by name, it cannot be considered incorporated by reference or judicially noticed. Defendants protest that the Complaint references are too general as they are only "about the general relationship" and do not cite a particular document. But Defendants split hairs over these contracts memorializing the JVA. Paragraph 63 of the Complaint refers to the JVA as a "deal" and a revised "agreement" and paragraph 221 refers to the JVA as a "Joint Venture" pursuant to a "joint venture agreement." No more specificity should be needed.

Defendants' position is too narrow of a reading of judicial notice and the doctrine of incorporation by reference. These are publicly available documents whose contents are not subject to reasonable dispute. *See* Fed. R. Evid. 201(b). And courts routinely take judicial notice of SEC filings. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008).

Tellingly, Defendants concede that Exhibit 2—the amendment to the JVA that eliminated all of Baker Hughes' full-time personnel requirements for selling C3 products and only required C3 to provide trainer services *for up to 60 Baker Hughes sales people* a year (well below 12,000)— is also referenced in the Complaint. *See* C3 Defs.' Opp'n at 2 n.2; Compl. ¶ 150 ("On October 31, 2021, Baker Hughes and C3 restructured (but did not disclose) their joint venture agreement to remedy the deficiencies with Baker Hughes .… C3 did not disclose publicly the restructuring of the joint venture agreement at this time."). Further, as an attachment to C3's December 2, 2021 Quarterly Report on Form 10-Q filed with the SEC (also cited in the Complaint at ¶ 193), both incorporation by reference and judicial notice is proper. *Id.*

Finally, Defendants' objection contradicts to their own position. Defendants' own Request for Judicial Notice (ECF No. 105-2) and Reply (ECF No. 138) argue for judicial notice of extensive SEC filings referenced in the Complaint (Exs. B-D, K-M, and P-S), as well as SEC filings not referenced in the Complaint (Exs. A. E-J, and T). *See* ECF No. 138 at 2.

**2.      Post-Class Period statements contradicting Defendant's position taken in their opposition are admissible.**

Exhibits 3 and 4 are post-Class Period statements made by Defendants contradicting their position in their motion to dismiss that their statements about C3 having "12,000 people selling every day" was not an objective number and constitutes mere puffery that no reasonable investor would not believe. Defendants, citing *In re Clearly Canadian Sec. Litig.*, 875 F. Supp. 1410, 1420 (N.D. Cal. 1995), argue that the Court cannot take judicial notice of these statements because they are made outside the class period. However, unlike the statements and insider trading, which the Court in *Clearly Canadian* considered irrelevant to the fraud, here the statements directly contradict Defendants' argument in their motion to dismiss that the "12,000-person sales force" was not, and was not intended by Defendant Siebel to be, an objective number. Rather, the Court was merely trying to trim the complaint it had just upheld. *See In re Merck & Co., Inc. Sec. Litig.*, 432 F.3d 261, 271 (3d Cir. 2005) (distinguishing *Clearly Canadian*).

Finally, Defendants cite cases to argue that a plaintiff cannot use judicially noticed documents for the purpose of supplementing the allegations in a complaint. However, in *D & D*

*Greek Restaurant, Inc. v. Great Greek Franchising, LLC*, 2021 WL 4459063, at *3 (C.D. Cal. May 19, 2021), the Court found "the facts in the RJN do not support Plaintiff's position." Here they do. In *Freeney v. Bank of America Corp.*, 2015 WL 4366439, at *17 (C.D. Cal. July 16, 2015), the Court refused to "take judicial notice of a number of documents in support of a theory of relief not pled in his complaint." Here, the statements directly support the theory pled—the 12,000 was intended to be an objective fact.

In any event, if the Court denies judicial notice and accepts Defendants' position at this stage, then Plaintiffs respectfully request leave to amend the Complaint to add the particulars of Exhibits 1, 3-4.[1]

Dated: August 30, 2023

Respectfully Submitted,

By: */s/ Reed R. Kathrein*
Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman (*pro hac vice*)
Catherine Y.N. Gannon (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
catherineg@hbsslaw.com

*Lead Counsel and Counsel for*
*Lead Plaintiff Mark Samarghandi*

---

[1] In addition to Exhibit 2, noted above, Defendants do not object to noticing Exhibit 5—an excerpt of C3.ai's Quarterly Report for the quarterly period ended October 31, 2021, filed with the SEC on Form 10-Q on December 2, 2021.

Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
THE ROSEN LAW FIRM, P.A.
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
lrosen@rosenlegal.com

Jonathan Stern (*pro hac vice* application forthcoming)
THE ROSEN LAW FIRM, P.A.
275 Madison Ave., 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
jstern@rosenlegal.com

*Counsel for Additional Plaintiffs Sharon L.
Zavalanski, David Linder, and Elizabeth Wensel*