Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman (*pro hac vice*)
Catherine Y.N. Gannon (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
catherineg@hbsslaw.com

*Lead Counsel and Counsel for*
*Lead Plaintiff Mark Samarghandi*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RECKSTIN FAMILY TRUST, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>C3.AI, INC., *et al.*,<br><br>Defendants. | No. 4:22-cv-01413-HSG<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE [PROPOSED] THIRD AMENDED COMPLAINT**<br><br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Courtroom: 2, 4th Floor<br>Hearing Date: December 5, 2024<br>Hearing Time: 2:00 p.m. |

**TABLE OF CONTENTS**

<u>Page</u>

I.    INTRODUCTION ................................................................................................... 2

II.   RELEVANT PROCEDURAL BACKGROUND................................................... 3

   A.   The Order dismissed Plainitffs' Section 10(b) and Rule 10b-5 claims, without prejudice, for failure to plead scienter with the requisite level of particularity. ............................................................................................... 3

   B.   Plaintiffs seek to file the TAC to conform the complaint to the newly uncovered evidence. ................................................................................... 4

      1.   C3's own board documents put Siebel on notice that less than the full 12,000-person Baker Hughes salesforce was selling C3's products. ...................................................................................... 4

      2.   Plaintiffs have uncovered more evidence of Defendants' contemporaneous trading that was previously found to be insufficeint. ...................................................................................... 5

   C.   Plaintiffs acted soon after first learning of the newly public information and its importance to the issues in this litigation. ................ 5

III.  LEGAL STANDARD............................................................................................ 5

IV.   ARGUMENT ....................................................................................................... 6

   A.   The proposed TAC does not prejudice Defendants. ................................. 6

   B.   Plaintiffs are not proposing to file the TAC in bad faith........................... 8

   C.   Plaintiffs' proposed amendment is not futile. .......................................... 8

   D.   The potential TAC is not unduly delayed. .............................................. 10

   E.   There is no repeated failure to cure........................................................ 10

V.    CONCLUSION.................................................................................................. 11

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Allen v. Bayshore Mall*,
2013 WL 6441504 (N.D. Cal. Dec. 9, 2013) ............................................................................ 9

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
465 F.3d 946 (9th Cir. 2006) ................................................................................................... 7

*Bowles v. Reade*,
198 F.3d 752 (9th Cir. 1999) ................................................................................................. 10

*Calderon v. Tulare Reg'l Med. Ctr.*,
2018 WL 4473626 (E.D. Cal. Sept. 17, 2018) ......................................................................... 7

*Carranza v. City of San Pablo*,
2022 WL 110647 (N.D. Cal. Jan. 12, 2022) ......................................................................... 7, 8

*Eminence Cap., LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ............................................................................................ 6, 11

*Howey v. United States*,
481 F.2d 1187 (9th Cir. 1973) ................................................................................................. 6

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992) ................................................................................................... 5

*Knappenberger v. City of Phoenix*,
566 F.3d 936 (9th Cir. 2009) ................................................................................................... 8

*LiveCareer Ltd. v. Su Jia Techs. Ltd.*,
2015 WL 4089800 (N.D. Cal. July 2, 2015) ............................................................................ 8

*McFall v. Stacy & Witbeck, Inc.*,
2016 WL 2851589 (N.D. Cal. May 16, 2016) ...................................................................... 9, 10

*Morongo Band of Mission Indians v. Rose*,
893 F.2d 1074 (9th Cir. 1990) ................................................................................................. 7

*Pankow v. Siebel et al.*,
C.A. No. 2024-0520-NAC (Del. Ch.) ............................................................................... *passim*

*Pizana v. SanMedica Int'l LLC*,
345 F.R.D. 469 (E.D. Cal. 2022) ........................................................................................... 10

*Robertson v. Bruckert*,
568 F. Supp. 3d 1044 (N.D. Cal. 2021) ................................................................................. 6, 8

*San Diego Coastkeeper v. Pick-Your-Part Auto Wrecking*,
2023 WL 2801199 (S.D. Cal. Apr. 5, 2023) ............................................................................. 7

*Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*,
708 F.3d 1109 (9th Cir. 2013)...................................................................................... 6

*Venugopal v. Citibank, NA*,
2013 WL 174483 (N.D. Cal. Jan. 16, 2013) ................................................................ 7

