Harry A. Olivar, Jr. (Cal. Bar No. 143089)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
harryolivar@quinnemanuel.com

Michael B. Carlinsky (admitted *pro hac vice*)
David Myre (Cal. Bar No. 304600)
Jesse Bernstein (admitted *pro hac vice*)
Jacob J. Waldman (admitted *pro hac vice*)
Leigha Empson (admitted *pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
51 Madison Ave., 22nd Floor
New York, NY 10010
(212) 849-7000
michaelcarlinsky@quinnemanuel.com
davidmyre@quinnemanuel.com
jessebernstein@quinnemanuel.com
jacobwaldman@quinnemanuel.com
leighaempson@quinnemanuel.com

*Attorneys for the C3 Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RECKSTIN FAMILY TRUST,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>C3.AI, INC., et al.,<br><br>　　　　Defendants. | Case No. 4:22-cv-01413-HSG<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE [PROPOSED] THIRD AMENDED COMPLAINT**<br><br>Judge:  Hon. Haywood S. Gilliam, Jr.<br>Courtroom:  2, 4th Floor<br>Hearing Date:  January 23, 2025<br>Hearing Time:  2:00 p.m. |

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................................................ 1

BACKGROUND ............................................................................................................................ 2

LEGAL STANDARD .................................................................................................................... 4

ARGUMENT ................................................................................................................................. 5

I.      THE *PANKOW* COMPLAINT ALLEGATIONS ARE FUTILE ....................................... 5

        A.      Plaintiffs' Amendment Is Futile Because It Lacks Necessary Foundation ............... 5

        B.      Amendment Would Further Be Futile Because The New Allegations Are
                Wholly Speculative And Cannot Support A Strong Inference Of Scienter ............. 6

II.     PLAINTIFFS ARE NOT ENTITLED TO AMEND THEIR CONTROL PERSON
        ALLEGATIONS BECAUSE THEIR PROPOSED AMENDMENT IS UNDULY
        DELAYED, PREJUDICIAL, AND FUTILE IN ANY EVENT ........................................ 7

        A.      Because Of Plaintiffs' Undue Delay, Permitting Amendment Would Disrupt
                The Orderly Proceeding Of This Case And Prejudice Defendants .......................... 8

        B.      Amendment Would Be Futile ................................................................................... 9

III.    PLAINTIFFS ARE NOT ENTITLED TO AMEND THEIR STOCK TRADE
        ALLEGATIONS BECAUSE THE PROPOSED AMENDMENT IS UNDULY
        DELAYED, PREJUDICIAL, AND FUTILE IN ANY EVENT ...................................... 11

        A.      Plaintiffs Have Again Inexcusably Delayed Making Their New Allegations ........ 11

        B.      Amendment Would Be Futile ................................................................................. 12

CONCLUSION ............................................................................................................................ 13

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR
LEAVE TO FILE [PROPOSED] THIRD AMENDED COMPLAINT

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Alfasigma USA, Inc. v. First Databank, Inc.*,
2021 WL 4459754 (N.D. Cal. Aug. 11, 2021) ................................................................. 4, 8, 9

*Alsabur v. Autozone, Inc.*,
2014 WL 1340730 (N.D. Cal. Apr. 3, 2014) ............................................................................ 9

*In re Apollo Grp., Inc. Sec. Litig.*,
2011 WL 5101787 (D. Ariz. Oct. 27, 2011) ............................................................................ 6

*Ascon Props., Inc. v. Mobil Oil Co.*,
866 F.2d 1149 (9th Cir. 1989) ................................................................................................. 4

*In re BofI Sec. Litig.*,
2017 WL 2257980 (S.D. Cal. May 23, 2017) ........................................................................ 10

*Brody v. Transitional Hosps. Corp.*,
280 F.3d 997 (9th Cir. 2002) ................................................................................................. 13

*Buban v. O'Brien*,
1994 WL 324093 (N.D. Cal. June 22, 1994) ......................................................................... 13

*Cho v. UCBH Holdings, Inc.*,
890 F. Supp. 2d 1190 (N.D. Cal. Aug. 29, 2012) ................................................................... 6

*City of L.A. v. San Pedro Boat Works*,
635 F.3d 440 (9th Cir. 2011) ................................................................................................... 4

*City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*,
2019 WL 6877195 (N.D. Cal. Dec. 17, 2019) ........................................................................ 7

*In re Connetics Corp. Sec. Litig.*,
542 F. Supp. 2d 996 (N.D. Cal. 2008) .................................................................................... 5

*Contact Lumber Co. v. P.T. Moges Shipping Co.*,
918 F.2d 1446 (9th Cir. 1990) ............................................................................................... 12

*Davis v. Pinterest, Inc.*,
2020 WL 6342936 (N.D. Cal. Oct. 29, 2020) ......................................................................... 9

