Sara B. Brody (SBN 130222)
sbrody@sidley.com
Sarah A. Hemmendinger (SBN 298659)
shemmendinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:  (415) 772-1200

Robin E. Wechkin (*pro hac vice*)
rwechkin@sidley.com
SIDLEY AUSTIN LLP
8426 316th Place Southeast
Issaquah, WA 98027
Telephone: (415) 439-1799

*Attorneys for Defendant Lorenzo Simonelli*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RECKSTIN FAMILY TRUST, et al., | Case No. 4:22-cv-01413-HSG |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | **DEFENDANT LORENZO SIMONELLI'S JOINDER IN THE C3 DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND** |
| C3.AI, INC., et al., | |
| Defendants. | Hon. Haywood S. Gilliam, Jr. Courtroom 2, Fourth Floor Hearing Date:  January 23, 2025 Hearing Time:  2:00 |

Defendant Lorenzo Simonelli joins in the C3 Defendants' opposition to Plaintiffs' motion for leave to amend, for all of the reasons set forth in that opposition brief.

Plaintiffs sought leave to amend while the briefing on Defendants' motions to dismiss the operative complaint—the Second Amended Complaint—was ongoing.  If the Court denies Plaintiffs' motion, it should order the parties to resume the suspended briefing on the motions to dismiss the Second Amended Complaint.

If the Court grants Plaintiffs' motion, it should order the parties to confer on a briefing schedule for new motions to dismiss directed at the Proposed Third Amended Complaint.  Plaintiffs' proposed amendments relate to only a small fraction of the issues Defendants addressed in the suspended motions to dismiss.  For example, Simonelli has moved to dismiss Plaintiffs' Section 10(b) claim on the ground that he was not a "maker" of any challenged oral statement, as required under *Janus Capital Group, Inc. v. First Derivative Traders*, 574 U.S. 135 (2011)).  Baker Hughes has moved to dismiss Plaintiffs' Section 15 claim as time-barred.  Plaintiffs' proposed amendments in no way address these or other issues Defendants raised in the suspended motion-to-dismiss briefing.  Thus, even if the Court were to conclude that Plaintiffs' proposed amendments are not futile, this would leave the bulk of the issues raised in the interrupted motions without judicial resolution.  The case cannot proceed in that posture.  If the Court grants Plaintiffs' motion, it should direct the parties to confer on the timing of motions to dismiss the newly amended complaint.

Date:  November 12, 2024

Respectfully submitted,

**SIDLEY AUSTIN LLP**

By:   */s/ Sara B. Brody*
Sara B. Brody (SBN 130222)

*Attorneys for Defendant Lorenzo Simonelli*