UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RECKSTIN FAMILY TRUST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>C3.AI, INC., et al.,<br><br>Defendants. | Case No. 22-cv-01413-HSG<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND, TERMINATING AS MOOT DEFENDANTS' MOTIONS FOR JOINDER, AND TERMINATING AS MOOT DEFENDANTS' PENDING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 167, 170, 171, 181, 187, 188 |

Pending before the Court is Plaintiffs' motion for leave to file a Third Amended Class Action Complaint, Dkt. No. 181 ("Mot."), Dkt. No. 186 ("Opp."), Dkt. No. 189 ("Reply").[1]  Also pending before the Court are Defendants' motions to dismiss Plaintiffs' Second Amended Class Action Complaint, Dkt. Nos. 167, 170, 171.  The Court finds this matter appropriate for disposition without oral argument and deems it submitted.  *See* Civil L.R. 7-1(b).  For the reasons discussed below, the Court **GRANTS** Plaintiffs' motion for leave to amend, Dkt. No. 181, and **TERMINATES AS MOOT** the pending motions to dismiss, Dkt. Nos. 167, 170, 171.

I. **BACKGROUND**

The parties are familiar with the facts alleged in this securities class action, which the Court recited in its order on the first set of motions to dismiss.  *See* Dkt. No. 154.  As relevant here, Plaintiffs filed an Amended Class Action Complaint against numerous defendants in February 2023, alleging that Defendant C3.ai, Inc. ("C3") and several of its individual officers

---

[1] Defendant Lorenzo Simonelli and Defendant Baker Hughes filed motions to join Defendant C3.ai, Inc.'s opposition to Plaintiffs' motion for leave to amend.  *See* Dkt. Nos. 187, 188.  Because it grants the motion for leave, the Court terminates these motions as moot.

1  made false or misleading statements concerning the nature of C3's joint venture with Defendant
2  Baker Hughes. Dkt. No. 71. Defendants moved to dismiss, Dkt. Nos. 105, 109, and the Court
3  granted in part and denied in part the C3 Defendants' motion to dismiss and granted Baker
4  Hughes' motion to dismiss. *See* Dkt. No. 154. Plaintiffs then filed their Second Amended Class
5  Action Complaint, Dkt. No. 167, and Defendants again moved to dismiss, Dkt. Nos. 167, 170,
6  171. Before the Court resolved the pending motions to dismiss, Plaintiffs sought leave to file a
7  Third Amended Class Action Complaint, Dkt. No. 181.

## II.   LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to amend the complaint once, as a matter of right, prior to the filing of a responsive pleading. *See* Fed. R. Civ. P. 15(a). Once the complaint has been amended, a plaintiff must then seek leave of court or written consent of the adverse party before further amendment may be made. *See id.* The Court shall grant leave to amend "when justice so requires." *Id.* The Court must be guided by Rule 15's underlying purpose: to facilitate decision on the merits, rather than on the pleadings or technicalities. *See Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991). Thus, requests for leave to amend should be granted with "extreme liberality." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). When considering whether to grant leave to amend, district courts consider several factors including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[P]rejudice to the opposing party carries the most weight" in the Court's analysis. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## III.  DISCUSSION

Plaintiffs state that they seek leave to amend based on information contained in a recently unsealed C3 derivative case from the Delaware Chancery Court, *Pankow v. Siebel et al.*, C.A. No. 2024-0520-NAC (Del. Ch.). These proposed amendments include factual allegations regarding Defendant Siebel's knowledge of C3's access to Baker Hughes' full 12,000-person salesforce, examples of contemporaneous trades by Plaintiffs and Defendants, and a statement-by-statement

2

1  chart containing information required under 15 U.S.C. § 78u-4(b)(1). Mot. at 6. Defendants argue
2  that Plaintiffs should not be given leave to amend because the proposed amendments are (1) futile
3  and (2) unduly delayed and thus prejudicial. Opp at 10–18.
4      The Court finds that the most important factor weighs in favor of granting leave to amend:
5  there is no evidence that amendment would substantially prejudice Defendants.[2] Defendants cite
6  "delay and inefficiency" stemming from the need to "start over with new motions to dismiss" as
7  the primary basis for prejudice, but Plaintiffs' proposed amendments are narrow.[3] Plaintiffs seek
8  to materially modify two paragraphs and add one chart to a 60-page complaint. Defendants'
9  assertions that they will need to "start over" are simply unpersuasive. The proposed amendments
10 would not "greatly alter[] the nature of the litigation," nor would they "requir[e] defendants to . . .
11 undertake[], at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians*
12 *v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Although Defendants may need to modify their
13 motions to dismiss, Plaintiffs' amendments will not substantially reshape the parameters of the
14 defense. *See Carranza v. City of San Pablo*, No. 4:20-CV-08443-SBA, 2022 WL 110647, at *6
15 (N.D. Cal. Jan. 12, 2022) (finding that no undue prejudice existed where the proposed complaint
16 was "based largely on the same underlying facts as the prior pleadings"). Moreover, the parties
17 have not begun discovery, which weighs against a finding of prejudice. *See Lockheed Martin*
18 *Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and
19 therefore delay the proceedings supports a district court's finding of prejudice from a delayed
20 motion to amend the complaint."). "Prejudice is the touchstone of the inquiry under rule 15(a),"
21 and in this case Defendants have not demonstrated substantial prejudice. *Eminence*, 316 F.3d at

