Harry A. Olivar, Jr. (Cal. Bar No. 143089)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
harryolivar@quinnemanuel.com

Michael B. Carlinsky (admitted *pro hac vice*)
David Myre (Cal. Bar No. 304600)
Jesse Bernstein (admitted *pro hac vice*)
Jacob J. Waldman (admitted *pro hac vice*)
Leigha Empson (admitted *pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
295 Fifth Avenue
New York, NY 10016
(212) 849-7000
michaelcarlinsky@quinnemanuel.com
davidmyre@quinnemanuel.com
jessebernstein@quinnemanuel.com
jacobwaldman@quinnemanuel.com
leighaempson@quinnemanuel.com

*Attorneys for the C3 Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RECKSTIN FAMILY TRUST,<br><br>    Plaintiff,<br><br>  vs.<br><br>C3.AI, INC., et al.,<br><br>    Defendants. | Case No. 4:22-cv-01413-HSG<br><br>**C3 DEFENDANTS' REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS**<br><br>Judge:  Hon. Haywood S. Gilliam, Jr.<br>Courtroom:  2, 4th Floor |

Defendants C3.ai, Inc. ("C3" or the "Company"), and Thomas M. Siebel, Edward Y. Abbo, and David Barter (the "Individual Defendants" and together with C3, the "C3 Defendants") respectfully submit this reply in support of their Request for Judicial Notice (ECF No. 201-1, "C3 RJN") of Exhibits A through F cited in the C3 Defendants' Motion to Dismiss (ECF No. 201, "Mot."), which were attached to the March 25, 2025 Declaration of Harry A. Olivar, Jr. (ECF No. 201-3).

As previously demonstrated in the C3 Defendants' initial Request for Judicial Notice, the Court may properly consider on a motion to dismiss (1) "materials incorporated by reference in the complaint," and (2) "judicially noticed matters." *Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017); *see also Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009). As detailed below, Exhibits A through F have either been incorporated by reference into Plaintiffs' Third Amended Complaint (ECF No. 198, the "TAC") or are otherwise proper subjects of judicial notice under Federal Rule of Evidence 201, and their contents are not subject to dispute. Plaintiffs' Opposition (ECF No. 204 at 43-45, "Opp.") does not set forth any valid reason for the Court not to consider any of the C3 Defendants' exhibits in the context of the C3 Defendants' Motion to Dismiss. Plaintiffs do not oppose the C3 RJN as to Exhibit A. Judicial notice of Exhibit A should therefore be granted. *See Federici v. Monroy*, 2010 WL 1223192, at *3 (N.D. Cal. Mar. 25, 2010) ("By failing to oppose the request for judicial notice, Cross-Complainants essentially concede" that judicial notice is "warranted."). Plaintiffs oppose the scope of judicial notice only as to Exhibits B, C, and E; and oppose entirely the C3 RJN as to just two exhibits, Exhibits D and F. Opp. 43-45.

***Class Period SEC Filings:*** As set forth in the C3 RJN, the Court may take judicial notice of Exhibit B (C3's Prospectus), Exhibit C (C3's Registration Statement), and Exhibit E (C3's 2021 Proxy Statement) because they are SEC filings subject to judicial notice and (in the case of Exhibits B and C) incorporated by reference. C3 RJN 3-4. Plaintiffs argue that these documents should not be used to rebut Plaintiffs' allegations regarding "inadequate risk disclosures, improper revenue recognition practices, suspicious trading, or intent to defraud." Opp. 43. Such a limitation would lead to absurd results and has no basis in governing law. *See, e.g., In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011) (courts routinely take judicial notice of

documents to demonstrate what information was publicly available to the market).  If Plaintiffs were correct about the limitations of judicial notice, they could allege that C3 had not adequately disclosed certain risks to investors, but C3 would not be able to point to the public risk disclosures in its SEC filings to rebut the allegation.   Defendants requested that the Court consider the Prospectus and Registration Statement only to demonstrate what information was available to the market—not for the truth of the statements themselves.  The Court has already recognized that this is a proper purpose justifying judicial notice of the Prospectus and Registration Statement.  ECF No. 154 ("2024 Order") at 7-8; *see also Century Aluminum.*, 2011 WL 830174, at *9.

Regarding the 2021 Proxy Statement, Plaintiffs set forth no argument as to why it cannot be considered (in conjunction with the Registration Statement and the 2022 Proxy Statement) to demonstrate the Individual Defendants' stock holdings throughout and following the Class Period. As established in the C3 Defendants' Request, courts regularly take judicial notice of proxy statements to evaluate scienter allegations.  *See, e.g.*, *In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (taking judicial notice of proxy statements for the purpose of evaluating stock holdings because they "are relevant for the purpose of evaluating scienter"); *Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1043 (N.D. Cal. 2019) (taking judicial notice of proxy statement).  Plaintiffs provide no basis for the Court to revisit its prior ruling taking judicial notice of the 2021 and 2022 Proxy Statements.  2024 Order at 6-7.

***Post-Class Period SEC Filings:***  As set forth in the C3 RJN, the Court may take judicial notice of Exhibit D (C3's 2022 Form 10-K) and Exhibit F (C3's 2022 Proxy Statement) because they are SEC filings subject to judicial notice.  C3 RJN 3-4.  Plaintiffs now argue that the Court should disregard these SEC filings because they post-date the Class Period and are thus "irrelevant as to what the market was aware of during the Class Period."  Opp. 44-45.  Plaintiffs argue that because the Court previously declined to take judicial notice of post-Class Period news articles, the same approach should be taken to these SEC filings.  *Id.* at 45.  But Plaintiffs compare apples to oranges.   Unlike Plaintiffs' cited news articles, neither Exhibit D nor Exhibit F is cited to demonstrate "what the market was aware of during the Class Period," which explains why the Court previously took judicial notice of both Exhibit D and F.  2024 Order at 6-7.

Instead, the audited financial statements in Exhibit D are cited to demonstrate that C3 reported revenue specifically attributed to deals brought in by Baker Hughes, contrary to the hearsay allegations of FE-1.  Mot. 10.  Exhibit F is cited to demonstrate the consistency of the Individual Defendants' stock holdings throughout and after the Class Period.  Mot. 23 n.17.  Plaintiffs argue these documents cannot be considered for these purposes.  Opp. 44.

*First*, Plaintiffs' attempts to exclude the 2022 Form 10-K should be rejected.  The Court already took judicial notice of it (2024 Order at 6-7), and the C3 Defendants' citation to it is proper.  Critically, "[w]hen a general conclusion in a complaint contradicts specific facts retold in a document attached to the complaint, incorporated by reference in the complaint, or subject to judicial notice, those specific facts are controlling."  *In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023).  Plaintiffs do not contest the accuracy of the financial reporting in the 2022 Form 10-K, and any reliance on *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018) is misplaced.  In *Khoja*, the Ninth Circuit declined to consider the document at issue for its truth because "there [was] a reasonable dispute as to what" the document established.  899 F.3d at 1000-01.  That is not the case here, where the 2022 Form 10-K has a specific line item demonstrating revenue from deals brought in by Baker Hughes.  As discussed in the Motion, Plaintiffs' threadbare allegations about FE-1's three-year-old hearsay do not create any such dispute, nor is the Registration Statement's revenue reporting subject to differing interpretations.  Mot. 8-10.

Additionally, post-*Khoja* authority has routinely held that a court "is not required to 'accept as true allegations that contradict matters properly subject to judicial notice.'"  *Muertos Roasters, LLC v. Schneider*, 2022 WL 3908432, at *2 (E.D. Cal. 2022) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)); *Robeco Cap. Growth Funds SICAV - Robeco Glob. Consumer Trends v. Peloton Interactive, Inc.*, 665 F. Supp. 3d 522, 541 (S.D.N.Y. 2023) (relying on judicially noticed earnings disclosures to contradict plaintiff's allegations of falsity and finding "the challenged statements were entirely consistent with Peloton's actual financial results");[1] *see*

---

[1]  Plaintiffs' attempt (Opp. 44 n.17) to distinguish *Robeco* fails, as Plaintiffs cannot articulate why a different outcome is required here merely because the 2022 Form 10-K postdates the Class

*also Fisher v. Nissel*, 2022 WL 16961479, at *4 (C.D. Cal. 2022).

*Second*, Plaintiffs set forth no argument as to why the 2022 Proxy cannot be considered (in conjunction with the Registration Statement and the 2021 Proxy) to demonstrate the Individual Defendants' stock holdings throughout and following the Class Period. *See supra* 2.

DATED:  June 9, 2025

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ Harry A. Olivar, Jr.*
Harry A. Olivar, Jr. (Cal. Bar No. 143089)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
harryolivar@quinnemanuel.com

Michael B. Carlinsky (admitted *pro hac vice*)
David Myre (Cal. Bar No. 304600)
Jesse Bernstein (admitted *pro hac vice*)
Jacob J. Waldman (admitted *pro hac vice*)
Leigha Empson (admitted *pro hac vice*)
295 Fifth Avenue
New York, NY 10016
(212) 849-7000
michaelcarlinsky@quinnemanuel.com
davidmyre@quinnemanuel.com
jessebernstein@quinnemanuel.com
jacobwaldman@quinnemanuel.com
leighaempson@quinnemanuel.com

*Attorneys for the C3 Defendants*

---

Period.  Like in *Robeco*, a judicially noticeable SEC filing demonstrates the accuracy of C3's statement.