Sara B. Brody (SBN 130222)
sbrody@sidley.com
Sarah A. Hemmendinger (SBN 298659)
shemmendinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:  (415) 772-1200

Robin E. Wechkin (*pro hac vice*)
rwechkin@sidley.com
SIDLEY AUSTIN LLP
8426 316th Place Southeast
Issaquah, WA 98027
Telephone: (415) 439-1799

*Attorneys for Defendant Lorenzo Simonelli*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RECKSTIN FAMILY TRUST, et al., | Case No. 4:22-cv-01413-HSG |
| Plaintiffs, | <u>CLASS ACTION</u> |
| vs. | **DEFENDANT LORENZO SIMONELLI'S ANSWER TO PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT** |
| C3.AI, INC., et al., | |
| Defendants. | Hon. Haywood S. Gilliam, Jr. |

Defendant Lorenzo Simonelli, by and through his undersigned attorneys, hereby answers the Third Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 198) ("Complaint"). Defendant Simonelli provides this Answer subject to, and without waiving, his right to protect from disclosure all communications protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or applicable discovery protection.

The Court's Order dated March 12, 2026 (ECF No. 76) ("MTD Order") granted in part and denied in part the Defendants' Motion to Dismiss the Complaint. The Court allowed Plaintiffs to proceed with claims under Sections 11 and 15 of the Securities Act related to one challenged statement: "During the fiscal year ended April 30, 2020, we recognized as revenue the full value of the first year of the direct subscription agreement and the value of deals brought in by Baker Hughes through the reseller arrangement." MTD Order at 8. No response is required in this Answer with respect to any allegations pertaining to the alleged misrepresentations and omissions dismissed by the Court.

Except as expressly admitted herein, Defendant Simonelli denies any and all allegations set forth in the Complaint. Insofar as the section headings and subheadings of the Complaint purport to state factual allegations, Defendant Simonelli denies each and every allegation in the section headings and subheadings. Paragraph numbers in this Answer correspond to paragraph numbers in the Complaint and respond to the allegations in each such paragraph.

With regard to the unnumbered paragraphs on page one of the Complaint, Defendant Simonelli lacks information or knowledge sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations about their personal knowledge or their counsel's purported investigation, including whether any such investigation may or may not have occurred and whether it relied on the documents and sources listed by Plaintiffs. Defendant Simonelli otherwise denies the factual allegations in the unnumbered paragraphs.

## **RESPONSE TO ALLEGATIONS**

AND NOW, incorporating the foregoing, Defendant Simonelli further answers the allegations in the Complaint as follows:

1

1.     To the extent the allegations in paragraph 1 consist of legal conclusions, no response is required. To the extent the allegations in paragraph 1 relate to claims under the Securities Exchange Act of 1934 ("Exchange Act") dismissed by the Court, no response is required. In response to the allegations relating to the Securities Act of 1933 ("Securities Act") claims, Defendant Simonelli admits that Plaintiffs purport to have filed a class action alleging violations of the Securities Act and otherwise denies the allegations in paragraph 1.

2.     To the extent the allegations in paragraph 2 consist of legal conclusions, no response is required. To the extent the allegations in paragraph 2 relate to Exchange Act claims dismissed by the Court, no response is required. In response to the allegations relating to the Securities Act claims, Defendant Simonelli admits that Plaintiffs purport to have filed a class action alleging violations of the Securities Act and otherwise denies the allegations in paragraph 2.

3.     To the extent the allegations in paragraph 3 consist of legal conclusions, no response is required. To the extent the allegations in paragraph 3 relate to Exchange Act claims dismissed by the Court, no response is required. In response to the allegations relating to the Securities Act claims, Defendant Simonelli admits that Plaintiffs purport to have filed a class action alleging violations of the Securities Act and otherwise denies the allegations in paragraph 3.

4.     Defendant Simonelli admits that C3.ai, Inc. ("C3") is an Enterprise AI software company that operates a software subscription model known as software-as-a-service or "SaaS." Defendant Simonelli respectfully refers the Court to the Offering Documents[1] for a more complete and accurate description of C3's business. Defendant Simonelli otherwise denies the allegations in paragraph 4.

5.     Defendant Simonelli respectfully refers the Court to the Offering Documents, which speak for themselves, for a complete account of the IPO. Defendant Simonelli otherwise denies the allegations in paragraph 5.

---

[1] "Offering Documents" refers to the prospectus filed with the United States Securities and Exchange Commission (the "SEC") on December 9, 2020 by C3.ai (the "Prospectus") and the registration statement filed with the SEC on December 7, 2020 by C3.ai (the "Registration Statement"), and all prior versions or subsequent amendments thereof, including the exhibits thereto and documents incorporated by reference. The "Offering" or the "IPO" refers to the stock offering made by C3.ai pursuant to the Offering Documents.

2

6.  To the extent the allegations in paragraph 6 relate to claims dismissed by the Court, no response is required. To the extent the allegations in paragraph 6 consist of legal conclusions, no response is required. To the extent paragraph 6 quotes from or characterizes the lockup provision contained in the Offering Documents, those documents speak for themselves, and Defendant Simonelli respectfully refers the Court to them for their complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 6.

7.  To the extent paragraph 7 quotes from or characterizes the Offering Documents, those documents speak for themselves, and Defendant Simonelli respectfully refers the Court to them for their complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 7.

8.  Defendant Simonelli admits that C3 entered into a reseller arrangement with Baker Hughes. To the extent paragraph 8 quotes from or characterizes the Offering Documents, those documents speak for themselves, and Defendant Simonelli respectfully refers the Court to them for their complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 8.

9.  To the extent the allegations in paragraph 9 consist of legal conclusions, no response is required. Defendant Simonelli otherwise denies the allegations in paragraph 9.

10.  To the extent the allegations in paragraph 10 relate to claims dismissed by the Court, no response is required. To the extent a response is required, Defendant Simonelli denies the allegations in paragraph 10.

11.  To the extent the allegations in paragraph 11 relate to claims dismissed by the Court, no response is required. To the extent the allegations in paragraph 11 consist of legal conclusions, no response is required. Defendant Simonelli respectfully refers the Court to the referenced statement in the second sentence of paragraph 11 for its true and correct contents and denies the allegations to the extent Plaintiffs have misstated those contents. Defendant Simonelli otherwise denies the allegations in paragraph 11.

12.  To the extent the allegations in paragraph 12 relate to claims dismissed by the Court, no response is required. To the extent a response is required, Defendant Simonelli denies the

3

allegations in paragraph 12.

13.     To the extent the allegations in paragraph 13 relate to claims dismissed by the Court, no response is required. To the extent a response is required, paragraph 13 quotes from and characterizes the Offering Documents, which speak for themselves, and to which Defendant Simonelli respectfully refers the Court for their complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 13.

14.     To the extent the allegations in paragraph 14 relate to claims dismissed by the Court, no response is required. To the extent a response is required, Defendant Simonelli denies the allegations in paragraph 14.

15.     Defendant Simonelli admits that C3 held an earnings call on December 1, 2021, and states that third parties provide transcripts from such calls. Defendant Simonelli denies the allegations to the extent the earnings call transcript differs from what was actually said. Defendant Simonelli otherwise denies the allegations in paragraph 15.

16.     To the extent paragraph 16 quotes from or characterizes a Canaccord Genuity analyst report, that document speaks for itself, and Defendant Simonelli respectfully refers the Court to it for its complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 16.

17.     To the extent paragraph 17 quotes from or characterizes publicly available stock-price information, that information speaks for itself, and Defendant Simonelli respectfully refers the Court to publicly reported market services for the trading price of C3 stock. Defendant Simonelli otherwise denies the allegations in paragraph 17.

18.     To the extent the allegations in paragraph 18 consist of legal conclusions, no response is required. Defendant Simonelli otherwise denies the allegations in paragraph 18.

19.     Defendant Simonelli admits that on February 22, 2024, the Court granted in part Defendants' motion to dismiss the first amended complaint without prejudice. Paragraph 19 quotes from and characterizes the Court's February 22, 2024 Order, which speaks for itself, and to which Defendant Simonelli respectfully refers the Court for its complete and accurate content and context.

4

Defendant Simonelli admits that on April 4, 2024, Plaintiffs filed a Second Amended Class Action Complaint. Defendant Simonelli otherwise denies the allegations in paragraph 19.

20. To the extent the allegations in paragraph 20 relate to claims dismissed by the Court, no response is required. To the extent the allegations in paragraph 20 consist of legal conclusions, no response is required. Paragraph 20 quotes from and characterizes Plaintiffs' Complaint, which speaks for itself, and to which Defendant Simonelli respectfully refers the Court for its complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 20.

21. To the extent the allegations in paragraph 21 relate to claims dismissed by the Court, no response is required. To the extent paragraph 21 quotes from and characterizes Plaintiffs' Complaint, that document speaks for itself, and Defendant Simonelli respectfully refers the Court to it for its complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 21.

22. To the extent the allegations in paragraph 22 relate to claims dismissed by the Court, no response is required. To the extent the allegations in paragraph 22 consist of legal conclusions, no response is required. Paragraph 22 quotes from and characterizes Plaintiffs' Complaint, which speaks for itself, and to which Defendant Simonelli respectfully refers the Court for its complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 22.

23. To the extent the allegations in paragraph 23 relate to claims dismissed by the Court, no response is required. To the extent the allegations in paragraph 23 consist of legal conclusions, no response is required. Paragraph 23 quotes from and characterizes Plaintiffs' Complaint, which speaks for itself, and to which Defendant Simonelli respectfully refers the Court for its complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 23.

24. To the extent the allegations in paragraph 24 relate to claims dismissed by the Court, no response is required. To the extent paragraph 24 quotes from and characterizes Plaintiffs' Complaint and Appendix A, those documents speak for themselves, and Defendant Simonelli respectfully refers the Court to them for their complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 24.

25.     To the extent the allegations in paragraph 25 consist of legal conclusions, no response is required. To the extent the allegations in paragraph 25 relate to Exchange Act claims dismissed by the Court, no response is required. In response to the allegations relating to the Securities Act claims, Defendant Simonelli admits that Plaintiffs purport to bring this action pursuant to the statutes and rules cited therein. Defendant Simonelli otherwise denies the allegations in paragraph 25.

26.     To the extent the allegations in paragraph 26 consist of legal conclusions, no response is required. To the extent the allegations in paragraph 26 relate to Exchange Act claims dismissed by the Court, no response is required. In response to the allegations relating to the Securities Act claims, Defendant Simonelli admits that Plaintiffs purport to bring this action pursuant to the statutes and rules cited therein. Defendant Simonelli otherwise denies the allegations in paragraph 26.

27.     To the extent the allegations in paragraph 27 consist of legal conclusions, no response is required. To the extent the allegations in paragraph 27 relate to Exchange Act claims dismissed by the Court, no response is required. In response to the allegations relating to the Securities Act claims, Defendant Simonelli admits that Plaintiffs purport to base venue on the statutes cited in paragraph 27. Defendant Simonelli otherwise denies the allegations in paragraph 27.

28.     To the extent the allegations in paragraph 28 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli denies the allegations in paragraph 28.

29.     To the extent the allegations in paragraph 29 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 and on that basis denies them.

30.     To the extent the allegations in paragraph 30 relate to claims dismissed by the Court, no response is required. To the extent the allegations in paragraph 30 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30 and on that basis denies them.

31.     To the extent the allegations in paragraph 31 relate to claims dismissed by the Court,

6

no response is required. To the extent the allegations in paragraph 31 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31 and on that basis denies them.

32. To the extent the allegations in paragraph 32 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32 and on that basis denies them.

33. Defendant Simonelli admits the allegations in the first sentence of paragraph 33. Defendant Simonelli further admits that C3's common stock trades on the New York Stock Exchange under the ticker symbol "AI." Defendant Simonelli states that the allegations in the second sentence of paragraph 33 purport to state legal conclusions and do not require a response, and otherwise denies the allegations in paragraph 33.

34. To the extent paragraph 34 concerns a defendant that has been dismissed by the Court, no response is required. To the extent the allegations in paragraph 34 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli admits that Baker Hughes Company is a Delaware corporation and that Baker Hughes Holdings LLC is a wholly owned subsidiary of the Baker Hughes Company. To the extent paragraph 34 quotes from or characterizes the Reseller Agreement[2] between Baker Hughes and C3, that document speaks for itself, and Defendant Simonelli respectfully refers the Court to it for its complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 34.

35. The allegations in paragraph 35 are directed at Thomas M. Siebel and Defendant Simonelli is not required to answer such allegations.

36. Paragraph 36 concerns a defendant that has been dismissed by the Court and therefore does not require a response.

37. The allegations in paragraph 37 are directed at David Barter and Defendant Simonelli

---

[2] "Reseller Agreement" refers to the June 6, 2019 "Joint Venture Agreement" between C3.ai and Baker Hughes, a GE company, LLC.

7

is not required to answer such allegations.

38.     Defendant Simonelli admits that he is the Chairman, President, and Chief Executive Officer of Baker Hughes and that he served as a Director on C3's board from August 2019 until December 2021. To the extent paragraph 38 quotes from or characterizes the Offering Documents, those documents speak for themselves, and Defendant Simonelli respectfully refers the Court to them for their complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 38.

39.     To the extent the allegations in paragraph 39 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli denies the allegations in paragraph 39.

40.     Paragraph 40 merely defines a term and therefore requires no response.

41.     Defendant Simonelli lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 41 and on that basis denies them.

42.     To the extent paragraph 42 quotes from or characterizes the Offering Documents, those documents speak for themselves, and Defendant Simonelli respectfully refers the Court to them for their complete and accurate content and context. Defendant Simonelli otherwise denies that the allegations in paragraph 42 provide a complete and/or accurate description of the purpose or function of artificial intelligence.

43.     To the extent paragraph 43 quotes from or characterizes the Offering Documents, those documents speak for themselves, and Defendant Simonelli respectfully refers the Court to them for their complete and accurate content and context. Defendant Simonelli otherwise denies that the allegations in paragraph 43 provide a complete and/or accurate description of "Enterprise" AI software.

44.     Defendant Simonelli admits that C3 was founded by Mr. Siebel in 2009. Defendant Simonelli further admits that the company was known as "C3 Energy" in 2013, C3 IoT (internet of things) in 2016, and is now known as C3 AI. Defendant Simonelli otherwise denies the allegations in paragraph 44.

45.     Defendant Simonelli admits that C3 operates as an enterprise AI software company

8

and respectfully refers the Court to the Offering Documents, which speak for themselves, for a more complete description of C3's products and services.

46.    To the extent paragraph 46 quotes from or characterizes the Offering Documents, those documents speak for themselves, and Defendant Simonelli respectfully refers the Court to them for their complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 46.

47.    To the extent paragraph 47 quotes from or characterizes the Offering Documents, those documents speak for themselves, and Defendant Simonelli respectfully refers the Court to them for a more complete description of C3's products and services. Defendant Simonelli otherwise denies the allegations in paragraph 47.

48.    To the extent paragraph 48 quotes from or characterizes the Offering Documents, those documents speak for themselves, and Defendant Simonelli respectfully refers the Court to them for their complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 48.

49.    To the extent paragraph 49 quotes from or characterizes the Offering Documents, those documents speak for themselves, and Defendant Simonelli respectfully refers the Court to them for their complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 49.

50.    To the extent paragraph 50 quotes from or characterizes the Reseller Agreement between C3 and Baker Hughes, that document speaks for itself, and Defendant Simonelli respectfully refers the Court to it for its complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 50.

51.    To the extent paragraph 51 quotes from or characterizes the Reseller Agreement between C3 and Baker Hughes, that document speaks for itself, and Defendant Simonelli respectfully refers the Court to it for its complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 51.

52.    To the extent the allegations in paragraph 52 relate to claims dismissed by the Court, no response is required. To the extent a response is required, Defendant Simonelli respectfully refers

9

the Court to the Reseller Agreement between C3 and Baker Hughes, which speaks for itself, for its complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 52.

53. Defendant Simonelli admits that he served on C3's board of directors but otherwise denies the allegations in paragraph 53.

54. To the extent paragraph 54 quotes from or characterizes the Offering Documents, those documents speak for themselves, and Defendant Simonelli respectfully refers the Court to them for their complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 54.

55. To the extent the allegations in paragraph 55 relate to claims dismissed by the Court, no response is required. To the extent a response is required, Defendant Simonelli admits that C3 held an earnings call on December 1, 2021 and states that third parties provide transcripts from such calls. Defendant Simonelli denies the allegations to the extent the earnings call transcript differs from what was actually said. Defendant Simonelli otherwise denies the allegations in paragraph 55.

56. Defendant Simonelli lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 56 and on that basis denies them.

57. To the extent the allegations in paragraph 57 relate to claims dismissed by the Court, no response is required. To the extent a response is required, Defendant Simonelli respectfully refers the Court to the June 2, 2023 CNBC article, which speaks for itself, for its complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 57.

58. To the extent the allegations in paragraph 58 relate to claims dismissed by the Court, no response is required. To the extent a response is required, Defendant Simonelli respectfully refers the Court to the June 2, 2023 CNBC video interview, which speaks for itself, for its complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 58.

59. To the extent the allegations in paragraph 59 relate to claims dismissed by the Court, no response is required. To the extent a response is required, Defendant Simonelli respectfully refers the Court to the June 2, 2023 CNBC video interview, which speaks for itself, for its complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 59.

60.    To the extent the allegations in paragraph 60 relate to claims dismissed by the Court, no response is required. To the extent a response is required, Defendant Simonelli respectfully refers the Court to the June 2, 2023 CNBC video interview, which speaks for itself, for its complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 60.

61.    Defendant Simonelli admits the allegations in paragraph 61.

62.    To the extent the allegations in paragraph 62 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli denies the allegations in paragraph 62.

63.    Defendant Simonelli admits that on November 13, 2020, C3 filed a Registration Statement on Form S-1 with the SEC in connection with the IPO, which, after amendments, was declared effective by the SEC on December 8, 2020. To the extent paragraph 63 quotes from or characterizes the Registration Statement and amendments, those documents speak for themselves, and Defendant Simonelli respectfully refers the Court to them for their complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 63.

64.    Defendant Simonelli admits that C3's common stock trades on the New York Stock Exchange under the ticker symbol "AI." Defendant Simonelli respectfully refers the Court to the Offering Documents for a complete account of the IPO and otherwise denies the allegations in paragraph 64.

65.    Defendant Simonelli respectfully refers the Court to the Offering Documents for a complete account of the IPO and otherwise denies the allegations in paragraph 65.

66.    Paragraph 66 quotes from and characterizes the Offering Documents, which speak for themselves, and to which Defendant Simonelli respectfully refers the Court for their complete and accurate content and context. Defendant Simonelli otherwise denies the allegations in paragraph 66.

67.    To the extent the allegations in paragraph 67 consist of legal conclusions, no response is required. Defendant Simonelli otherwise denies the allegations in paragraph 67.

68.    To the extent the allegations in paragraph 68 consist of legal conclusions, no response is required. To the extent that the allegations in paragraph 68 consist of a definition and characterization of the purported class, no response is required. To the extent a response is required,

11

Defendant Simonelli denies that class treatment in the manner set forth is appropriate and otherwise denies the allegations in paragraph 68.

69.     To the extent the allegations in paragraph 69 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli denies that class treatment in the manner set forth is appropriate and otherwise denies the allegations in paragraph 69.

70.     To the extent the allegations in paragraph 70 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli denies that class treatment in the manner set forth is appropriate and otherwise denies the allegations in paragraph 70.

71.     To the extent the allegations in paragraph 71 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli denies that class treatment in the manner set forth is appropriate and otherwise denies the allegations in paragraph 71.

72.     To the extent the allegations in paragraph 72 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli denies that class treatment in the manner set forth is appropriate and otherwise denies the allegations in paragraph 72.

73.     To the extent the allegations in paragraph 73 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli denies that class treatment in the manner set forth is appropriate and otherwise denies the allegations in paragraph 73.

74.     Defendant Simonelli repeats and incorporates each response above as if fully set forth herein.

75.     To the extent the allegations in paragraph 75 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli denies the allegations in paragraph 75.

76.     To the extent the allegations in paragraph 76 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli denies the allegations in paragraph 76.

77.     To the extent the allegations in paragraph 77 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli denies the allegations in paragraph 77.

78.     To the extent the allegations in paragraph 78 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli denies the allegations in paragraph 78.

79.     To the extent the allegations in paragraph 79 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli denies the allegations in paragraph 79.

80.     To the extent the allegations in paragraph 80 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli denies the allegations in paragraph 80.

81.     To the extent the allegations in paragraph 81 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli denies the allegations in paragraph 81.

82.     To the extent the allegations in paragraph 82 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 82, and on that basis denies them.

83.     To the extent the allegations in paragraph 83 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli denies the allegations in paragraph 83.

84.     To the extent the allegations in paragraph 84 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli denies the allegations in paragraph 84.

85.     To the extent the allegations in paragraph 85 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli denies the allegations in paragraph 85.

86.     Defendant Simonelli repeats and incorporates each response above as if fully set forth herein.

13

87. To the extent the allegations in paragraph 87 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli denies the allegations in paragraph 87.

88. To the extent the allegations in paragraph 88 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli denies the allegations in paragraph 88.

89. To the extent the allegations in paragraph 89 consist of legal conclusions, no response is required. The allegations in paragraph 89 concern a defendant that has been dismissed from the litigation and therefore require no response. To the extent a response is required, Defendant Simonelli denies the allegations in the first sentence as an incomplete description of the reasons for his appointment to the C3 board of directors, and denies the allegations in the second sentence of paragraph 89.

90. To the extent the allegations in paragraph 90 consist of legal conclusions, no response is required. To the extent paragraph 90 quotes from or characterizes the Offering Documents, Defendant Simonelli respectfully refers the Court to them for their complete and accurate content and context. To the extent a response is required, Defendant Simonelli denies the allegations in paragraph 90.

91. To the extent the allegations in paragraph 91 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli denies the allegations in paragraph 91.

92. To the extent the allegations in paragraph 92 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli denies the allegations in paragraph 92.

93. To the extent the allegations in paragraph 93 consist of legal conclusions, no response is required. To the extent a response is required, Defendant Simonelli denies the allegations in paragraph 93.

94. To the extent the allegations in paragraph 94 relate to claims dismissed by the Court, no response is required. To the extent a response is required, Defendant Simonelli denies the

14

allegations in paragraph 94.

95.    To the extent the allegations in paragraph 95 relate to claims dismissed by the Court, no response is required. To the extent a response is required, Defendant Simonelli denies the allegations in paragraph 95.

96–229. Plaintiffs plead their Securities Act claims separately from their Exchange Act claims, expressly stating that "[a]ll of the allegations that follow this paragraph in the Complaint are exclusive to the Class's claims under Sections 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." Because the Court's March 12, 2026 Order dismissed Plaintiffs' Exchange Act claims in their entirety, Defendant Simonelli is not required to respond to the allegations in paragraphs 96–229. To the extent any answer is required, Defendant Simonelli denies the allegations in paragraphs 96–229.

### RESPONSE TO PRAYER FOR RELIEF

Defendant Simonelli denies the allegations in the Prayer for Relief and denies that Plaintiffs or the putative class are entitled to any of the requested relief.

### RESPONSE TO DEMAND FOR TRIAL BY JURY

Defendant Simonelli denies the allegations in the jury demand and denies that Plaintiffs have any valid claims against him, except to admit that Plaintiffs purport to demand a jury trial.

### AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct, and without admitting that Plaintiffs or the members of the purported class have suffered any loss, damage, or injury, Defendant Simonelli alleges the following affirmative defenses to the allegations set forth in the Third Amended Complaint. By designating the following affirmative defenses, Defendant Simonelli does not in any way waive or limit any defenses raised by the denials, allegations, and averments set forth elsewhere in this Answer. Defendant Simonelli also does not, by alleging any affirmative defenses, admit that Plaintiffs do not have the burden of proof as to those defenses, and the statement of any defense hereinafter does not assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiffs. These defenses are pleaded in the alternative, are raised to preserve Defendant Simonelli's right to assert such defenses, and are without prejudice to Defendant

Simonelli's ability to raise other and further defenses. Defendant Simonelli expressly reserves the right to amend and/or supplement his defenses as may be necessary.

## FIRST DEFENSE

### (Failure to State a Claim)

The Complaint, and each of its purported claims, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

### (No False Statement)

Defendant Simonelli is not liable on Plaintiffs' claims because no actionable false or misleading statements or omissions were made by or can be attributed to him.

## THIRD DEFENSE

### (No Duty to Disclose)

Plaintiffs' claims are barred, in whole or in part, because Defendant Simonelli had no duty to disclose to Plaintiffs the information allegedly omitted in any statement made by Defendant Simonelli.

## FOURTH DEFENSE

### (Lack of Materiality)

None of the conduct alleged in the Complaint was material to the investment decisions of reasonable investors.

## FIFTH DEFENSE

### (Reliance on Others)

The claims alleged in the Complaint are barred, in whole or in part, because at all relevant times Defendant Simonelli reasonably relied in good faith on information provided by others upon whom Defendant Simonelli was entitled to rely.

## SIXTH DEFENSE

### (Good Faith)

The claims alleged in the Complaint cannot be maintained, in whole or in part, because Defendant Simonelli at all times acted in good faith and with good cause.

16

**SEVENTH DEFENSE**

**(Conduct of Third Parties)**

The claims alleged in the Complaint cannot be maintained, in whole or in part, because the conduct of parties other than Defendant Simonelli proximately caused the alleged harms, if any, complained of in the Complaint.

**EIGHTH DEFENSE**

**(Imputation)**

The claims alleged in the Complaint cannot be maintained, in whole or in part, because the conduct of parties other than Defendant Simonelli cannot be imputed to Defendant Simonelli.

**NINTH DEFENSE**

**(Equitable Defenses)**

The claims alleged in the Complaint are barred under such equitable defenses as the evidence demonstrates, including but not limited to the doctrines of estoppel, unclean hands, waiver, and laches.

**TENTH DEFENSE**

**(Failure to Mitigate Damages)**

To the extent that they have been damaged, if at all, Plaintiffs' failure to mitigate their damages bars or reduces any recovery.

**ELEVENTH DEFENSE**

**(Contribution and/or Indemnity)**

Defendant Simonelli is entitled to receive contribution and/or indemnity from others for any liability he incurs.

**TWELFTH DEFENSE**

**(Independent Causation)**

Plaintiffs' claims are barred, in whole or in part, because the depreciation in the price of C3 securities, if any, resulted from factors other than the purportedly false or misleading statements alleged in the Complaint.

17

## THIRTEENTH DEFENSE

### (Negative Causation)

Plaintiffs' claims are barred, in whole or in part, because any alleged damages arise from causes other than the depreciation in value of C3 stock resulting from the purportedly false or misleading statement alleged in the Complaint.

## FOURTEENTH DEFENSE

### (Assumption of Risk)

Plaintiffs' losses, if any, were caused by Plaintiffs' assumption of the risks of investment, including but not limited to the material facts and risks that were publicly disclosed or in the public domain.

## FIFTEENTH DEFENSE

### (Offset of Damages)

Defendant Simonelli is entitled to offset damages, if any, by benefits received by Plaintiffs through their investments in C3.

## SIXTEENTH DEFENSE

### (Lack of Standing)

The Complaint, and each and every cause of action contained therein, is barred, in whole or in part, because some or all of the putative class members do not have standing to bring the causes of action alleged in the Complaint.

## SEVENTEENTH DEFENSE

### (No Reliance)

The Complaint, and each and every cause of action set forth therein, is barred, in whole or in part, because Plaintiffs and other members of the putative class did not rely on any alleged misrepresentations or omissions by Defendant Simonelli.

## EIGHTEENTH DEFENSE

### (Reliance on Advice of Professionals)

The Complaint, and each and every cause of action set forth therein, is barred, in whole or in part, because at all relevant times Defendant Simonelli reasonably relied in good faith on the

18

representations, reports, expert opinions, and advice of others upon whom he was entitled to rely.

## NINETEENTH DEFENSE

### (Reliance on Senior Management)

The Complaint, and each and every cause of action set forth therein, is barred, in whole or in part, because at all relevant times Defendant Simonelli reasonably relied on senior management of C3.

## TWENTIETH DEFENSE

### (Lack of Control)

The Complaint, and each and every cause of action set forth therein, is barred, in whole or in part, to the extent that Defendant Simonelli did not control persons liable for the alleged violations.

## TWENTY-FIRST DEFENSE

### (Truth on the Market)

The Complaint, and each and every cause of action set forth therein, is barred, in whole or in part, on the grounds that some or all of the matters now alleged to be the subject of false and/or misleading statements, acts or omissions were publicly disclosed or were in the public domain, and, as such, were available to Plaintiffs, members of the putative class, and the market.

## TWENTY-SECOND DEFENSE

### (No Damages)

The Complaint, and each and every cause of action set forth therein, is barred, in whole or in part, because Plaintiffs and members of the putative class suffered no damages.

## TWENTY-THIRD DEFENSE

### (Speculative Damages)

Plaintiffs' damages, if any, are speculative and thus not recoverable.

## TWENTY-FOURTH DEFENSE

### (Damages Exceed Permitted Amount)

The Complaint, and each and every cause of action set forth therein, is barred, in whole or in part, to the extent that the damages sought exceed those permitted under the Private Securities Litigation Reform Act, common law, or any other applicable statute, rule, or regulation.

## TWENTY-FIFTH DEFENSE

### (Improper Class Action)

Plaintiffs' class claims are not properly the subject of a class action, including but not limited to the fact that Plaintiffs' class claims include questions of law or fact that are not common to the class.

## TWENTY-SIXTH DEFENSE

### (Improper Lead Plaintiff)

Lead Plaintiff will not fairly and adequately protect the interests of the members of the putative class, and his claims are not typical of the claims of the members of the putative class.

## TWENTY-SEVENTH DEFENSE

### (Additional Defenses, Cross-Claims and Third-Party Claims)

Defendant Simonelli reserves the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein, of which he may become aware through discovery or other investigation.

## TWENTY-EIGHTH DEFENSE

### (Incorporation by Reference)

Defendant Simonelli hereby adopts and incorporates by reference any and all other affirmative defenses to be asserted by any other defendant in this action to the extent that he may share in such affirmative defenses.

WHEREFORE, Defendant Simonelli respectfully requests that the Court dismiss Plaintiffs' claims against him, award costs, disbursements, and attorneys' fees to him, and grant such other and further relief that the Court deems just and proper.

/ /

20

Date:  April 9, 2026

Respectfully submitted,

**SIDLEY AUSTIN LLP**

By: *Sara B. Brody*
    Sara B. Brody (SBN 130222)
    Sarah A. Hemmendinger (SBN 298659)
    **SIDLEY AUSTIN LLP**
    555 California Street, Suite 2000
    San Francisco, CA 94104
    Telephone: (415) 772-1200
    sbrody@sidley.com
    shemmendinger@sidley.com

    Robin E. Wechkin (pro hac vice)
    **SIDLEY AUSTIN LLP**
    8426 316th Place Southeast
    Issaquah, WA 98027
    Telephone: (415) 439-1799
    rwechkin@sidley.com

    *Attorneys for Defendant Lorenzo Simonelli*

21