Harry A. Olivar, Jr. (Cal. Bar No. 143089)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
harryolivar@quinnemanuel.com

Michael B. Carlinsky (admitted *pro hac vice*)
David Myre (Cal. Bar No. 304600)
Jesse Bernstein (admitted *pro hac vice*)
Leigha Empson (admitted *pro hac vice*)
Jacob J. Waldman (admitted *pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
295 Fifth Avenue
New York, NY 10016
(212) 849-7000
michaelcarlinsky@quinnemanuel.com
davidmyre@quinnemanuel.com
jessebernstein@quinnemanuel.com
leighaempson@quinnemanuel.com
jacobwaldman@quinnemanuel.com

*Attorneys for the C3 Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE RECKSTIN FAMILY TRUST, et al., individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> C3.AI, INC., et al., <br><br> Defendants. | Case No. 4:22-cv-01413-HSG <br><br> CLASS ACTION <br><br> **THE C3 DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT** |

Defendants C3.ai, Inc. ("C3" or the "Company"), Thomas Siebel, and David Barter ("C3 Defendants"), by their undersigned attorneys, hereby answer the Third Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 198, the "Complaint") brought by Lead Plaintiff Mark Samarghandi and additional named plaintiffs Sharon L. Zavalanski, David Linder, and Elizabeth Wensel ("Plaintiffs"), dated February 14, 2025.

**GENERAL DENIAL**

The Court's Order dated March 12, 2026 (ECF No. 76, the "MTD Order") granted in part and denied in part the C3 Defendants' Motion to Dismiss the Complaint. No response is necessary to the allegations in the Complaint that have been dismissed.

To the extent that paragraphs in the Complaint are grouped under headings and subheadings (which are also listed in the Complaint's Table of Contents), the C3 Defendants respond generally that the headings and subheadings do not constitute factual averments requiring a response. To the extent that a response is deemed necessary, the C3 Defendants deny each and every heading and subheading in the Complaint.

Except as explicitly admitted herein, the C3 Defendants deny each and every allegation of the Complaint, including, without limitation, any allegation in the unnumbered paragraphs, headings, subheadings, footnotes, or the prayer for relief.

The C3 Defendants further answer the numbered paragraphs of the Complaint as follows.

## I.    NATURE OF THE ACTION

1.    To the extent the allegations in Paragraph 1 concern dismissed causes of action, they require no response. To the extent a response is required, the C3 Defendants deny the allegations in Paragraph 1, except admit that Plaintiffs purport to bring claims pursuant to the allegations in the Complaint. The C3 Defendants further state that to the extent Paragraph 1 asserts legal conclusions, no response is required.

2.    To the extent the allegations in Paragraph 2 concern dismissed causes of action, they require no response. To the extent a response is required, the C3 Defendants deny the allegations in Paragraph 2, except admit that Plaintiffs purport to bring claims pursuant to the allegations, statutes, and rules cited in the Complaint.

3.    The C3 Defendants deny the allegations in Paragraph 3, except admit that Plaintiffs purport to bring claims pursuant to the allegations, statutes, and rules cited in the Complaint.

4.    The C3 Defendants deny that the allegations in Paragraph 4 provide a complete and/or accurate description of the aspects of C3's business purportedly described.

**5.**    The C3 Defendants respectfully refer the Court to the documents referenced in Paragraph 5 for their true and correct contents and deny the allegations to the extent Plaintiffs have misstated those contents.

6.    To the extent the allegations in Paragraph 6 concern dismissed causes of action, they require no response.  To the extent a response is required, the C3 Defendants deny the allegations in Paragraph 6.  The C3 Defendants further state that to the extent Paragraph 6 asserts legal conclusions, no response is required.

7.    The C3 Defendants deny that the allegations in Paragraph 7 provide a complete and/or accurate description of the aspects of C3's business purportedly described.  The C3 Defendants respectfully refer the Court to the Registration Statement referenced in Paragraph 7 for its true and correct contents and deny the allegations to the extent Plaintiffs have misstated those contents.

8.    The C3 Defendants respectfully refer the Court to the Registration Statement referenced in Paragraph 8 for its true and correct contents and deny the allegations to the extent Plaintiffs have misstated those contents.

9.    The C3 Defendants deny the allegations in Paragraph 9.  The C3 Defendants further state that to the extent Paragraph 9 asserts legal conclusions, no response is required.

10.    The allegations in Paragraph 10 concern causes of action that have been dismissed and therefore require no response.  To the extent a response is required, the C3 Defendants deny the allegations in Paragraph 10.

11.    To the extent the allegations in Paragraph 11 concern dismissed causes of action, no response is required.  To the extent a response is required, the C3 Defendants respectfully refer the Court to the public statements on which the first and second sentences are based for their true and

correct contents and deny the allegations to the extent Plaintiffs have misstated those contents. The C3 Defendants further deny the allegations in the third sentence.

12.     The allegations in Paragraph 12 concern causes of action that have been dismissed and therefore require no response.  To the extent a response is required, Defendants deny the allegations in Paragraph 12.  The C3 Defendants further state that to the extent Paragraph 12 asserts legal conclusions, no response is required.

13.     The allegations in Paragraph 13 concern causes of action that have been dismissed and therefore require no response.  To the extent a response is required, the C3 Defendants deny the allegations in the first two sentences of Paragraph 13; admit the allegations in the third sentence of Paragraph 13; respectfully refer the Court to the Registration Statement referenced in the fourth sentence of Paragraph 13 for its true and correct contents and deny the allegations to the extent Plaintiffs have misstated those contents; and deny that the remaining sentences of Paragraph 13 provide a complete and/or accurate description of the results and stock price movement described.

14.     The allegations in Paragraph 14 concern causes of action that have been dismissed and therefore require no response.  To the extent a response is required, the C3 Defendants deny the allegations in Paragraph 14.

15.     The C3 Defendants deny the allegations in the first sentence of Paragraph 15 and respectfully refer the Court to the statements by Mr. Siebel referenced in Paragraph 15 for their true and correct contents and deny the allegations to the extent Plaintiffs have misstated those contents.

16.     The Defendants deny the allegations in the first sentence of Paragraph 16 and respectfully refer the Court to the analyst report referenced in Paragraph 16 for its true and correct contents and deny the allegations to the extent Plaintiffs have misstated those contents.

17.     The C3 Defendants respectfully refer the Court to publicly available stock price information for its true and correct contents and deny the allegations to the extent Plaintiffs have misstated those contents.

18.     The C3 Defendants deny the allegations in Paragraph 18.  The C3 Defendants further state that to the extent Paragraph 18 asserts legal conclusions, no response is required.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

## II.    SUMMARY OF AMENDMENTS

19.    The C3 Defendants respectfully refer the Court to the Opinion referenced in Paragraph 19 for its true and correct contents and deny the allegations to the extent Plaintiffs have misstated those contents.  The C3 Defendants deny the allegations in the last sentence of Paragraph 19.

20.    The allegations in Paragraph 20 concern causes of action that have been dismissed and therefore require no response.  To the extent a response is required, the C3 Defendants deny the allegations in Paragraph 20.

21.    The allegations in Paragraph 21 concern causes of action that have been dismissed and therefore require no response.  To the extent a response is required, the C3 Defendants deny the allegations in Paragraph 21, except respectfully refer the Court to the publicly available information concerning Siebel's stock sales referenced in Paragraph 21 and deny the allegations to the extent Plaintiffs have misstated those contents.

22.    The allegations in Paragraph 22 concern causes of action that have been dismissed and therefore require no response.  To the extent a response is required, the C3 Defendants deny the allegations in Paragraph 22.

23.    The allegations in Paragraph 23 concern causes of action and a defendant that have been dismissed and therefore require no response.  To the extent a response is required, the C3 Defendants deny the allegations in Paragraph 23.  The C3 Defendants further state that to the extent Paragraph 23 asserts legal conclusions, no response is required.

24.    The allegations in Paragraph 24 merely describe the contents of the Third Amended Complaint and therefore require no response.  To the extent Paragraph 24 is intended to allege or imply wrongdoing on the part of the C3 Defendants, the C3 Defendants deny the allegations in Paragraph 24.

## III.    JURISDICTION AND VENUE

25.    The C3 Defendants deny the allegations in Paragraph 25, except admit that Plaintiffs purport to bring this action pursuant to the statutes and rules cited therein.  To the extent allegations in Paragraph 25 concern causes of action that have been dismissed, no response is required.

-4-    Case No. 4:22-cv-01413-HSG
DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

26.     The C3 Defendants deny the allegations in Paragraph 26, except admit that Plaintiffs purport to bring this action pursuant to the statutes and rules cited therein.  To the extent allegations in Paragraph 26 concern causes of action that have been dismissed, no response is required.

27.     The C3 Defendants deny the allegations in the first sentence of Paragraph 27.  The C3 Defendants admit the allegations in the second sentence of Paragraph 27, except deny the allegations in the second sentence to the extent they are intended to allege or imply wrongdoing on the part of the C3 Defendants.

28.     The C3 Defendants state that the allegations of Paragraph 28 purport to state legal conclusions and do not require a response.  To the extent a response is required, the C3 Defendants deny the allegations in Paragraph 28.

### IV.     PARTIES

#### A.     Lead Plaintiff

29.     The C3 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 29.  The C3 Defendants deny the allegations in the second sentence of Paragraph 29.  The C3 Defendants further state that to the extent Paragraph 29 asserts legal conclusions, no response is required.

#### B.     Additional Plaintiffs

30.     The allegations in Paragraph 30 concern causes of action that have been dismissed and therefore require no response.  To the extent a response is required, the C3 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 30, and deny the allegations in the second sentence of Paragraph 30.  The C3 Defendants further state that to the extent Paragraph 30 asserts legal conclusions, no response is required.

31.     The allegations in Paragraph 31 concern causes of action that have been dismissed and therefore require no response.  To the extent a response is required, the C3 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 31, and deny the allegations in the second sentence of Paragraph 31.  The

C3 Defendants further state that to the extent Paragraph 31 asserts legal conclusions, no response is required.

32.   The C3 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 32.  The C3 Defendants deny the allegations in the second sentence of Paragraph 32.  The C3 Defendants further state that to the extent Paragraph 32 asserts legal conclusions, no response is required.

C.     **Corporate Defendants**

33.   The C3 Defendants admit the allegations in the first sentence of Paragraph 33.  The C3 Defendants further admit that C3's common stock trades under the trading symbol "AI."  The C3 Defendants state that the allegations in the second sentence of Paragraph 33 purport to state legal conclusions and do not require a response.

34.   The allegations in Paragraph 34 concern a defendant that has been dismissed and therefore require no response.  To the extent a response is required, the C3 Defendants deny the allegations in the first sentence of Paragraph 34.  The C3 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 34.  The C3 Defendants respectfully refer the Court to the contract referenced in the third sentence of Paragraph 34 for its true and correct contents and deny the allegations to the extent Plaintiffs have misstated those contents.  The allegations in the fourth and fifth sentences of Paragraph 34 concern causes of action that have been dismissed and therefore require no response.  To the extent a response is required, the C3 Defendants deny the allegations in the fourth sentence of Paragraph 34.  The C3 Defendants further state that to the extent Paragraph 34 asserts legal conclusions, no response is required.

D.     **Individual Defendants**

35.   The C3 Defendants admit the allegations in Paragraph 35, except state that Mr. Siebel is now Executive Chairman and no longer CEO.

36.   The allegations in Paragraph 36 concern a defendant that has been dismissed and therefore require no response.  To the extent a response is required, the C3 Defendants: admit the allegations in the first two sentences of Paragraph  36, except state that Mr. Abbo is currently

Executive Vice President, and not President, of C3; respectfully refer the Court to the Registration Statement and article referenced in the third and fourth sentences of Paragraph 36 for their true and correct contents; deny the allegations to the extent Plaintiffs have misstated those contents; and deny the allegations in the fifth sentence of Paragraph 36. The C3 Defendants further state that to the extent Paragraph 36 asserts legal conclusions, no response is required.

37.    The C3 Defendants admit the allegations in Paragraph 37.

38.    The C3 Defendants admit the allegations in the first three sentences and final sentence of Paragraph 38. The C3 Defendants respectfully refer the Court to the Registration Statement referenced in Paragraph 38 for its true and correct contents and deny the allegations to the extent Plaintiffs have misstated those contents.

39.    The C3 Defendants state that the allegations of Paragraph 39 purport to state legal conclusions and do not require a response. To the extent a response is required, the C3 Defendants deny the allegations in Paragraph 39.

40.    Paragraph 40 merely defines a term and therefore requires no response. To the extent the allegations in Paragraph 40 are meant to allege or imply that the C3 Defendants committed any wrongdoing, the C3 Defendants deny the allegations in Paragraph 40.

E.    **Relevant Non-Parties**

    **1.    Former Employees of C3**

41.    The C3 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

**V.    FACTUAL BACKGROUND**

A.    **Artificial Intelligence**

42.    The C3 Defendants deny that the allegations in Paragraph 42 provide a complete and/or accurate description of the purpose or function of artificial intelligence, including because Plaintiffs' statements are general and incomplete.

43.    The C3 Defendants deny that the allegations in the first three sentences of Paragraph 43 provide a complete and/or accurate description of "Enterprise" AI software, including because Plaintiffs' statements are general and incomplete. The fourth and fifth sentences of Paragraph 43

-7-                                    Case No. 4:22-cv-01413-HSG

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

appear to refer to statements made in the Registration Statement at issue in this action, and the C3 Defendants respectfully refer the Court to the Registration Statement for its true and correct contents and deny the allegations to the extent Plaintiffs have misstated those contents.

**B.    Background on C3**

44.    The C3 Defendants admit the allegations in the first and third sentences of Paragraph 44. The C3 Defendants deny the allegations in the second sentence of Paragraph 44.

45.    The C3 Defendants admit the allegations in Paragraph 45.

46.    The C3 Defendants deny the allegations in the first and third sentences of Paragraph 46. The C3 Defendants deny that the allegations in the second sentence of Paragraph 46 provide a complete and/or accurate description of the aspects of C3's business purportedly described.  The C3 Defendants admit the allegations in the fourth sentence of Paragraph 46.

47.    The C3 Defendants deny that the allegations in Paragraph 47 provide a complete and/or accurate description of the aspects of C3's business purportedly described.

48.    The C3 Defendants admit the allegations in the first three sentences of Paragraph 48. The C3 Defendants deny the allegations in the last sentence of Paragraph 48.

49.    The C3 Defendants admit the allegations in the first sentence of Paragraph 49.  The C3 Defendants deny that the allegations in the second and third sentences of Paragraph 49 provide a complete and/or accurate description of the aspects of C3's business purportedly described.  The C3 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 49.  The C3 Defendants deny that the allegations in the remaining sentences of Paragraph 49 provide a complete and/or accurate description of the matters purportedly described.

**C.    Background on the Baker Hughes / C3 Joint Venture**

50.    The C3 Defendants admit the allegations in the first two sentences of Paragraph 50. The C3 Defendants respectfully refer the Court to the agreement referenced in the remaining sentences of Paragraph 50 for its true and correct contents and deny the allegations to the extent Plaintiffs have misstated those contents.

51.    The C3 Defendants respectfully refer the Court to the agreement referenced in Paragraph 51 for its true and correct contents and deny the allegations to the extent Plaintiffs have misstated those contents.

52.    To the extent the allegations in Paragraph 52 concern dismissed causes of action, they require no response.  To the extent a response is required, the C3 Defendants respectfully refer the Court to the agreement referenced in Paragraph 52 for its true and correct contents and deny the allegations to the extent Plaintiffs have misstated those contents.

53.    The C3 Defendants admit the allegations in the first sentence of Paragraph 53, except state that the purchases occurred in June 2019 and not June 2020.  The C3 Defendants deny the allegations in the second sentence of Paragraph 53 as an incomplete description of the reasons for Mr. Simonelli's appointment to the C3 board of directors.

54.    The C3 Defendants admit the allegations in Paragraph 54.

55.    The allegations in Paragraph 55 concern causes of action that have been dismissed and therefore require no response.  To the extent a response is required, the C3 Defendants deny the allegations in the first sentence of Paragraph 55, and respectfully refer the Court to the public statements by Siebel referenced in Paragraph 55 for their true and correct contents and deny the allegations to the extent Plaintiffs have misstated those contents.

56.    The C3 Defendants lack knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 56.

57.    To the extent the allegations in Paragraph 57 concern dismissed causes of action, they require no response.  To the extent a response is required, the C3 Defendants deny the allegations in Paragraph 57, except respectfully refer the Court to the referenced article for its true and correct contents and deny the allegations to the extent Plaintiffs have misstated those contents.

58.    To the extent the allegations in Paragraph 58 concern dismissed causes of action, they require no response.  To the extent a response is required, the C3 Defendants respectfully refer the Court to the interview referenced in Paragraph 58 for its true and correct contents, and deny the allegations to the extent Plaintiffs have misstated those contents.

59.     To the extent the allegations in Paragraph 59 concern dismissed causes of action, they require no response.  To the extent a response is required, the C3 Defendants respectfully refer the Court to the interview referenced in Paragraph 58 for its true and correct contents, and deny the allegations to the extent Plaintiffs have misstated those contents.

60.     To the extent the allegations in Paragraph 60 concern dismissed causes of action, they require no response.  To the extent a response is required, the C3 Defendants respectfully refer the Court to the interview referenced in Paragraph 60 for its true and correct contents and deny the allegations to the extent Plaintiffs have misstated those contents.

61.     The C3 Defendants admit the allegations in Paragraph 61.

**VI.     SECURITIES ACT MISLEADING STATEMENTS AND OMISSIONS**

62.     The C3 Defendants deny the allegations in Paragraph 62.  The C3 Defendants further state that to the extent Paragraph 62 asserts legal conclusions, no response is required.

63.     The C3 Defendants respectfully refer the Court to the Registration Statement and amendments thereto referenced in Paragraph 63 for their true and correct contents and deny the allegations to the extent Plaintiffs have misstated those contents.

64.     The C3 Defendants admit the allegations in the first sentence of Paragraph 64.  With respect to the second sentence of Paragraph 64, the C3 Defendants respectfully refer the Court to the Registration Statement and Form 424B4 for their true and correct contents and deny the allegations to the extent Plaintiffs have misstated those contents.

65.     The C3 Defendants respectfully refer the Court to the Registration Statement and amendments thereto referenced in Paragraph 65 for their true and correct contents and deny the allegations to the extent Plaintiffs have misstated those contents.

66.     The C3 Defendants respectfully refer the Court to the Registration Statement referenced in Paragraph 66 for its true and correct contents and deny the allegations to the extent Plaintiffs have misstated those contents.

67.     The C3 Defendants deny the allegations in Paragraph 67.

## VII.   CLASS ALLEGATIONS FOR THE SECURITIES ACT CLAIMS

68.   The C3 Defendants state that Paragraph 68 is a characterization of the Complaint to which no response is required.  To the extent Paragraph 68 is meant to allege or imply wrongdoing on the part of the C3 Defendants, the C3 Defendants deny the allegations in Paragraph 68.

69.   The C3 Defendants state that Paragraph 69 is a characterization of the Complaint to which no response is required.  To the extent Paragraph 69 contains factual allegations to which a response is required, the C3 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.  The C3 Defendants further state that to the extent Paragraph 69 asserts legal conclusions, no response is required.

70.   The C3 Defendants deny the allegations in Paragraph 70.  The C3 Defendants further state that to the extent Paragraph 70 asserts legal conclusions, no response is required.

71.   The C3 Defendants deny the allegations in Paragraph 71.  The C3 Defendants further state that to the extent Paragraph 71 asserts legal conclusions, no response is required.

72.   The C3 Defendants deny the allegations in Paragraph 72.  The C3 Defendants further state that to the extent Paragraph 72 asserts legal conclusions, no response is required.

73.   The C3 Defendants deny the allegations in Paragraph 73.  The C3 Defendants further state that to the extent Paragraph 73 asserts legal conclusions, no response is required.

## VIII.   CLAIMS BROUGHT PURSUANT TO THE SECURITIES ACT

### COUNT I
**Violations of Section 11 of the Securities Act Against Defendants
C3.ai Simonelli, Siebel, and Barter**

74.   The C3 Defendants repeat and incorporate each response above as if fully set forth herein.

75.   The first sentence of Paragraph 75 purports to describe this action and does not require a response.  To the extent the first sentence of Paragraph 75 is meant to allege or imply wrongdoing on the part of the C3 Defendants, the C3 Defendants deny the allegations.  The second sentence of Paragraph 75 calls for a legal conclusion and therefore requires no response.

76.   The C3 Defendants deny the allegations in Paragraph 76.  The C3 Defendants further state that to the extent Paragraph 76 asserts legal conclusions, no response is required.

77.    The C3 Defendants deny the allegations in Paragraph 77. The C3 Defendants further state that to the extent Paragraph 77 asserts legal conclusions, no response is required.

78.    The C3 Defendants deny the allegations in Paragraph 78. The C3 Defendants further state that to the extent Paragraph 78 asserts legal conclusions, no response is required.

79.    The C3 Defendants deny the allegations in Paragraph 79. The C3 Defendants further state that to the extent Paragraph 79 asserts legal conclusions, no response is required.

80.    The C3 Defendants deny the allegations in Paragraph 80. The C3 Defendants further state that to the extent Paragraph 80 asserts legal conclusions, no response is required.

81.    The C3 Defendants deny the allegations in Paragraph 81. The C3 Defendants further state that to the extent Paragraph 81 asserts legal conclusions, no response is required.

82.    The C3 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82. The C3 Defendants further state that to the extent Paragraph 82 asserts legal conclusions, no response is required.

83.    The C3 Defendants deny the allegations in Paragraph 83. The C3 Defendants further state that to the extent Paragraph 83 asserts legal conclusions, no response is required.

84.    The C3 Defendants deny the allegations in Paragraph 84. The C3 Defendants further state that to the extent Paragraph 84 asserts legal conclusions, no response is required.

85.    The C3 Defendants deny the allegations in Paragraph 85. The C3 Defendants further state that to the extent Paragraph 85 asserts legal conclusions, no response is required.

**COUNT II**
**Violations of Section 15 of the Securities Act**
**Against Baker Hughes, Siebel, Abbo, Barter, and Simonelli**

86.    The C3 Defendants repeat and incorporate each response above as if fully set forth herein.

87.    The first sentence of Paragraph 87 purports to describe this action and does not require a response. To the extent the first sentence of Paragraph 87 is meant to allege or imply wrongdoing on the part of the C3 Defendants, the C3 Defendants deny the allegations. The second sentence of Paragraph 87 calls for a legal conclusion and therefore requires no response. To the

extent a response is required, the C3 Defendants deny the allegations in the second sentence of Paragraph 87.

88.     Paragraph 88 calls for a legal conclusion and therefore requires no response. To the extent a response is required, the C3 Defendants deny the allegations in Paragraph 88.

89.     The allegations in Paragraph 89 concern a defendant that has been dismissed and therefore require no response. To the extent a response is required, the C3 Defendants deny the allegations in the first sentence of Paragraph 89 as an incomplete description of the reasons for Mr. Simonelli's appointment to the C3 board of directors, and deny the allegations in the second sentence of Paragraph 89.

90.     The C3 Defendants deny the allegations in the first sentence of Paragraph 90. With respect to the second sentence of Paragraph 90, the C3 Defendants respectfully refer the Court to the Registration Statement for its true and correct contents, and deny the allegations to the extent Plaintiffs have misstated those contents. The C3 Defendants further state that to the extent Paragraph 90 asserts legal conclusions, no response is required.

91.     The C3 Defendants deny the allegations in Paragraph 91. The C3 Defendants further state that to the extent Paragraph 91 asserts legal conclusions, no response is required.

92.     The C3 Defendants deny the allegations in Paragraph 92. The C3 Defendants further state that to the extent Paragraph 92 asserts legal conclusions, no response is required.

93.     The C3 Defendants deny the allegations in Paragraph 93. The C3 Defendants further state that to the extent Paragraph 93 asserts legal conclusions, no response is required.

## IX.     THE EXCHANGE ACT FRAUDULENT CONDUCT DURING THE CLASS PERIOD

94.     The allegations in Paragraph 94 concern causes of action that have been dismissed and therefore require no response. To the extent a response is required, Paragraph 94 merely describes the action and therefore requires no response. To the extent Paragraph 94 is meant to allege or imply wrongdoing on the part of the C3 Defendants, the C3 Defendants deny the allegations in Paragraph 94.

95.    Paragraph 95 purports to describe this action and does not require a response.

A.    **Siebel's Knowledge of the Lack of Access to Baker Hughes' Full Sales Force**

96.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 96 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

B.    **The Parties Secretly Amend Agreement to Eliminate the Minimum Required FTE Sales Personnel**

97.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 97 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

98.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 98 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

99.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 99 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

**C.    The Lack of Access to Baker Hughes' Sales Personnel Forces a Risky and Ultimately Failed Reorganization of C3's Sales Team**

100.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 100 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

**D.    Exchange Act Defendants' Misleading Statements During the Class Period**

101.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 101 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

102.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 102 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

103.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 103 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

104.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 104 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

105.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 105 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

106.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 106 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

107.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 107 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

108.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 108 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to

causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

109.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 109 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

110.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 110 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

111.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 111 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

112.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 112 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

113.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 113 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act

of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

114.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 114 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

115.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 115 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

116.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 116 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

117.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 117 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

118.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 118 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

119.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 119 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

120.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 120 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

121.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 121 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

122.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 122 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to

causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

123. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 123 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

124. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 124 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

125. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 125 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

126. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 126 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

127. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 127 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act

of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

E.   **Insider Stock Sales**

   1.   **The Individual Defendants and Baker Hughes sold more than $730 million worth of C3 shares while in possession of material non-public information in violation of the Exchange Act.**

128.   Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 128 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

129.   Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 129 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

130.   Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 130 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

131.   Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 131 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These

allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

132.   Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 132 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

133.   Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 133 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

134.   Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 134 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

**2.     The Majority of the Stock Profits Came from Early Transactions That Took Place Before the Expiry of C3's Standard 180-day Lockup Agreement**

135.   Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 135 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

136.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 136 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

137.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 137 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

### 3.    The Majority of the $730 million Earned by the Individual Defendants Were from Transactions That Were Not Tied to Established 10b5-1 Plans

138.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 138 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

139.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 139 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

140.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 140 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

141.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 141 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

142.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 142 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

143.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 143 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

### X.    LOSS CAUSATION

144.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 144 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These

allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

145. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 145 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

A.      **Negative Financial Performance Proximately Caused by the Fraud**

146. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 146 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

147. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 147 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

148. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 148 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

149.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 149 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

150.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 150 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

151.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 151 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

152.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 152 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

153.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 153 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to

causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

154. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 154 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

155. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 155 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

156. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 156 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

B.    **Corrective Disclosures Regarding the Truth About C3's Salesforce**

157. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 157 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

158.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 158 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

159.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 159 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

160.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 160 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

161.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 161 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

162.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 162 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to

causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

163. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 163 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

164. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 164 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

165. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 165 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

166. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 166 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

167. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 167 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

168.   Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 168 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

169.   Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 169 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

## XI.   FURTHER ALLEGATIONS IN SUPPORT OF SCIENTER FOR THE EXCHANGE ACT CLAIMS

170.   Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 170 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

A.   **Additional Facts in Support of Defendant Siebel's Scienter**

171.   Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 171 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These

allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

172. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 172 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

173. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 173 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

174. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 174 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

175. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 175 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

176.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 176 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

177.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 177 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

178.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 178 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and [is] not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

179.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 179 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

180.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 180 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to

causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

181.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 181 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

B.    **Additional Facts in Support of Defendant Simonelli's Scienter**

182.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 182 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

183.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 183 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

184.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 184 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

185.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 185 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

## XII.    NO SAFE HARBOR

186.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 186 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

187.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 187 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

188.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 188 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

## XIII.   THE PRESUMPTION OF RELIANCE

189.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 189 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933."  These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

190.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 190 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933."  These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

191.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 191 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933."  These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

## XIV.   CLASS ALLEGATIONS FOR THE EXCHANGE ACT CLAIMS

192.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 192 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933."  These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

193.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 193 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act

of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

194.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 194 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

195.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 195 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

196.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 196 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

197.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 197 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

198.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 198 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

199.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 199 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

200.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 200 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

## XV.    CLAIMS BROUGHT PURSUANT TO THE EXCHANGE ACT
### COUNT III
### Violations of Section 10(b) of the Exchange Act and Rule 10b-5
### Promulgated Thereunder Against Defendants C3.ai, Siebel, and Simonelli

201.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 201 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

202.   Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 202 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

203.   Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 203 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

204.   Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 204 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

205.   Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 205 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

206.   Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 206 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to

causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

207. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 207 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

208. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 208 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

**COUNT IV**
**Violations of Section 20(a) of the Exchange Act Against**
**Defendants Siebel, Abbo, Barter, Simonelli and Baker Hughes**

209. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 209 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

210. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 210 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

211. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 211 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

212. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 212 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

213. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 213 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

214. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 214 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

215. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 215 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to

causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

**COUNT V**
**Violations of Section 20A of the Exchange Act**
**Against Defendants Siebel, Abbo, Barter, Simonelli, and Baker Hughes**

216.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 216 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

217.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 217 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

218.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 218 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

219.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 219 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

220.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 220 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

221.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 221 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

222.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 222 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

223.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 223 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

224.    Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 224 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to

causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

225. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 225 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

226. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 226 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

227. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 227 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

228. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 228 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

229. Plaintiffs have stated in Paragraph 95 that the allegations in Paragraph 229 apply solely to "the Class's claims under Section 10(b), 20(a) and 20(A) of the Securities Exchange Act

of 1934 and are not applicable to the Class's claims under the Securities Act of 1933." These allegations therefore require no response, because Plaintiffs have stated that they apply solely to causes of action that have been dismissed with prejudice, and have no application to the sole remaining causes of action arising under the Securities Act of 1933.

## **PRAYER FOR RELIEF**

The C3 Defendants deny that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief.

**WHEREFORE**, the C3 Defendants pray for judgment against Plaintiffs as follows:

A. Dismissing the entire action with prejudice;

B. Granting the C3 Defendants their reasonable costs, expenses, and attorney's fees; and

C. Awarding the C3 Defendants such other, further, and different relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

The C3 Defendants offer the following defenses in response to the allegations set forth in the Third Amended Complaint.  The C3 Defendants reserve the right to amend this Answer, to amend, modify, and/or supplement their defenses, and to plead and assert additional defenses as they become known and appropriate during the course of the litigation.  By asserting these defenses, The C3 Defendants do not concede that the C3 Defendants bear the burden of proof on any defense.  Nothing stated herein is intended, or shall be construed, as an acknowledgment that any particular issue or subject matter is relevant to the allegations.  The C3 Defendants further reserve the right to assert additional affirmative defenses or any claims, cross-claims, or counterclaims of which it becomes aware during discovery.  To the extent that any defense asserted herein or to be asserted in the future is mutually exclusive with another defense asserted herein or to be asserted in the future, such defense is asserted in the alternative to the other.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Defendants did not make false or misleading statements of material fact or omissions of material fact.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because the C3 Defendants' risk disclosures rendered any supposed misstatements or omissions immaterial.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because the C3 Defendants were under no duty or obligation to disclose any allegedly withheld information.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because any alleged damages arise from causes other than the depreciation in value of C3 stock resulting from the single remaining alleged misstatement in the Registration Statement ("negative causation").

**SIXTH AFFIRMATIVE DEFENSE**

This action may not properly be maintained as a class action.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent they are unable to trace the purchases of their C3 shares to the Registration Statement on which they base their Section 11 and Section 15 causes of action.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are limited in whole or in part because Defendants Siebel and Barter had no knowledge of or reasonable grounds to believe in the existence of any facts that allegedly support the liability of any alleged controlled person or entity.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are limited in whole or in part because the Defendants Siebel and Barter at all times had reasonable ground to believe and did believe, that the statements in the Registration Statement were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' control-person claims are limited in whole or in part because Plaintiffs cannot establish a primary violation of any laws, including Section 11 of the Securities Act of 1933, and therefore cannot establish control-person liability under Section 15.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' control-person claims are limited in whole or in part because Plaintiffs cannot establish that any C3 Defendant did control, or had the ability to control, any Defendant accused of a primary violation of Section 11 of the Securities Act of 1933, and therefore cannot establish control-person liability.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to attorneys' fees, costs, expenses, or any other damages or relief.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because certain alleged misstatements were forward-looking, prospective statements accompanied by meaningful cautionary language, contingency warnings, and/or risk disclosures and are not actionable under the bespeaks caution doctrine.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because, assuming there was any untruth or omission as alleged in the Complaint (and the C3 Defendants deny there was any), Plaintiffs knew or should have known of such untruth or omission.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The C3 Defendants are not liable because any allegedly untrue statement of material fact, omissions of material fact, misleading statements, or other actions allegedly taken by the C3 Defendants were not material to the investment decisions of Plaintiffs.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The C3 Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, because the purported misrepresentations and omissions alleged in the complaint did not affect the market price.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs suffered damages, if at all, such damages must be offset by Plaintiffs' gains.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert their claims.

**NINETEENTH AFFIRMATIVE DEFENSE**

The C3 Defendants are not liable because Plaintiffs' losses, if any, should be reduced, diminished, and/or eliminated under the proportionate liability provisions of the securities laws to reflect only the C3 Defendants' percentage of responsibility, if any.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are speculative or uncertain and therefore not recoverable.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or repose, and/or the doctrines of estoppel, laches, and waiver.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The C3 Defendants hereby adopt and incorporate by reference any and all other defenses asserted, or that may hereafter be asserted, by any other defendant in this action to the extent that such defenses are applicable to the C3 Defendants.

DATED:  April 9, 2026

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ Harry A. Olivar, Jr.*
Harry A. Olivar, Jr. (Cal. Bar No. 143089)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
harryolivar@quinnemanuel.com

Michael B. Carlinsky (admitted *pro hac vice*)
David Myre (Cal. Bar No. 304600)
Jesse Bernstein (admitted *pro hac vice*)
Leigha Empson (admitted *pro hac vice*)
Jacob J. Waldman (admitted *pro hac vice*)
295 Fifth Ave.
New York, NY 10016
(212) 849-7000
michaelcarlinsky@quinnemanuel.com
davidmyre@quinnemanuel.com
jessebernstein@quinnemanuel.com
leighaempson@quinnemanuel.com
jacobwaldman@quinnemanuel.com

*Attorneys for the C3 Defendants*