*Wixon v. Wyndham Resort Dev. Corp.*,
2007 WL 3101331 (N.D. Cal. Oct. 22, 2007)............................................................ 7, 8

*Wizards of the Coast LLC v. Cryptozoic Ent. LLC*,
309 F.R.D. 645 (W.D. Wash. 2015) ............................................................................ 8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15(a)(2) ...................................................................................................... 6

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on December 5, 2024, at 2:00 p.m., in the courtroom of the Honorable Haywood S. Gilliam, Jr., at the United States District Court for the Northern District of California, Oakland Division, 1301 Clay Street, Oakland, CA 94612, Plaintiffs, by and through the undersigned counsel, will and hereby do move the Court pursuant to Rule 15 of the Federal Rules of Civil Procedure for leave to file the attached [Proposed] Third Amended Complaint and for such other relief as the Court deems just and proper.

This Motion is based on the September 9, 2024 Stipulation and Order Regarding Plaintiffs' Motion for Leave to Amend, the memorandum of points and authorities attached herein, the declaration of Catherine Y.N. Gannon and exhibits attached thereto, such additional evidence and argument as may be presented in the briefing or at the hearing on this motion, all of the pleadings, files, and records in this proceeding, and such other evidence as may later be submitted.

## ISSUES PRESENTED

1. Whether the Court should grant Plaintiffs leave to file the [Proposed] Third Amended Complaint under Rule 15(a), where there can be no showing of bad faith, undue delay, futility, or undue prejudice to Defendants.

## MEMORANDUM OF POINTS & AUTHORITIES

### I.    INTRODUCTION

Plaintiffs move for leave to file the [Proposed] Third Amended Class Action Complaint ("TAC")[1] to reflect newly uncovered information obtained during the litigation that was not previously available publicly. The changes Plaintiffs seek to make are exceedingly limited in nature and are intended to more fully address the observations made by this Court in its recent Order.[2] More specifically, the TAC would: (1) add factual allegations showing that Defendant Siebel knew that C3 did not have access to Baker Hughes' full 12,000-person salesforce, *see* TAC ¶ 174; (2) provide specific examples of contemporaneous trades by Plaintiffs and Defendants, *see* TAC ¶ 132; and (3) include an updated statement-by-statement chart containing the information required by 15 U.S.C. § 78u-4(b)(1), *see* TAC, Appendix A.

Amendment is proper here. In its previous Order, the Court dismissed, with leave to amend, Plaintiffs' Section 10(b) and Rule 10b-5 claims, as well as Plaintiffs' Sections 20(a) and 20A claims, in part, due to concerns regarding the specificity of Plaintiffs' scienter allegations. *See* Order at 45. Accordingly, Plaintiffs filed a Second Amended Compliant ("SAC"),[3] after which Defendants filed three motions to dismiss Plaintiffs' SAC.[4]

Three days after Plaintiffs timely filed their opposition to Defendants' motions to dismiss,[5] the Delaware Chancery Court unsealed the amended complaint filed in a C3 derivative case, *Pankow v. Siebel et al.*, C.A. No. 2024-0520-NAC (Del. Ch.) ("*Pankow*"). *See* Ex. C. This now publicly accessible complaint reveals that Defendant Siebel was present during at least one C3 Board meeting where the actual size of Baker Hughes' salesforce was discussed, and therefore strongly infers that Siebel knew during the Class Period that less than the full 12,000-person Baker

---

[1]  Plaintiffs attach clean and redlined drafts of their proposed Third Amended Complaint as Exhibit A and Exhibit B, respectively. All exhibits are attached to the Declaration of Catherine Y.N. Gannon filed concurrently herewith.

[2]  "Order" means the February 22, 2024 Order Granting in Part and Denying in Part The C3 Defendants' Motion to Dismiss, ECF No. 154.

[3]  ECF No. 158.

[4]  ECF Nos. 167, 170-171.

[5]  ECF No. 176.

Hughes workforce was selling C3's products. Plaintiffs seek to incorporate this information into the proposed Third Amended Complaint as it directly responds to the Court's observation that Plaintiffs' previous allegations were too generalized to meet the requisite standard for scienter.

Amendment will not prejudice Defendants. Plaintiffs' proposed TAC closely tracks the claims brought in Plaintiffs' previously filed complaints. The TAC has no new causes of action and does not add new defendants; rather, it fills the evidentiary gaps this Court cited in its Order. Moreover, the case is still in an early stage. Neither party has yet served formal discovery. Gannon Decl., ¶ 9. As such, Defendants have enough time to address the proposed amendment, which is very limited in nature.

Plaintiffs' amendment is timely and not made in bad faith. After discovering the newly public material, Plaintiffs promptly informed Defendants of their intention to amend to include certain materials from the *Pankow* complaint. *Id.*, ¶ 6. The Parties also informed the Court of their intentions soon thereafter. *Id.*, ¶ 8.

Finally, amendment would not be futile. With the newly obtained evidence, the TAC remedies the Court's previous issues regarding scienter. The TAC also provides additional evidentiary support for Plaintiffs' unlawful insider trading claims under Section 20A of the Exchange Act. Allowing Plaintiffs' amendment will clarify the issues and help with this Court's decisions on the merits.

As such, the Court should grant leave to file the TAC based on the liberal pleading standards of the Federal Rules of Civil Procedure recognized by the Ninth Circuit.

## II.    RELEVANT PROCEDURAL BACKGROUND

**A.    The Order dismissed Plainitffs' Section 10(b) and Rule 10b-5 claims, without prejudice, for failure to plead scienter with the requisite level of particularity.**

On February 22, 2024, the Court granted, in part, Defendants' motion to dismiss the First Amended Complaint with leave to amend. In so doing, the Court dismissed the First Amended Complaint's ("FAC") allegations under Section 10(b) of the Securities Exchange Act, finding that the allegations did not support a strong inference of scienter as to defendant Siebel. Specifically, the Court noted that "[t]he notion that Siebel had access to information that contradicted the alleged

misstatements by virtue by his 'extensive' but unspecified involvement in the Joint Venture is too general of an allegation 'to plead scienter with the requisite specificity.'" Order at 32. The Court also explained: "[t]hough it would not be unforeseeable for a weekly sales-centric meeting to at some point discuss the staffing and structure of Baker Hughes' C3-focused salesforce, the topics are distinct enough such that assuming discussion of the latter would require the Court to speculate in a manner inconsistent with the PLSRA's heightened pleading standard." *Id.* at 33. The Court also found that the allegations of motive due to insider sales were insufficiently pled. *Id.* at 35-36.

**B.    Plaintiffs seek to file the TAC to conform the complaint to the newly uncovered evidence.**

**1.    C3's own board documents put Siebel on notice that less than the full 12,000-person Baker Hughes salesforce was selling C3's products.**

After the Court's Order, on April 4, 2024, Plaintiffs filed their SAC. ECF No. 158. On May 17, 2024, Defendants filed motions to dismiss the SAC. ECF Nos. 167, 170, 171. Plaintiffs filed their omnibus opposition on July 15, 2024. ECF No. 176.

While awaiting Defendants' replies, on July 18, 2024, Plaintiffs learned that the plaintiffs in *Pankow*, a C3 shareholder derivative case in which the plaintiffs received confidential internal company documents, filed their amended complaint on the public docket. *See* Ex. C. The *Pankow* complaint reveals that the Board of Directors of C3 held a meeting on May 25, 2021, where Defendants Simonelli and Siebel were both present. According to the meeting minutes described in the *Pankow* complaint, a detailed PowerPoint presentation was presented to the C3 Board at this meeting. One of the topics covered in the presentation was "Sale Objectives" for the Oil and Gas division. Under that topic, one of the defined objectives of C3 was "Drive BH [Baker Hughes] to onboard 10 qualified sales executives in direct quota carrying roles by July 31." TAC ¶ 174.

Plaintiffs believe this newly uncovered evidence supports a finding of Siebel's scienter. It reveals that Siebel attended a C3 Board meeting where the actual size of the Baker Hughes' salesforce was discussed. Moreover, common sense indicates that that if C3 already had access to the full 12,000-person Baker Hughes salesforce, then the onboarding of ten sales people would not rise to the level where the C3 Board of Directors needed to be informed. As such, the newly

revealed board materials strongly suggest that Siebel was well aware that C3 did not have the entire salesforce selling C3 products, yet continued to tell investors otherwise throughout the Class Period.

      **2.     Plaintiffs have uncovered more evidence of Defendants' contemporaneous trading that was previously found to be insufficeint.**

The TAC also provides more information showing that the trading activity of Plaintiffs and Defendants occurred contemporaneously. TAC ¶ 132. This evidence further supports Plaintiffs' allegation that the individual Defendants and Baker Hughes engaged in unlawful insider trading in violation of Section 20A of the Exchange Act. !

**C.     Plaintiffs acted soon after first learning of the newly public information and its importance to the issues in this litigation.**

On July 26, 2024, only few days after the *Pankow* complaint was unsealed, Plaintiffs forwarded a copy of the *Pankow* complaint and told Defendants that they intended to move for leave to amend the SAC. Gannon Decl., ¶ 6. To avoid immediate motion practice, Plaintiffs' counsel asked whether Defendants' counsel would consent to Plaintiffs amending the SAC to conform the pleadings to the newly available information. *Id.* On August 16, 2024, the parties informed the Court of the recently amended *Pankow* Complaint and Plaintiffs' intention to seek leave for amend, while also requesting a 30-day extension for Defendants to file their replies to their motions to dismiss. *Id.*, ¶ 7; ECF No. 178. After further meet-and-confer correspondence, Defendants indicated that they would oppose Plaintiffs' motion for leave to amend. Gannon Decl., ¶ 8. The parties then stipulated to stay Defendants' time to file replies supporting their motion to dismiss the SAC (to avoid wasting judicial resources) and agreed on a briefing schedule for Plaintiffs' motion for leave to amend. ECF No. 180.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) allows amending pleadings once as a matter of course and additional times by stipulation of the parties or leave of court.[6] Courts should grant leave to

---

[6] In cases where a party seeks to amend a pleading after the amendment deadline specified in the scheduling order has passed, Rule 16(b) requires the party to show good cause for amending the pleading as a threshold matter before conducting the Rule 15 analysis. *Johnson v. Mammoth*

amend "freely" and "with extreme liberality." Fed. R. Civ. P. 15(a)(2); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (holding that courts' adherence to the liberal principles of Rule 15 are "especially important in the context of the PSLRA").

A district court may decline to grant leave to amend "only if there is strong evidence" of (1) prejudice to the opposing party, (2) bad faith, (3) undue delay, (4) futility of amendment, or (5) repeated failure to cure deficiencies by amendments previously allowed. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap.*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*; *see also Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973) ("Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion."). The party opposing amendment bears the burden of showing why leave to amend should not be granted. *Robertson v. Bruckert*, 568 F. Supp. 3d 1044, 1047 (N.D. Cal. 2021).

## IV.    ARGUMENT

Plaintiffs' proposed amendment will not prejudice Defendants, is not brought in bad faith, is not futile, and has not been unduly delayed. In addition, there has been no repeated failure to cure. Thus, Plaintiffs' motion should be granted.

### A.    The proposed TAC does not prejudice Defendants.

Prejudice is the "touchstone of the inquiry under rule 15(a)." *Eminence Cap.*, 316 F.3d at 1052. "To overcome Rule 15(a)'s liberal policy favoring leave, the prejudice to the opposing party must be 'substantial.'" *Robertson*, 568 F. Supp. 3d at 1047. "Substantial prejudice" exists where the proposed amendment "would have greatly altered the nature of the litigation and would have

*Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Here, the Court has not set a deadline for amending pleadings in this case and therefore, Rule 16 does not apply. That said, Plaintiffs promptly notified Defendants' counsel that they intended to amend the SAC to include certain material from the *Pankow* complaint and forwarded a redlined copy of the proposed TAC. Gannon Decl., ¶ 6. Plaintiffs were also diligent in informing the court of their intent to amend after Defendants expressed their intention to oppose an amendment. ECF Nos. 178, 180.

required defendants to have undertaken, at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). "Prejudice is generally mitigated where the case is still in the discovery stage, no trial date is pending and no pretrial conference has occurred." *Calderon v. Tulare Reg'l Med. Ctr.*, 2018 WL 4473626, at *5 (E.D. Cal. Sept. 17, 2018).

Here, there would be no prejudice to Defendants. The TAC does not alter the nature of the litigation or require Defendants to undertake a new course of defense. Rather, the TAC merely provides additional factual details to bolster the claims preexisting in their complaint by: (i) filling the evidentiary gap that the Court identified in its Order; (ii) identifying specific examples of Defendants stock sales that coincide with Plaintiffs' purchases; and (iii) including an updated statement-by-statement chart containing each statement or action alleged to have been false or misleading as request by the Court. *See Carranza v. City of San Pablo*, 2022 WL 110647, at *6 (N.D. Cal. Jan. 12, 2022) (no substantial prejudice as the proposed SAC is "based largely on the same underlying facts as the prior pleadings"). *Cf. AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (affirming denial of leave to amend where the proposed amendments "drastically changed [plaintiff's] litigation theory"). Courts routinely grant plaintiffs leave to amend their complaint during the pendency of a motion to dismiss. *See, e.g., Venugopal v. Citibank*, *NA*, 2013 WL 174483, at *2 (N.D. Cal. Jan. 16, 2013) (noting that "courts are typically reluctant to deny a plaintiff leave to amend simply because motion to dismiss is pending"); *San Diego Coastkeeper v. Pick-Your-Part Auto Wrecking*, 2023 WL 2801199, at *1 (S.D. Cal. Apr. 5, 2023) (granting plaintiffs' motion for leave to amend and noting that during the pendency of the motion to dismiss, the court's "preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss").

Further, any potential prejudice is mitigated by the fact that the case is still in an early stage. No formal discovery has been taken by either party. Gannon Decl., ¶ 9. *See Wixon v. Wyndham Resort Dev. Corp.*, 2007 WL 3101331, at *2 (N.D. Cal. Oct. 22, 2007) (no prejudice to the defendant as the "[p]laintiffs' motion for leave to amend was filed at a very early stage in the

PLAINTIFFS' MOTION FOR LEAVE TO FILE [PROPOSED]
THIRD AMENDED COMPLAINT – 7                                          Case No. 4:22-cv-01413-HSG

litigation in which little discovery has been taken by both parties"). Thus, allowing Plaintiffs to file the TAC will not result in "substantial prejudice." *Robertson*, 568 F. Supp. 3d at 1047.

**B.      Plaintiffs are not proposing to file the TAC in bad faith.**

"In order for a court to find that a moving party filed for leave to amend in bad faith, the adverse party must offer evidence that shows 'wrongful motive' on the part of the moving party." *Wixon*, 2007 WL 3101331, at *2; *see also Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) ("'[B]ad faith' means more than acting with bad judgment or negligence, but 'rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity[.]'") (quoting *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1185 (9th Cir. 2003)).

Plaintiffs have no "wrongful motive" here. Instead, they seek amendment to fill in evidentiary gaps identified by the Court in the Order and to conform to the newly uncovered evidence from the *Pankow* complaint. Plaintiffs promptly told Defendants about the proposed amendment and provided a redlined copy of the proposed TAC. *See* Gannon Decl., ¶¶ 5-7. Defendants therefore have enough time under the case schedule to address or rebut the additional factual allegations of the proposed TAC.

**C.      Plaintiffs' proposed amendment is not futile.**

An amendment is futile only if the court determines "that the pleading could not possibly be cured by the allegation of other facts." *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (citation omitted). Denial of a motion for leave to amend based on futility "is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Carranza*, 2022 WL 110647, at *4 (citation omitted). This is because "[t]he merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment." *LiveCareer Ltd. v. Su Jia Techs. Ltd.*, 2015 WL 4089800, at *3 (N.D. Cal. July 2, 2015) (citation omitted).

This is the case here. Plaintiffs' proposed amendment remedies the perceived deficiencies the Court identified in granting the partial dismissal of the First Amended Complaint and provides additional fact allegations that help to establish a strong inference of scienter. In partially dismissing the First Amended Complaint, the Court noted that allegations from a former employee of C3 showed that Siebel participated in meetings concerning Baker Hughes "sales pipeline and fiscal year revenue, not its sales capacity." Order at 33. The Court went on to state that "[t]hough it would not be unforeseeable for a weekly sales-centric meeting to at some point discuss the staffing and structure of Baker Hughes' C3-focused salesforce, the topics are distinct enough such that assuming discussion of the latter would require the Court to speculate in a manner inconsistent with the PLSRA's heightened pleading standard." *Id.*

The proposed Third Amended Complaint precisely addresses this issue. The TAC alleges that Siebel attended a May 25, 2021 meeting of the Board of Directors of C3 where the Board discussed their goal of "driv[ing]" Baker Hughes to onboard ten new qualified sales executives. TAC ¶ 174. The TAC therefore shows that Siebel participated in meetings where the staffing levels of the C3–Baker Hughes Joint Venture was discussed. The TAC also provides further supports of Plaintiffs' allegation that the Individual Defendants and Baker Hughes engaged in unlawful insider trading in violation of Section 20A of the Exchange Act. TAC ¶ 132.

As noted by the Order, in granting a partial dismissal of Plaintiffs' First Amended Complaint, the Court "cannot conclude that amendment would be futile[.]" Order at 45. And any argument premised on whether Plaintiff's proposed amendments would not withstand a motion to dismiss is not enough to show futility of amendment but "should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment." *Allen v. Bayshore Mall*, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) (citation omitted). *See also McFall v. Stacy & Witbeck, Inc.*, 2016 WL 2851589, at *3 (N.D. Cal. May 16, 2016) (declining to deny leave to amend on futility grounds where the defendants challenged only that the amendment did not make an adequate evidentiary showing of the proposed claim).

**D.       The potential TAC is not unduly delayed.**

The undue delay inquiry "focuses on whether the plaintiff knew of the facts or legal bases for the amendments at the time the operative pleading was filed and nevertheless failed to act promptly to add them to the pleadings." *McFall*, 2016 WL 2851589, at *3. "In other words, undue delay is 'dilatory motive.'" *Id.* (citation omitted).

Here, Plaintiffs' amendment is not dilatory. On July 15, 2024, Plaintiffs filed an opposition to Defendants' motions to dismiss. ECF No. 176. Three days later, on July 18, 2024, the plaintiffs in the *Pankow* litigation filed an amended version of their complaint on the public docket that includes information Plaintiffs seek to incorporate into its amended complaint. Gannon Decl., ¶ 5. Plaintiffs then promptly sought to meet and confer about the proposed amendment with Defendants and informed the Court of their intention to seek leave to amend the SAC less than a month after the amended *Pankow* complaint was filed. *Id.*, ¶¶ 6-7; ECF No. 178. After Defendants informed Plaintiffs that they intended to oppose a motion for leave to amend, the parties stipulated to a reasonable briefing schedule for the motion. ECF No. 180. Given the foregoing record, there is no undue delay caused by Plaintiffs' proposed amendment. *See McFall*, 2016 WL 2851589, at *3 ("Because Plaintiff moved expeditiously to amend upon receipt of the emails[,] … there was no undue delay."); *Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469, 482 (E.D. Cal. 2022) (no undue delay as plaintiffs sought leave to amend once the factual bases for the proposed amendments were uncovered).

In any event, it is well-settled within the Ninth Circuit that any delay in seeking amendment by itself is not enough to justify denying leave to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Because there is no prejudice, bad faith or futility, a denial of Plaintiffs' motion for leave to amend would not be justified, even if there had been a delay in bringing this motion.

**E.       There is no repeated failure to cure.**

Plaintiffs seek leave to file a third amended complaint. There has been no history of repeated failures to cure pleading deficiencies in this case. Plaintiffs filed their First Amended Complaint as a matter of course and the SAC after the Court partially dismissed Plaintiffs' complaint with leave to amend. ECF Nos. 71, 158.

## V.   CONCLUSION

By adding newly uncovered factual allegations supporting existing claims, Plaintiffs' proposed amendment permits the Court to adjudicate the case more effectively. Because leave to amend should be granted with "extreme liberality," *Eminence Cap.*, 316 F.3d at 1051, and because the proposed amendment does not unduly prejudice Defendants, is not brought in bad faith, is timely, and is not futile, Plaintiffs ask the Court to grant their motion for leave to amend.

DATED: September 27, 2024                    Respectfully Submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

*/s/ Reed R. Kathrein*
Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
reed@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman (*pro hac vice*)
Catherine Y.N. Gannon (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com
catherineg@hbsslaw.com

*Lead Counsel and Counsel for*
*Lead Plaintiff Mark Samarghandi*

Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
**THE ROSEN LAW FIRM, P.A.**
Los Angeles, CA 90071
Telephone: (213) 785-2610
lrosen@rosenlegal.com

Jonathan Stern (*pro hac vice*)
**THE ROSEN LAW FIRM, P.A.**
275 Madison Ave., 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
jstern@rosenlegal.com

*Counsel for Additional Plaintiffs Sharon L.*
*Zavalanski, David Linder, and Elizabeth Wensel*