*Edwards Lifesciences LLC v. Cook Inc.*,
2008 WL 913328 (N.D. Cal. Apr. 2, 2008) ............................................................................ 9

*In re Fastly, Inc. Sec. Litig.*,
2021 WL 5494249 (N.D. Cal. Nov. 23, 2021) ...................................................................... 12

Case No. 4:22-cv-01413-HSG

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR
LEAVE TO FILE [PROPOSED] THIRD AMENDED COMPLAINT

*Foman v. Davis*,
371 U.S. 178 (1962) ............................................................................................................ 4

*In re Gupta Corp. Sec. Litig.*,
900 F. Supp. 1217 (N.D. Cal. 1994) ................................................................................. 11

*Hawthorne v. Yanez*,
2021 WL 5998397 (N.D. Cal. Dec. 20, 2021) ................................................................... 9

*Hefler v. Wells Fargo & Co.*,
2018 WL 1070116 (N.D. Cal. Feb. 27, 2018)............................................................. 12, 13

*Me. State Ret. Sys. v. Countrywide Fin. Corp.*,
2011 WL 4389689 (C.D. Cal. May 5, 2011)....................................................................... 5

*Mullen v. Surtshin*,
590 F. Supp. 2d 1233 (N.D. Cal. 2008) .............................................................................. 9

*Murphy v. Precision Castparts Corp.*,
2020 WL 4040827 (D. Or. July 17, 2020) ........................................................................ 11

*In re Nektar Therapeutics*,
2020 WL 3962004 (N.D. Cal. July 13, 2020).................................................................... 12

*Plumbers & Pipefitters Loc. Union #295 Pension Fund v. CareDx, Inc.*,
2023 WL 4418886 (N.D. Cal. May 24, 2023) ..................................................................... 5

*Prodanova v. H.C. Wainwright & Co., LLC*,
993 F.3d 1097 (9th Cir. 2021)............................................................................................. 5

*SEB Inv. Mgmt. AB v. Align Tech., Inc.*,
485 F. Supp. 3d 1113 (N.D. Cal. 2020) ............................................................................ 12

*Slot Speaker Tech., Inc. v. Apple, Inc.*,
2017 WL 4354999 (N.D. Cal. Sep. 29, 2017)..................................................................... 9

*Texaco Inc. v. Ponsoldt*,
939 F.2d 794 (9th Cir. 1991)....................................................................................... 11, 12

*Townsend v. Univ. of Alaska*,
543 F.3d 478 (9th Cir. 2008)............................................................................................... 4

*In re Twitter, Inc. Sec. Litig.*,
506 F. Supp. 3d 867 (N.D. Cal. 2020) ........................................................................ 12, 13

*Wash. State Republican Party v. Wash. State Grange*,
676 F.3d 784 (9th Cir. 2012)............................................................................................... 4

Case No. 4:22-cv-01413-HSG
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR
LEAVE TO FILE [PROPOSED] THIRD AMENDED COMPLAINT

**Statutes / Rules**

Fed. R. Civ. P. 15(a)(2) ................................................................................................................... 4

15 U.S.C. § 78u-4 (b) ..................................................................................................................... 6

17 CFR § 240.10b5-1 ................................................................................................................... 12

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR
LEAVE TO FILE [PROPOSED] THIRD AMENDED COMPLAINT

## PRELIMINARY STATEMENT

Plaintiffs' proposed Third Amended Complaint ("PTAC") would be the fourth pleading effort in this two-year old action. The Court should deny Plaintiffs leave to file it.

Plaintiffs seek to make amendments in three areas: (1) Thomas Siebel's alleged awareness that challenged statements about Baker Hughes' sales force were purportedly incorrect; (2) Baker Hughes' purported control over Mr. Siebel's statements by means of a provision in its Joint Venture Agreement ("JVA") with C3.ai, Inc. ("C3"); and (3) the timing of Plaintiffs' C3 stock purchases. Plaintiffs' proposed amendments are futile, and the second and third are also improper on grounds of undue delay and prejudice.

***Siebel's scienter.*** Plaintiffs' new scienter allegation is lifted from a complaint filed in an entirely separate action titled *Pankow v. Siebel*, pending in the Delaware Court of Chancery. Copying the *Pankow* allegations, Plaintiffs cite a single sentence fragment from a single slide purportedly prepared for a May 25, 2021 C3 board-of-directors presentation. Plaintiffs do not allege any evidentiary foundation or personal knowledge of the slide, or any other part of the presentation materials, nor do they allege facts supporting that C3's board ever actually viewed or discussed them. Plaintiffs simply speculate about what the fragment might mean—which cannot cure their scienter shortfall. The proposed amendment would be futile on this ground alone.

Regardless, amendment is futile because the content of the copied fragment itself adds nothing to the scienter calculus. The fragment refers to a "goal" of having Baker Hughes "onboard 10 qualified sales executives in direct quota carrying roles by July 31." From this, Plaintiffs infer that Baker Hughes' sales force was *not* available to sell C3's products, and that Mr. Siebel knew it. But the sentence can plainly mean just the opposite: Baker Hughes' sales force *was* available, and the two companies were negotiating details about who would supervise it. Plaintiffs are not entitled to a strong inference of scienter on the basis of an ambiguous fragment in an unseen document.

***Baker Hughes' purported control through the JVA.*** Plaintiffs' proposed amendment about the JVA is untimely. The JVA has been publicly available since before the first complaint in this action was filed. Plaintiffs do not attempt to explain why they are only now seeking to add an allegation about it. Nor do they attempt to justify the significant disruption and loss of efficiency

Case No. 4:22-cv-01413-HSG

their untimely request would cause. In fact, Plaintiffs say nothing about this amendment at all. They do not acknowledge it in their motion to amend, possibly hoping that Defendants and the Court will simply not notice it.

Plaintiffs filed their motion for leave to amend after the previous round of briefing—on Defendants' motions to dismiss the Second Amended Complaint ("SAC")—had been completed save for reply briefs. If the Court allows Plaintiffs to add allegations they should have made years ago, the parties will have to start over with a motion to dismiss the PTAC. That is wasteful and prejudicial to Defendants.

This amendment can also be rejected as futile. Among other things, Plaintiffs identify no facts suggesting that Baker Hughes actually reviewed the challenged statements—made orally by Mr. Siebel—under this provision of the JVA or otherwise. The standard is actual control, and Plaintiffs do not satisfy it.

***Plaintiffs' stock purchases.*** Plaintiffs' stock trading amendments relate to the timing of *their own purchases*. Those facts have obviously been available to Plaintiffs from the beginning, and Plaintiffs provide no excuse for their delay in pleading them. And like the other proposed amendments, this proposed amendment would be futile because it does not cure the SAC's failure to allege the contemporaneous purchases necessary to support a cause of action under Section 20A.

The Court should accordingly deny Plaintiffs' motion and order the parties to resume the suspended briefing on the motions to dismiss the SAC.

## BACKGROUND

Mark Samarghandi sought appointment as lead plaintiff on May 3, 2022. ECF No. 30. On December 12, 2022, this Court appointed Mr. Samarghandi lead plaintiff and his counsel lead counsel. ECF No. 66. Since then, Mr. Samarghandi, along with three additional plaintiffs, has filed or sought to file three complaints.

On February 15, 2023, Plaintiffs filed the Amended Complaint (ECF No. 71, the "FAC"), which all Defendants moved to dismiss on May 1, 2023. On February 22, 2024, the Court granted Defendants' motions in large part. ECF No. 154 (the "Opinion" or "Op."). The Court dismissed Plaintiffs' Section 11 claims as to all but a single statement. It dismissed the Section 10(b) claims

-2-                                                                    Case No. 4:22-cv-01413-HSG

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR
LEAVE TO FILE [PROPOSED] THIRD AMENDED COMPLAINT

in their entirety—on falsity grounds as to some challenged statements and on scienter grounds as to all. The Court also dismissed Plaintiffs' Section 20(a) and 20A claims for lack of a predicate Exchange Act violation. This disposed of all of Plaintiffs' claims against Baker Hughes. Plaintiffs themselves had earlier voluntarily dismissed their claims against C3's IPO underwriters. ECF No. 118. The Court granted Plaintiffs leave to amend.

On April 4, 2024, Plaintiffs filed the SAC. ECF No. 158. The SAC supports its Section 11 claim with only the single statement from the IPO offering materials that the Court has found was adequately alleged to be false. Plaintiffs also pared back their Section 10(b) claim by abandoning their challenge to all written statements apart from the statement above, and otherwise relying on Mr. Siebel's oral statements about Baker Hughes' sales force—for which the Court held Plaintiffs failed to plead scienter. Plaintiffs also sought to revive their Section 20(a) control person claims and Section 20A insider trading claim against Baker Hughes and several C3 officers and directors.

In the SAC, Plaintiffs incorporated information from the publicly-available JVA. *See, e.g.*, SAC ¶ 50 ("The 2019 Joint Venture Agreement mandated that Baker Hughes maintain an undisclosed minimum number of full-time equivalent ('FTE') sales personnel . . . ."). The SAC also, in an attempt to support the Section 20A claim, referred generally to stock sales listed in their clients' PSLRA certifications, but did not allege the dates or details of those sales. SAC ¶ 217.

On May 17, 2024, Defendants moved to dismiss the SAC. ECF Nos. 167, 170, 171. The motions raised numerous issues that Plaintiffs do not attempt to cure in their proposed amendments to the PTAC. For example, C3 argued that Plaintiffs failed to allege loss causation; Baker Hughes argued that Plaintiffs' Section 15 claim is time-barred; and Mr. Simonelli argued that he could not be held liable for Mr. Siebel's oral statements under Section 10(b) because he was not the maker of those statements. On July 15, 2024, Plaintiffs filed an omnibus opposition. ECF No. 176.

On July 18, 2024, the Delaware Court of Chancery unsealed the *Pankow* Complaint, disclosing what Plaintiffs describe as "information Plaintiffs seek to incorporate into the amended complaint." ECF No. 181-1 at ¶ 5. On July 26, 2024, Plaintiffs sought Defendants' consent to file the PTAC—the fourth pleading round—in light of the unsealed *Pankow* Complaint.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR
LEAVE TO FILE [PROPOSED] THIRD AMENDED COMPLAINT

On August 14, 2024, Plaintiffs provided Defendants with a redline of the PTAC against the SAC. The redline (ECF No. 181-3) reflects proposed amendments about the *Pankow* complaint, as well as amendments concerning the JVA and Plaintiffs' purchases of C3 stock. The Pankow allegations are at ¶ 174 of the PTAC; the JVA allegations are at ¶ 34; and Plaintiffs list their C3 stock purchases in a chart at ¶ 132. Defendants declined to consent to the amendment for the reasons set forth in this opposition brief.

In light of Plaintiffs' anticipated motion to amend, the parties stipulated to stay the deadline for Defendants' reply briefs in support of their motions to dismiss the SAC, and the Court entered the stipulation. ECF Nos. 177-78. Pursuant to a further stipulated briefing schedule, Plaintiffs moved for leave to amend on September 29, seeking to file the PTAC. ECF Nos. 179-81. The Court should deny the motion.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "leave to amend shall be freely granted 'when justice so requires.'" *Alfasigma USA, Inc. v. First Databank, Inc.*, 2021 WL 4459754, at *2 (N.D. Cal. Aug. 11, 2021) (Gilliam, J.) (quoting *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008)). Nonetheless, this Court has discretion to deny leave to amend on account of "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments." *Alfasigma*, 2021 WL 4459754, at *2 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Wash. State Republican Party v. Wash. State Grange*, 676 F.3d 784, 797 (9th Cir. 2012) (same). Where, as here, Plaintiffs have "previously amended the complaint," the "district court's discretion to deny leave to amend is particularly broad." *City of L.A. v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

The Court should deny Plaintiffs leave to amend on grounds of futility, undue delay, and prejudice.

**ARGUMENT**

**I.    THE *PANKOW* COMPLAINT ALLEGATIONS ARE FUTILE**

In dismissing the Section 10(b) claims in the FAC, the Court characterized Plaintiffs' scienter allegations as "boilerplate," and identified what was missing: "additional allegations of specific information conveyed to management and related to the fraud." Op. at 32 (quoting *Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1109 (9th Cir. 2021)).

The allegations Plaintiffs lift from the *Pankow* Complaint do not fill the gap. Plaintiffs rely on a single slide from a PowerPoint deck apparently created in connection with C3's May 25, 2021 board meeting. From that slide, Plaintiffs pull a single sentence fragment—a reference to a "goal" to "[d]rive BH to onboard 10 qualified sales executives in direct quota carrying roles by July 31." PTAC ¶ 174. Plaintiffs' allegations are futile on two grounds. First, Plaintiffs fail to provide the foundation required to transplant an allegation from one complaint to another. And second, the reference to the slide does not materially add to the scienter allegations in the SAC, and hence does not cure Plaintiffs' failure to satisfy the heightened scienter pleading standard of the Private Securities Litigation Reform Act.

**A.    Plaintiffs' Amendment Is Futile Because It Lacks Necessary Foundation**

"Attorneys have a non-delegable duty to make a reasonable inquiry into whether the factual contentions made in a complaint have evidentiary support," which "means Plaintiffs cannot rely on allegations from complaints in other cases if the Plaintiffs themselves have not investigated the allegations." *Me. State Ret. Sys. v. Countrywide Fin. Corp.*, 2011 WL 4389689, at *20 (C.D. Cal. May 5, 2011); *see also Plumbers & Pipefitters Loc. Union #295 Pension Fund v. CareDx, Inc.*, 2023 WL 4418886, at *5 (N.D. Cal. May 24, 2023) (striking certain allegations taken from a separate complaint even though counsel had filed as an exhibit an email from the plaintiff who filed the separate complaint and had spoken to that plaintiff's attorney); *In re Connetics Corp. Sec. Litig.*, 542 F. Supp. 2d 996, 1005 (N.D. Cal. 2008) (striking "specific allegations" lifted from an SEC complaint and "pertaining to" two defendants, where plaintiff's counsel did "not contend that they conducted independent investigation into the facts alleged in the SEC complaint or had any additional bases" for those allegations).

Courts have repeatedly applied these rules to scienter allegations. *Cho v. UCBH Holdings, Inc.*, 890 F. Supp. 2d 1190, 1203 (N.D. Cal. Aug. 29, 2012) ("[A]s other courts have found, allegations from other complaints or documents, which are unproved and are contested, may not be used to establish facts to demonstrate scienter."); *In re Apollo Grp., Inc. Sec. Litig.*, 2011 WL 5101787, at *10 n.5 (D. Ariz. Oct. 27, 2011) ("Defendants argue that allegations from other complaints are insufficient to satisfy the pleading requirements. The Court agrees that because allegations from other complaints are unproven and contested, they do not amount to 'facts' sufficient to establish a strong inference of scienter.").

Those rules apply here. Plaintiffs and their counsel do not claim to have conducted a sufficient or independent investigation into the *Pankow* complaint. They claim that they contacted plaintiffs' counsel in *Pankow*, who "stand by" their complaint (PTAC ¶ 174), which confirms only that those attorneys do not concede that they should withdraw their pleading. Plaintiffs here do not claim even to have seen the slide referred to in the *Pankow* complaint, much less evaluated whether the *Pankow* complaint quotes the fragment from the slide in its proper context. They plead no facts about what C3's board discussed on May 25, 2021—much less offer any indication that the board discussed (or even saw) the sentence fragment they cite. Because Plaintiffs' allegations are defective in their own right, they cannot cure the scienter shortfall in the SAC.[1]

**B.    Amendment Would Further Be Futile Because The New Allegations Are Wholly Speculative And Cannot Support A Strong Inference Of Scienter**

Amendment would also be futile because Plaintiffs' allegation about the fragment from the board slide is similar to the scienter allegations the Court has already rejected. It is based on

---

[1] Under the PSLRA's discovery stay, Plaintiffs may not obtain company documents until their complaint has survived a motion to dismiss. 15 U.S.C. § 78u-4 (b)(3)(B). Notwithstanding the stay, Plaintiffs have used the existence of parallel derivative litigation to make allegations about company documents. But as noted, their allegations are limited to speculation about a sentence fragment. To treat those allegations as if Plaintiffs had actually reviewed and assessed company documents would subvert the stay. And allowing federal securities plaintiffs to amend every time a new derivative case is filed or unsealed would deprive proceedings in the federal action of finality. The mischief is apparent in this case. The events at issue occurred in 2020 and 2021, and the original complaint was filed in 2022. Yet Plaintiffs now wish to re-open the pleadings based on allegations made in a derivative litigation in 2024.

speculation and cannot support a strong inference of deliberate fraud.

At the first level, Plaintiffs speculate that the board—and Mr. Siebel in particular—reviewed and focused on that fragment. Specifically, Plaintiffs make the conclusory assertion that the *Pankow* allegations "show[] that Siebel discussed the size of Baker Hughes' sales force at board meetings." PTAC ¶ 174. But they plead no supporting *facts* that the slide, or even the PowerPoint containing it, were actually presented, much less that the board discussed the fragment they highlight. Rather, Plaintiffs just repeat words from a slide they have never seen and draw a conclusion that does not follow from the slide. And courts reject scienter allegations when Section 10(b) plaintiffs cannot show that defendants actually considered a cited document. *See City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*, 2019 WL 6877195, at *19 (N.D. Cal. Dec. 17, 2019).

Plaintiffs ask the Court to further speculate about what the words on the slide show. The fragment they highlight, again, lists a "goal" to "[d]rive BH to onboard 10 qualified sales executives in direct quota carrying roles by July 31." PTAC ¶ 174. Plaintiffs argue that if C3 had access to the full 12,000-person sales force, "onboarding a mere 10 salespeople into the Joint Venture would be far too trivial to discuss at the board level." *Id.* But the sentence Plaintiffs cite refers to "executives," not salespeople. A goal of onboarding ten more qualified executives for the Joint Venture is entirely consistent with the contention that C3 had access to Baker Hughes' 12,000-person sales force. Onboarding executives to direct a sprawling sales force is logical and does not contradict the challenged statements.

The fragment is thus not probative even of falsity. It certainly does not support a strong inference of deliberate deceit on Mr. Siebel's part. The Court held in ruling on Defendants' motions to dismiss the FAC that the most plausible inference arising from the facts alleged was that Mr. Siebel was making incorrect statements, not intentionally deceiving investors. The *Pankow* fragment does not change the compelling nature of that inference.

## II.    PLAINTIFFS ARE NOT ENTITLED TO AMEND THEIR CONTROL PERSON ALLEGATIONS BECAUSE THEIR PROPOSED AMENDMENT IS UNDULY DELAYED, PREJUDICIAL, AND FUTILE IN ANY EVENT

Plaintiffs next seek to augment their control allegations against Baker Hughes by citing a provision of the JVA to which they have never previously referred. Inexplicably, Plaintiffs' Motion

-7-

does not even mention these new allegations, referring only to the allegations from the *Pankow* complaint and the new allegations about Plaintiffs' stock trades. ECF No. 181 at 2. Only by reviewing the 80-page PTAC (or the 80-page redline) can a reader learn that Plaintiffs seek to amend their control allegations. That is not fair to either the parties or the Court.

That aside, this proposed amendment is improper on grounds of delay, prejudice, and futility. Plaintiffs cannot explain why they are only now making allegations about a document, the JVA, that has been in the public domain since 2019. And their control allegations, like their scienter allegations, are entirely speculative.

**A.** **Because Of Plaintiffs' Undue Delay, Permitting Amendment Would Disrupt The Orderly Proceeding Of This Case And Prejudice Defendants**

The provision Plaintiffs cite appears in the C3/Baker Hughes JVA, which C3 attached to an SEC filing in 2019. ECF No. 167-4. Plaintiffs do not explain why they seek to make allegations about it only now.

Courts routinely deny motions to amend when plaintiffs could have made the allegations they seek to add in a prior complaint. In *Alfasigma*, this Court denied leave to amend after "two rounds of motions practice to finalize the pleadings," because "Plaintiff fail[ed] to provide any reasonable justification for not bringing [a trade libel] claim in either its initial complaint or first amended complaint." 2021 WL 4459754 at *2. At the time of the proposed amendment in *Alfasigma*—as in this case—the defendants had already filed "a pending motion to dismiss the second amended complaint." Given that procedural posture, the Court declined to "permit Plaintiff to further delay this action by amending the complaint to add a new cause of action, which would no doubt prompt another motion to dismiss." *Id.*

The same logic applies here. Although Plaintiffs seek to add new allegations in support of an existing claim rather than a new claim, the delay and inefficiency their proposed amendment would cause is the same. Plaintiffs' proposed amendment would require Defendants to start over with new motions to dismiss—based on allegations Plaintiffs could have made at any time over the past several years. That is not justified under *Alfasigma* and other authorities. *Id.*; *Slot Speaker Tech., Inc. v. Apple, Inc.*, 2017 WL 4354999, at *1-2 (N.D. Cal. Sep. 29, 2017) (Gilliam, J.) (denying

leave to amend where plaintiff could have asserted claim it sought to add in previous complaint); *Davis v. Pinterest, Inc.*, 2020 WL 6342936, at *2 (N.D. Cal. Oct. 29, 2020) (Gilliam, J.) (denying leave to amend after "two rounds of motions practice" in case "initially filed almost a year ago" where plaintiff could have made allegations in either of the two previous complaints); *Hawthorne v. Yanez*, 2021 WL 5998397, at *1 (N.D. Cal. Dec. 20, 2021) (Gilliam, J.) ("[A] late amendment to add a new theory, when the facts and the theory have been known to the party since inception of the action, [is] not reviewed favorably.") (quotation omitted).[2]

Plaintiffs could have made their new JVA allegations in any of the previous complaints. Indeed, Plaintiffs *did* include allegations about the JVA in the SAC—just not allegations concerning the provision they now claim is relevant to control. SAC ¶¶ 50, 96-99. Plaintiffs do not explain why the Court should halt the briefing cycle to allow them to add references to a contract provision they appear not to have noticed earlier or strategically omitted from their prior pleadings. This Court recognized the inefficiency and unfairness of proceeding this way in the decisions cited above and denied the plaintiffs there leave to amend. The Court should do the same here.

## B.   Amendment Would Be Futile

Plaintiffs seek to add allegations related to a provision in the JVA that states that neither Baker Hughes nor C3 will "issue any press release or public statements" about the terms of the JVA or "the details of the relationship between the Parties contemplated" by the agreement without "prior written approval of the other Party." PTAC ¶ 34. According to Plaintiffs, this provision "gave BH authority to control the statements of C3 and Siebel" and "demonstrates Baker Hughes' authority over C3." *Id.*

---

[2] Other decisions are similar. *E.g.*, *Alsabur v. Autozone, Inc.*, 2014 WL 1340730, at *4 (N.D. Cal. Apr. 3, 2014) ("[T]he Ninth Circuit has held that late amendments to assert new theories are not viewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the action."); *Edwards Lifesciences LLC v. Cook Inc.*, 2008 WL 913328, at *2 (N.D. Cal. Apr. 2, 2008) ("Courts do not look favorably upon the assertion of new legal theories, when the factual basis of those legal theories was known to the party for a significant amount of time prior to filing a motion for leave to amend."); *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1237 (N.D. Cal. 2008) ("[A] review of plaintiff's motion suggests that the facts he wishes to raise in an amended complaint concerning defendant Kessler have already been raised in his second amended complaint in general, and it is clear that the factual bases of such claims were known to plaintiff for years, as he concedes.").

The Court has not yet had occasion to rule on the adequacy of Plaintiffs' allegation that Baker Hughes is a controlling person under either Section 15 of the Securities Act or Section 20(a) of the Exchange Act. In the briefing on Defendants' motions to dismiss the FAC, Plaintiffs abandoned their Section 15 control person claim against Baker Hughes after Baker Hughes pointed out that it was time-barred. Plaintiffs asserted a Section 20(a) claim against Baker Hughes in the FAC, but the Court did not reach it because it held that Plaintiffs had failed to allege a primary Exchange Act violation. Plaintiffs have unaccountably reasserted their Section 15 claim against Baker Hughes in the SAC. In its interrupted motion to dismiss briefing, Baker Hughes has again pointed out that the Section 15 claim is time-barred, and that Plaintiffs' control person allegations under both Sections 15 and 20(a) are defective. Plaintiffs' proposed amendment is futile because it does not cure either defect.

The JVA governs the Joint Venture, not the internal operations of C3 or Baker Hughes. Siebel is not a party to the JVA. The agreement provides both companies with certain rights related to the operation of the Joint Venture, but it does not give Baker Hughes either the right or the ability to control live statements by C3's officers or employees. The agreement gives the two companies the right to review one another's statements—but only those statements concerning the agreement itself or the relationship it contemplates, and not any statement the companies may make about one another. PTAC ¶ 34.

In the interrupted briefing on Defendants' motions to dismiss the SAC, Plaintiffs themselves cited authorities holding that the test under Section 20(a) is whether the allegedly controlling person "actually" exercised control. ECF No. 176 at 34; *In re BofI Sec. Litig.*, 2017 WL 2257980, at \*23 (S.D. Cal. May 23, 2017) (plaintiffs must "proffer allegations demonstrating that the defendant *exercised actual power or control* over the primary violator such that that defendant, too, can be held accountable for the primary violation") (emphasis added). The question is not whether the allegedly controlling person had a theoretical right to exercise control based on the interpretation of a contract provision.

Common sense supports that result. The newly-cited JVA provision is plainly directed at scripted public releases by either party. It would defy common sense to hold that the provision

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR
LEAVE TO FILE [PROPOSED] THIRD AMENDED COMPLAINT

establishes the parties' control over one another every time an executive or employee from one company utters a word in public about the other party or their work together. And the case law leads to the same place when it comes to oral statements. Courts recognize that one person or entity has no "meaningful control over what words" come "out of [another person's] mouth." *Murphy v. Precision Castparts Corp.*, 2020 WL 4040827, at \*25 (D. Or. July 17, 2020); *see also In re Gupta Corp. Sec. Litig.*, 900 F. Supp. 1217, 1242-43 (N.D. Cal. 1994) (one person or entity does not have the power to control the oral statements of another). Not surprisingly, Plaintiffs have never cited, in their oppositions to the motions to dismiss the FAC and SAC, any decision extending control person liability to oral statements. With or without their new allegations about the JVA provision, Plaintiffs cannot allege Baker Hughes (or its CEO, Mr. Simonelli) controlled Mr. Siebel's oral statements. This amendment would thus be futile.

**III. PLAINTIFFS ARE NOT ENTITLED TO AMEND THEIR STOCK TRADE ALLEGATIONS BECAUSE THE PROPOSED AMENDMENT IS UNDULY DELAYED, PREJUDICIAL, AND FUTILE IN ANY EVENT**

**A. Plaintiffs Have Again Inexcusably Delayed Making Their New Allegations**

Plaintiffs' amended stock purchase allegations are improper on the ground of delay for the same reasons their JVA allegations are improper. Plaintiffs obviously could have alleged facts about *their own purchases* in any previous complaint.

Defendants moved to dismiss the Section 20A claim in the FAC on the ground that Plaintiffs had failed to identify specific trades. Plaintiffs responded by identifying purportedly contemporaneous trades in an appendix to their opposition brief. But when it came to the SAC, Plaintiffs again failed to include the trading data in the body of the complaint or any appendix, instead referring to earlier-filed certifications listing their trades. SAC ¶ 217. The certifications do not purport to show that Plaintiffs purchased stock contemporaneously with sales by any Defendant.

For the first time in the PTAC, Plaintiffs pull the information together and present it in table form. But they could have done so from the beginning. The Court should not permit Plaintiffs to interrupt the briefing cycle because they have now come up with what they believe is a better way of presenting their allegations. *Supra* at 8-9 (citing authorities); *see also Texaco Inc. v. Ponsoldt*,

-11-

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR
LEAVE TO FILE [PROPOSED] THIRD AMENDED COMPLAINT

939 F.2d 794, 798 (9th Cir. 1991) ("Undue delay is a valid reason for denying leave to amend") (quoting *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1454 (9th Cir. 1990)).

### B.      Amendment Would Be Futile

The Court has not yet had occasion to rule on Plaintiffs' Section 20A claim for the same reason it has not reached the Section 20(a) control person claims:  Plaintiffs failed to plead a primary Exchange Act violation.  Op. at 43-44.  In the suspended briefing, Defendants addressed additional defects in the Section 20A claim.  Plaintiffs' proposed amendment—pulling trading data from earlier-filed certifications and presenting it in chart form—does not remedy the defects.

"To satisfy § 20A, a plaintiff must plead [(1)] a predicate violation of the securities laws; and (2) facts showing that the trading activity of plaintiffs and defendants occur[red] 'contemporaneously.'"  Op. at 44 (quoting *Hefler v. Wells Fargo & Co.*, 2018 WL 1070116 (N.D. Cal. Feb. 27, 2018)).  Plaintiffs cannot satisfy the contemporaneousness requirement.

Plaintiffs made the vast majority of their purchases at prices *below* the sale prices of the Defendants' allegedly contemporaneous trades.  That is fatal.  When a plaintiff's purchase price is *lower* than a defendant's sales price, it is "impossible that [the] trades occurred with defendant at an unfair advantage."  *SEB Inv. Mgmt. AB v. Align Tech., Inc.*, 485 F. Supp. 3d 1113, 1136 (N.D. Cal. 2020).  This is the case for all of Baker Hughes' sales.

With respect to Mr. Siebel, Plaintiffs allege only one purchase on their part at a price higher than the price of Mr. Siebel's purportedly contemporaneous sale.  PTAC ¶ 130 (sale on August 16, 2021).  But as Plaintiffs acknowledge, Mr. Siebel made that sale under a Rule 10b5-1 trading plan. That is fatal to a Section 20A claim, which requires proof of scienter.  *See, e.g.*, *In re Nektar Therapeutics*, 2020 WL 3962004, at *16 (N.D. Cal. July 13, 2020) (sales under a Rule 10b5-1 plan "weigh[] against an inference of scienter"); *In re Fastly, Inc. Sec. Litig.*, 2021 WL 5494249, at *17 (N.D. Cal. Nov. 23, 2021) ("[T]hese planned sales . . . made without concern for the market, cut against a finding of scienter."); *In re Twitter, Inc. Sec. Litig.*, 506 F. Supp. 3d 867, 890 (N.D. Cal. 2020) ("[A]utomatic sales made pursuant to Rule 10b5-1 plans do not support a strong inference of scienter.").

As to Mr. Abbo, all but two of his sales were also made either under a trading plan or at prices higher than Plaintiffs' purchase prices. PTAC ¶ 130 (sales on March 8 and March 11, 2021). Plaintiffs seek to match these two remaining sales with Plaintiff Zavalanski's March 15, 2021 purchase of 25 shares. But that purchase was not contemporaneous. The gap between sale and purchase of four days in one case and seven days in the other is too long. *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1005 (9th Cir. 2002) (the plaintiff "shareholder must have traded with an insider or have traded at about the same time as an insider to be harmed by the insider's trading"); *Hefler v. Wells Fargo & Co.*, 2018 WL 1070116, at \*12 (N.D. Cal. Feb. 27, 2018) ("[c]ontemporaneous" refers to the same day or following day); *Buban v. O'Brien*, 1994 WL 324093, at \*3-4 (N.D. Cal. June 22, 1994) (three-day gap not "contemporaneous"). Plaintiffs' amendment does not cure these defects.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' request for leave to amend. In the alternative, if the Court allows amendment, it should provide Defendants with an opportunity to file new motions to dismiss directed at the PTAC.

DATED: November 12, 2024

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ Harry A. Olivar, Jr.*
Harry A. Olivar, Jr. (Cal. Bar No. 143089)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
harryolivar@quinnemanuel.com

Michael B. Carlinsky (admitted *pro hac vice*)
David Myre (Cal. Bar No. 304600)
Jesse Bernstein (admitted *pro hac vice*)
Jacob J. Waldman (admitted *pro hac vice*)
Leigha Empson (admitted *pro hac vice*)
51 Madison Ave., 22nd Floor
New York, NY 10010
(212) 849-7000
michaelcarlinsky@quinnemanuel.com

davidmyre@quinnemanuel.com
jessebernstein@quinnemanuel.com
jacobwaldman@quinnemanuel.com
leighaempson@quinnemanuel.com

*Attorneys for the C3 Defendants*

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR
LEAVE TO FILE [PROPOSED] THIRD AMENDED COMPLAINT