---

[2] Defendants' arguments regarding undue delay and prejudice bleed together. Undue delay may occur when a party attempts to add a claim known to the party before it initiated an action or when a party unjustifiably waits to seek leave to amend after learning new information. *See Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). Neither circumstance is present here. Plaintiffs informed the Court that they would seek to amend their complaint less than one month after the *Pankow* complaint was unsealed. *See* Dkt. No. 178. This gap does not establish undue delay. Defendants also appear to argue that Plaintiffs should have included allegations regarding Baker Hughes' alleged control of C3 in an earlier complaint. Opp. at 6–7. Adding less than a paragraph of additional factual material to a complaint is not equivalent to adding an entire claim, nor does it reflect undue delay in this instance.

[3] The previously filed motions to dismiss have not been fully briefed.

1052; *see DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice.").

Defendants also argue that Plaintiffs' proposed amendments are futile because they "lack necessary foundation," are "speculative" and do not remedy the Second Amended Class Action Complaint's defects. Leave to amend should be denied as futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017). Denial of leave to amend based on futility is rare. *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). In general, "courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Id*. The parties dispute whether Plaintiffs' proposed amendments remedy the pleading deficiencies that the Court previously identified. *See* Dkt. No. 154. For example, the parties disagree as to whether allegations that Defendant Siebel participated in a Board of Directors meeting and viewed a particular PowerPoint presentation would remedy Plaintiffs' scienter pleading deficiencies. Mot. at 13; Opp. at 12. Defendants argue, in part, that Plaintiffs' proposed amendment would be futile because Plaintiffs "plead no supporting facts that the slide, or even the PowerPoint containing it, were actually presented, much less that the board discussed the fragment they highlight." Opp. at 12. This argument goes to the strength of the parties' eventual evidence, not the futility of amendment. *See Allen v. Bayshore Mall*, No. 12CV02368JSTJST, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) (holding that "[w]hether Defendants had knowledge of the letters or had a reasonable belief that the Mall's ceiling did not present a falling hazard" were "issues for the trier of fact."). Since "[t]he merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment," the Court will not deny leave to amend here on futility grounds. *LiveCareer Ltd. v. Su Jia Techs. Ltd.*, No. 14-CV-03336-JST, 2015 WL 4089800, at *3 (N.D. Cal. July 2, 2015).

"[T]here exists a presumption under Rule 15(a) in favor of granting leave to amend," *Eminence*, 316 F.3d at 1052, and requests for leave to amend should be granted with "extreme

4

liberality," *Brown*, 953 F.3d at 574.  Defendants will have the opportunity to challenge the veracity and strength of the amended allegations, but the Court finds that Rule 15's liberal standard and the Rule 15 factors counsel in favor of allowing amendment under these circumstances.

## IV. CONCLUSION

The Court **GRANTS** Plaintiffs' motion for leave to file a Third Amended Class Action Complaint, Dkt. No. 181.  Defendants' motions to dismiss Plaintiffs' Second Amended Class Action Complaint, Dkt. Nos. 167, 170, 171, are **TERMINATED as MOOT** in light of Plaintiffs' Third Amended Class Action Complaint.  Defendants' motions for joinder, Dkt. Nos. 187, 188, are also **TERMINATED AS MOOT**.  Plaintiffs are **DIRECTED** to file their Third Amended Class Action Complaint as a separate docket entry by February 14, 2025.  The parties are directed to meet and confer regarding a briefing schedule for any renewed motion to dismiss, and to file a stipulation and proposed order setting out the agreed-upon briefing schedule and proposed hearing date by February 20, 2025.

**IT IS SO ORDERED.**

Dated:   2/13/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge